IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHERYL H. FRAZIER, | ) | |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| CHERYL H. FRAZIER | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 1:07mc3379-MHT |
| | ) | |
| ACCREDITED HOME LENDERS, | ) | |
| INC., | ) | |
| | ) | |
|     Defendant. | ) | |

ORDER

By order entered on December 11, 2007 (doc. no. 6),
plaintiff Cheryl H. Frazier was ordered to show cause, if
any there be, in writing by January 2, 2008, as to why
defendant Accredited Home Lenders, Inc.'s motion for
withdrawal of reference (doc. no. 1) should not be
granted.  Frazier responded on December 20, 2007 (doc.
no. 13), informing the court that she has no objection to

said motion.  Accordingly, it is ORDERED that defendant Accredited Home Lenders, Inc.'s motion for withdrawal of reference (doc. no. 1) is granted.

The clerks of the bankruptcy court and this court are DIRECTED to take all steps necessary to transfer the adversary proceeding (bankruptcy case no. 07-1112) to the United States District Court for the Middle District of Alabama.

The on-the-record telephone conference is to remain as set for January 9, 2008, at 10:00 a.m., to discuss how to proceed in the now-removed adversary proceeding. Counsel for defendant Accredited Home Lenders, Inc. is to arrange for the status conference to be conducted by telephone.

DONE this 2nd day of January, 2008.


     /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **CHAPTER 13 BANKRUPTCY** |
| **CHERYL HALL FRAZIER,** | ) | **CASE NO.: 07-10074** |
| **XXX-XX-7509** | ) | |
| | ) | |
| **DEBTOR,** | ) | |

_____

| | | |
|---|---|---|
| **CHERYL HALL FRAZIER** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | )**AP NO.:**_____ |
| | ) | |
| **ACCREDITED HOME LENDERS** | ) | |
| **INC., d/b/a HOME FUNDS DIRECT** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**COMPLAINT**

NOW COMES Plaintiff, CHERYL HALL FRAZIER, individually for complaint against Defendant asserts as follows:

**INTRODUCTION**

1.    This complaint is filed under the Truth-In-Lending Act (TILA) 15 U.S.C. §§ 1601 et seq. ("TILA" and "HOEPA") to enforce the plaintiff's right to rescind a consumer credit transaction, to void the Defendant's security interest in the Plaintiff's home, and to recover statutory damages, enhanced HOEPA damages, reasonable attorney's fees and costs by reason of the Defendant's violations of the Act and Regulation Z, 12 C.F.R. 226 (hereinafter called "Regulation Z").

**JURISDICTION AND VENUE**

2.    Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C.  §§

1

1331, 1334, 1337.

## PARTIES

3.      The Plaintiff, Cheryl H. Frazier, is a natural person, residing at 105 TV Road, Dothan, Alabama.

4.      The Defendant, Accredited Home Lenders, Inc. d/b/a Home Funds Direct, ("Accredited" or "Defendant") is a California corporation that does business in this district.

5.      The Defendant, Accredited Home Lenders, Inc. will be served by mailing a copy of the summons and complaint to their registered agent at Paracorp Incorporated, 2724 10th Ave., Huntsville, AL 35805.

6.      At all times relevant hereto, Accredited, in the ordinary course of business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or by written agreement which is payable in more than four installments.

## FACTUAL ALLEGATIONS

7.      On March 25th 2005, Plaintiff entered into a consumer transaction with Defendant in which it extended consumer credit that was subject to a finance charge and which was payable to Defendant.

8.      As part of this consumer credit transaction, the Defendant retained a security interest in 105 TV Road, Dothan AL 36301, which is used as the principal dwelling of the Plaintiff.

9.      Accredited is a residential real estate lender based in California which originates residential real estate loans in several states, including Alabama.  Accredited uses various settlement agents to close its loans.

2

10.     At all times relevant herein the settlement agent was, on information and belief, acting at the direction of or was the agent of Accredited.

11.     The settlement agent performed a variety of settlement services for Accredited for which it was paid a closing fee of $275.00 by the Plaintiff. This fee is dictated by Accredited in its closing instructions and is passed along to the borrower as part of the closing costs. The closing fee is disclosed for TILA purposes as part of the "Finance Charge." The fee paid to the settlement agent for its services is disclosed, pursuant to federal law, on Line 1101 of the applicable HUD Settlement Statement. Additionally the settlement agent is a title insurance agent for Transnation.   With regard to the Plaintiff's loan, the settlement agent sold title insurance on behalf of Transnation and was paid a commission on the same.

12.     For loans such as the Plaintiff's loan, the settlement agent does not hold closings in its office, or any other office traditionally used for closings. The closings are administered by a notary hired by the settlement agent whose only role is to deliver the necessary documents to the borrowers and obtain the appropriate signatures.

13.     Under applicable federal law, Defendant is allowed to pass along the fees paid to third parties who are hired to perform settlement services, provided those costs are *bona fide*, reasonable, necessary and clearly and conspicuously disclosed and itemized on the HUD Settlement Statement. Settlement costs associated with title services must be set out on Lines 1101 through 1113 of the Settlement Statement.

14.     Furthermore the settlement agent and Accredited are required to separately list and itemize each of these charges including any commission earned for the sale of title insurance and services provided in connection therewith.

15.    For each loan, Accredited prepares and provides to the settlement agent "Closing Instructions" which set out the amounts to be included in the HUD-1 Settlement Statement for the various fees. Many of these fees are marked up in violation of the Real Estate Services Act (RESPA). Each of the marked-up fees included on the Settlement Statement prepared by the settlement agent were dictated by the Closing Instructions promulgated by Accredited.

**Title Search and Abstracting**

16.    The settlement agent and Accredited, through its Closing Instructions, as a matter of course charge borrowers fees for title searching, abstracting, and title examination in excess of the amounts actually paid to third parties for those services in violation of applicable federal law.

**Title Insurance Premiums and Recording Fees**

17.    Pursuant to federal law, the amount paid by a borrower for title insurance required by the lender must be reflected on Line 1108 of the Settlement Statement.  The amount that may be charged in premium for title insurance, including any commission, is set by the Alabama Insurance Department. The charges for title insurance premiums can not exceed that filed rate. The amounts charged for title insurance are dictated by Accredited in its Closing Instructions.

18.    On information and belief, the amount charged for title insurance by Defendant exceeded the filed rate approved by the Alabama Insurance Department and is another illegal markup.

19.    Federal law allows the recording costs to be passed along to the borrower, provided those costs are clearly and conspicuously reflected in the Settlement Statement and do not exceed the amounts actually paid to the government entity for recording.  Those charges must be set out in Lines 1201 and 1202 of the HUD.

20.    The recording fee charge herein was excessive as shown below.

**The Plaintiff's' Loan**

21.     On March 25, 2005, Plaintiff's loan was closed and Plaintiff executed all those documents necessary to obtain the loan and refinance the debt then due and owing and secured by her home.

22.     In connection with Plaintiff's loan, the settlement agent obtained a title search and abstract from a separate company which upon information and belief rendered a full title report. The amount charged to Plaintiff for those services was $200.00 for "Abstract or Title Search" (Line 1102) plus $250.00 for "Title Examination" (Line 1103). Upon information and belief, the actual costs of these services did not exceed $125, but in any event were much lower than the $450 amount charged for those services.

23.     Plaintiff's Settlement Statement also reflected, in Line 1201, a charge of $120. The recording fee actually incurred was $55.50. Therefore, Plaintiff was charged $64.50 above what was actually paid to the probate court for recording fees.

24.     Plaintiff was charged $221.00 for title insurance, as reflected on Line 1108 of the Settlement Statement.  However, upon information and belief, the true cost of the insurance and the amount mandated by the Alabama Department of Insurance was $161.00

25.     Plaintiff was also charged, on Line 1111, $50.00 for "endorsements." Upon information and belief, this charge does not relate to any separate service, is completely unearned, should have been included in the Settlement Fee reflected in Line 1101 and included in the "finance charge."

26.     The fact that the charges reflected in Lines 1102, 1103, 1108, 1111, and 1201 exceeded the actual costs of the services actually provided was unknown to Plaintiff.  The fact that those charges were marked up, illegal, excessive and otherwise improper, was unknown to,

and  unknowable by, Plaintiff because the actual costs for providing or obtaining the services were not available to or discoverable by her and Defendant actively deceived Plaintiff about who was providing these services and the fact that she was being defrauded. The unknown and inherently unknowable nature of the unlawful charges did not give Plaintiff any reason to inquire, investigate or discover the wrongdoing. As a practical reality, it was impossible for Plaintiff to detect Defendant's unlawful lending law violations.

27.     Plaintiff has acted with due diligence with respect to her rights. The facts that support her causes of action were not knowable to her until shortly before the filing of the Complaint in this action.

## RESPA  - AN OVERVIEW

28.     In the early 1970's, Congress became concerned about predatory lending practices in the housing industry, and in 1974 enacted a remedial consumer protection statute, RESPA, "to ensure that consumers throughout the Nation are . . .  protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a).

29.     As Congress has indicated, the purpose of RESPA is, *inter alia*, "to effect certain changes in the settlement process for residential real estate that will result . . .  in the elimination of . . . fees that tend to increase unnecessarily the costs of certain settlement services." 12 U.S.C. § 2601(a) and (b).

30.     Congress' desire to eliminate excessive settlement fees is manifested in Section 8 of RESPA, which prohibits kickbacks and fee-splits related to real estate settlement services as follows:

### § 2607 Prohibition Against Kickbacks and Unearned Fees

6

a)    <u>Business Referrals</u>.    No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

b)    <u>Splitting Charges</u>.    No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

31.    The United States Department of Housing and Urban Development ("HUD") has issued implementing regulations for RESPA which define "settlement service" as "any service provided in connection with a prospective or actual settlement, including . . . [the] rendering of credit reports and appraisals." 24 C.F.R. § 3500.2.

**TILA, and Reg. Z**

32.    As part of the documents which must be presented to borrowers before closings, Accredited is required by the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations ("Reg. Z") to prepare certain written disclosures to be provided before closing. Under TILA and Reg. Z, Accredited is required to clearly and conspicuously disclose the "amount financed" and the "finance charge," among other things, in connection with each loan.

33.    Under TILA and Reg. Z, lenders may exclude from the disclosed finance charge fees paid for title examination, title abstracting and title insurance only if those charges are "*bona fide*" and "reasonable." Reg. Z, § 226.4(c)(7).

34.    TILA also allows lenders to exclude fees paid for the recording of mortgages and other instruments, but only if those fees are actually paid to the governmental offices for recording. 15 U.S.C. § 1605(d)(1).

35.     Accredited was required to include as part of the finance charge the charges listed on Line 1201 on Plaintiff's Settlement Statement because it exceeds the amount that is actually paid to the government entity. However, the finance charge disclosed by Accredited did not include any portion of the "recording fee" charge.

36.     The charges listed on Lines 1102, 1103 and 1111 were also not included as part of the finance charge disclosed by Accredited. This is in violation of TILA and Reg. Z.  Those charges, purportedly for "Abstract or Title Search" and "Endorsements," were neither *bona fide* nor reasonable. Those charges were marked-up and/or split in violation of federal law. Therefore, those charges should have been included as part of the finance charge disclosed by Accredited.

37.     Likewise, the charge listed in Line 1108, purportedly for "Title Insurance" was not *bona fide* or reasonable because it exceeded the actual cost of the insurance and the amount allowed by state law. Therefore, Accredited was required by TILA and Reg. Z to include that charge as part of the disclosed finance charge but failed to do so.

38.     At all relevant times, Accredited, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

39.     With respect to Plaintiff, Accredited retained a security interest in real estate which is used by Plaintiff as her principal dwelling

40.     TILA allows recovery of damages, costs and attorneys' fees for any failure to comply with its disclosure requirements.

41.     In addition to money damages, TILA also allows for rescission, under certain circumstances, for failure to provide material disclosures or other violations.

42.     Accredited is a "creditor" as that term is defined at 15 U.S.C. § 1602(f).

8

43.     As part of the closing and settlement process for a residential mortgage loan, The settlement agent is requested by lenders as a matter of course to perform certain settlement services with respect to each borrower.

44.     The settlement agent, as a matter of course, obtains many of these settlement services from third party vendors.

45.     On the HUD-1 settlement statement, the settlement agent shows charges to the borrower for these settlement services as part of the borrower's closing costs the charges were collected from the plaintiff.

46.     The charges shown on the HUD-1 and paid by the plaintiff are inflated, duplicative and/or marked up by the Defendant.

47.     These settlement services are provided to Defendant by the third party providers and Defendant does not perform any additional services related to such settlement services obtained and, accordingly, the additional fees being charged by Accredited for said services unearned and are for "other than for services actually performed."

48.     Accredited, therefore, charged Plaintiff excessive and unearned fees for settlement services.

49.     Defendant's acceptance of excessive and unearned fees from its customers is in direct violation of RESPA and, depending upon the precise payment arrangements between Accredited and the third party providers, Defendant's conduct represents either an illegal "markup/fee split" or an illegal "kickback" under RESPA.  Plaintiff, accordingly, pleads in the alternative.

9

50.    Plaintiff obtained a home mortgage loan from Accredited which closed on or about March 25th 2005. As reflected on Plaintiff's HUD-1 Settlement Statement, Defendant charged and collected from Plaintiff unearned fees for settlement services and recording fees.

51.    As set forth above, various settlement services were actually obtained from third party providers and the actual cost was marked up and charged to Plaintiff. Also, the charges for recording fees were inflated and marked up. The higher charges imposed upon Plaintiff by Defendant represented mark-ups of the true cost for said services and recording fees and provided excess and illegal profits to Defendant.

<u>**POLICIES AND PRACTICES COMPLAINED OF**</u>

52.    Plaintiff entered into an agreement for a mortgage loan from Accredited. The loan was a consumer credit transaction and was primarily for personal, family or household purposes and was secured by the Plaintiff's dwelling.

53.    Plaintiff's loan was subject to TILA and RESPA and, on information and also qualified as a "high-cost" or HOEPA loan as specified under the qualification " triggers " at 15 U.S.C. § 1602(aa) and regulation Z, at 12 C.F.R. § 226.32, by virtue of having met the fee and cost trigger or the annual percentage rate trigger or both.

54.    HOEPA imposes special disclosure requirements on creditors when either HOEPA trigger is satisfied. HOEPA requires a special ***advance*** notice (15 U.S.C. § 1639, Regulation Z § 226.32) to prospective borrowers that must be received at least three business days ***before*** closing that must contain, since October 1, 2002, an advance disclosure of the loan's APR, Finance Charges, Amount Financed, Total of Payments and Monthly Payments. These so-called "Section 32" pre-closing notices were never sent to the Plaintiff.

55.    The specific claims made by Plaintiff are as follows:

(a)    *Violations of TILA and HOEPA for Inaccurate Finance Disclosures and Material Misstatements.* The predatory lending and mark-up scheme of Accredited violated TILA and HOEPA because of inaccurate disclosures of the APR, Finance Charges and the Amount Financed on the Plaintiff's loan and the loans of others. These inaccurate disclosures were material and give rise to actions for damages and loan rescission under TILA and HOEPA because the loan did not have the disclosures required by law. The loan violated TILA and give rise to damages and rescission under TILA, HOEPA and Regulation Z.

(b)    *Violations of TILA and HOEPA for untimely or non-existent HOEPA notices.* HOEPA requires lenders to give certain notices at least three business days prior to the closing of the loan. On information and belief, Defendant failed to give any such notice on any HOEPA loans.

(c)    *RESPA violations for illegal kick-backs, fee splits, markups above actual cost, unearned and duplicative fees.* Defendant violated RESPA by paying, charging and/or splitting unearned fees as stated herein.

## EQUITABLE ESTOPPEL, EQUITABLE TOLLING

56.    Defendant knowingly and actively misled the Plaintiff from pursuing her claims by, among other things:

(a)    Engaging in a scheme that was by its nature and design "self-concealing";

(b)    Knowingly and actively mischaracterizing and misrepresenting, *inter alia*, actual amounts paid for abstracts, title search, title examinations, notary fees, endorsement fees, title insurance and recording charges such that such non-bona fide and illegal charges were wrongfully excluded from the Finance Charges and Amount Financed used to calculate the

Annual Percentage Rate ("APR"), thereby materially misrepresenting these disclosures as well materially understating the APR;

(c)    Knowingly and actively misrepresenting the Finance Charges, the Amount Financed and APR's on the TILA Disclosure Statements provided to Plaintiff and all by, among other things, failing to include in its calculations all of the required disclosures (described above) that were not bona fide, reasonable, lawful and/or not paid to true third parties.

57.    Plaintiff exercised reasonable consumer diligence during their loan transactions and dealings with Defendant and in reviewing of their loan documentation, they could not have, nor have been reasonably expected to, uncover the true facts.

## COUNT I

58.    The consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C § 1635 and Regulation Z § 226.23 (12 C.F.R § 226.23).

59.    In the course of this consumer credit transaction, the Defendant violated 15 U.S.C § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiff two copies of the notice of the right to rescind which clearly and conspicuously disclosed the date the rescission period expired.

60.    In the course of this consumer credit transaction, the Defendant failed to deliver all "material" disclosures required by the TILA and Regulation Z, including the by the following:

a.    failing to properly and accurately disclose the "amount financed" using that term in violation of Regulation Z § 226.23(b) and 15 U.S.C § 1638(a)(2)(A);

b.    failing to clearly and accurately disclose the "finance charge" using that term in violation of Regulation Z § 226.4 and 226.18(d) and 15 U.S.C § 1638(a)(3);

c.    failing to clearly and accurately disclose the "annual percentage rate" using that term in violation of Regulation Z § 226.18(e) and 15 U.S.C § 1638(a)(4);

d.    failing to disclose that the loan was a high cost or HOEPA loan as defined by 15 U.S.C. § 1602(aa);

e.    failing to make the other disclosures required by HOEPA; and

f.    otherwise violating HOEPA by including in the mortgage terms prohibited by HOEPA.

61.    The Plaintiff has a continuing right to rescind the transaction pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

62.    On November 1, 2006, the Plaintiff rescinded the transaction by sending to the Defendant at 15090 Avenue of Science, San Diego, CA 92128 and by U.S. Mail, postage prepaid, certified mail, return receipt requested, a notice of rescission.

63.    A true and accurate copy of that notice of rescission is attached hereto, marked PLAINTIFF'S EXHIBIT A, and by this reference is incorporated herein.

64.    More than 20 calendar days have passed since the Defendant received a copy of the Plaintiff's notice of rescission.

65.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the security interest described in Paragraph 8, as required by 15 U.S.C. § 1635(b) and Regulation Z 226.23(d)(2).

66.    The Defendant has failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Regulation Z 226.23(d)(2).

67.    As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15

U.S.C. §§ 1635(a) and 1640(a), Defendant is liable to Plaintiff for:

    a.      Rescission of this transaction,

    b.      Termination of any security interest in Plaintiff's property created under the transaction,

    c.      Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction.

    d.      Twice the finance charge in connection with this transaction, but not less than $200 nor more than $2000.00.

    e.      The right to retain proceeds to vest in plaintiff.

    f.      Actual damages in an amount to be determined at trial.

    g.      A reasonable attorney's fee.

## PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully prayed that this Court:

A.  Assume jurisdiction of this case;

B.  Rescind the transaction of April 16th, 2004 between the Plaintiff and Defendant.

C.  Order Defendant to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interests void, including but not limited to the mortgage related to the transaction of April 16th, 2004 between the Plaintiff and Defendant;

D.  Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with the transaction;

E.  Award the Plaintiff twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. §

1640(a);

F.   Order that the right to retain proceeds vests in plaintiff;

G.   Award actual damages in an amount to be established at trial;

H.   Award the Plaintiff costs and a reasonable attorney's fee as provided under 15 U.S.C. § 1640(a);

I.   Award such other and further relief as the Court deems just and proper.

## COUNT II

## HOEPA VIOLATIONS

68.   Plaintiff realleges all the preceding allegations referenced as if set out here in full.

69.   As a consequence of the marking up and splitting of the charges reflected in Lines 1102, 1105, 1106, 1108, 1201, 1204 and/or 1301 those charges are "points and fees," by operation of Reg. Z, 24 C.F.R. 226.32(b), as defined under HOEPA.

70.   The Plaintiff's loan is a high rate mortgage within the meaning of HOEPA, 15 U.S.C. § 1602 (aa), because the total points and fees charge in connection with that loan exceeded 8 percent of the total loan amount.

71.   Because Plaintiff's loan meets the HOEPA definition of a high rate mortgage, the transaction was subject to additional disclosure requirements that must be provided three days in advance of the consummation of the transaction. 15 U.S.C. § 1639 (b).

72.   Defendant did not furnish the required HOEPA disclosures to Plaintiff three days prior to their settlement or at any other time.

73.   Defendant's failure to provide the required HOEPA disclosures was material.

74.   Defendant's failure to give Plaintiff the disclosures required by HOEPA three days prior to settlement violates 15 U.S.C. § 1639 (a) and (b), entitling Plaintiff to actual and

statutory damages under 15 U.S.C. § 1640 (a). In addition, such failure to provide those disclosures extends Plaintiff's right to rescind the transaction until up to three years after its consummation.

75.    Plaintiff's loan also includes a pre-payment penalty imposed by Defendant which is prohibited by operation of 15 U.S.C.§ 1639(c).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant rescinding the transaction, for damages and fees pursuant to 15 U.S.C. 1635(b) and (g); and, pursuant to 15 U.S.C. §§ 1639(j), and 1640(a), award statutory damages of as provided in 15 U.S.C. § 1640(a)(4) in the amount of all finance charges and fees paid by Plaintiff for each substantive HOEPA violation; reasonable attorney fees and costs and such other relief at law or equity as this Court may deem just and proper.

## COUNT III

## RESPA VIOLATIONS

76.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

77.    The sharing, splitting, padding and marking up of fees for settlement services as stated above constitutes the charge of unearned fees.

78.    Neither the settlement agent or the defendant herein preformed any compensable service in exchange for the disputed fees.

Wherefore Plaintiff demands judgment for three times the illegal fees as provided by that statute, including but not limited to treble damages as provided for in 12 U.S.C. § 2607(d)(2), actual damages, attorneys fees and all costs of this litigation and all other just, general and equitable relief.

Respectfully submitted September 7, 2007.

<div style="margin-left: 40%;">

s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
James D. Patterson (PATTJ6485)
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, AL 36533-0969
251-990-5558 (voice)
251-990-0626 (fax)
epunderwood@alalaw.com
jpatterson@alalaw.com

</div>

# United States Bankruptcy Court

_____ District Of_____

In re _____,  )
                     Debtor                     )    Case No. _____
                                                )
                                                )    Chapter _____
_____,         )
                    Plaintiff                   )
                                                )
             v.                                 )
_____,         )    Adv. Proc. No. _____
                   Defendant                    )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

> Address of Clerk

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

> Name and Address of Plaintiff's Attorney

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____
           *Clerk of the Bankruptcy Court*

_____     By:_____
           Date                              Deputy Clerk

# CERTIFICATE OF SERVICE

I, _____, certify that I am, and at all times during the
                                 (name)
service of process was, not less than 18 years of age and not a party to the matter concerning which service of
process was made.  I further certify that the service of this summons and a copy of the complaint was made
_____ by:
     (date)

☐ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed
to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____,
as follows: [Describe briefly]
                                                (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

_____          _____
             Date                                                                                        Signature

| Print Name |
| Business Address |
| City                              State              Zip |

The Law Offices of

# Earl P. Underwood, Jr.

21 South Section Street
Post Office Box 969
Fairhope, Alabama 36533-0969
(251) 990-5558

Earl P. Underwood, Jr.
James D. Patterson

November 1, 2006

Accredited Home Lenders, Inc.
d/b/a Home Funds Direct
15090 Avenue of Science
San Diego CA 92128

RE:    Cheryl Hall
       105 TV Road
       Dothan, AL 36301
       Rescission of Mortgage Loan dated March 25, 2005

Dear Sirs:

Cheryl Hall has authorized and instructed me to provide notice that she is hereby exercising her extended right to rescind the above referenced mortgage loan transaction pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1635 and § 1640 (TILA), Regulation Z § 226.23 (Reg. Z).

Ms. Hall's rescission voids the security interest held by Home Funds Direct and is effective immediately regardless of your response to this notice. In addition, the promissory note is also voided since it is part of the transaction and Ms. Hall has no obligation to pay any finance or other charge in connection with this transaction as these charges are canceled by operation of law.

Pursuant to the Regulation, you have twenty days after receipt of this notice of rescission to return to Ms. Hall all monies paid. Should Home Funds Direct ignore this rescission notice, it will become liable to Ms. Hall for actual and statutory damages pursuant to 15 U.S.C. § 1640(a).

Ms. Hall retained me to audit this loan and to advise her as to whether there were any breaches of contract or violations of state and federal laws. My audit revealed that Ms. Hall has an extended right to rescind this transaction due to Home Funds Direct's failure to disclose properly the Amount Financed, Finance Charge, and Annual Percentage Rate in its Truth In Lending Disclosure Statement of March 25, 2005. More to the point, Home Funds Direct understated the Finance Charge by more than $100.00 which triggers Ms. Hall's extended right to rescind this transaction.

Post Office Box 969
21 South Section Street
Fairhope, Alabama 36533-0969
Voice: (251) 990-5558
Fax: (251) 990-0626

World Wide Web Address:
http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com

### Truth In Lending Disclosure Violations

The core issue under this category concerns inaccurate statements made by Home Funds Direct to Ms. Hall in the "material disclosures" as those are defined in the Federal Truth in Lending Act, 15 U.S.C. § 1602(u)[1].

Specifically, Home Funds Direct used prepaid finance charges totaling $ 3560.50 as the basis for computing the Amount Financed, the Finance Charge and the Annual Percentage Rate in Ms. Hall's final Truth-In-Lending Disclosure Statement (TILDS) which was provided to her at settlement on March 25, 2005. However, I can say with certainty that the prepaid finance charges – and thus the Finance Charge and the Amount Financed – do not comport with the HUD-1 Settlement Statement because the fees for title related services listed in the 1100 series of the settlement statement as well as the recording fee have been marked up in violation of RESPA. Furthermore it appears that the charge for title insurance is above that allowed by Alabama law.

This difference constitutes an understatement of the Finance Charge which exceeds the $100.00 error tolerance allowed under 15 U.S.C. § 1635 and thus affords Ms. Hall her extended right to rescind this transaction.

### Tender Obligation

Normally, calculating the tender obligation of the borrower in a transaction is straightforward and mathematically precise. In this case, however, Ms. Hall's has no tender obligations because the loan at issue has been paid off.

Before any good faith negotiations can begin, however, you must fulfill your statutory obligations by canceling the security interest and returning all consideration paid by Ms. Hall within 20 days of receipt of this letter. Failing that, you will be responsible for actual and statutory damages pursuant to 15 U.S.C. § 1640(a).

Sincerely,

Earl P. Underwood, Jr.

EPUjr/dcl

---

[1] **15 U.S.C. § 1602 (u).** The term "material disclosures" means the disclosure, as required by this subchapter, of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by section 1639(a) of this title.

Post Office Box 969
21 South Section Street
Fairhope, Alabama 36533-0969
Voice: (251) 990-5558
Fax: (251) 990-0626

World Wide Web Address:
http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com

# United States Bankruptcy Court

_____ District Of_____

**In re** _____, )
<div align="center">Debtor</div> )
                                                        )     Case No. _____
                                                        )
_____, )     Chapter _____
<div align="center">Plaintiff</div> )
                                                        )
       v.                                               )
_____, )     Adv. Proc. No. _____
<div align="center">Defendant</div> )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| Address of Clerk |
|---|
|  |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
|  |

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____
<div align="center">*Clerk of the Bankruptcy Court*</div>

_____          By:_____
<div align="center">Date</div>                          <div align="center">Deputy Clerk</div>

## CERTIFICATE OF SERVICE

I, _____, certify that I am, and at all times during the
                            (name)

service of process was, not less than 18 years of age and not a party to the matter concerning which service of
process was made.  I further certify that the service of this summons and a copy of the complaint was made
_____ by:
    (date)

☐ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed
to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____,
as follows: [Describe briefly]
                                                  (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

_____       _____
              Date                                        Signature

| | |
|---|---|
| Print Name | |
| Business Address | |
| City | State      Zip |

**Additional Addresses**

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>CHERYL HALL FRAZIER | DEFENDANTS<br>ACCREDITED HOME LENDERS<br>INC., d/b/a HOME FUNDS DIRECT |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Earl P. Underwood, Jr.<br>P.O. Box 969 Fairhope, AL 36533-0969 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Truth In Lending Case 15 U.S.C. §§ 1601 et seq.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
Recission

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CHERYL HALL FRAZIER | | BANKRUPTCY CASE NO.<br>07-10074 |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Alabama | DIVISIONAL OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>5/10/07 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Earl P. Underwood, Jr. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B 260A
(8/96)

# United States Bankruptcy Court

## Middle District Of Alabama

**In re**  Cheryl H Frazier _____, )
              Debtor )  Case No. 07-10074
                       )
  Cheryl H Frazier _____, )  Chapter 13
              Plaintiff )
                       )
  Accredited Home Lenders, Inc. _____, )  Adv. Proc. No. 07-01112
              Defendant )

### SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of Clerk:

> U.S. Bankruptcy Court
> Middle District of Alabama
> P.O. Box 1248
> Montgomery, AL  36102

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:

> Earl P Underwood, Jr
> Law Offices of Earl P. Underwood, Jr.
> P.O Box 969
> 21 South Section Street
> Fairhope, AL 36533-0969

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

September 10, 2007
_____
    Date

Digitally signed by Richard Oda
DN: c=US, o=United States Bankruptcy Court, ou=summons-seal, cn=Richard Oda
Date: 2007.09.10 13:44:39 -05'00'

# CERTIFICATE OF SERVICE

I, _____ , certify that I am, and at all times during the

(name)

service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.  I further certify that the service of this summons and a copy of the complaint was made

_____ by:

(date)

| NOTE: If more space is needed, note "See Attached Page" in the appropriate box and add additional addresses to 3rd page of form. |
| --- |

☐ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of Alabama _____ ,

as follows: [Describe briefly]

(name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

_____          _____

Date                                                      Signature

Print Name:

Business Address:

**Additional Addresses**

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 1127-1          User: dsegrest          Page 1 of 1                    Date Rcvd: Sep 10, 2007
Case: 07-01112               Form ID: pdfPLA          Total Served: 1

The following entities were served by first class mail on Sep 12, 2007.
pla          +Cheryl H Frazier,   105 TV Road,   Dothan, AL 36301-5333

The following entities were served by electronic transmission.
NONE.                                                                                  TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 12, 2007**                    **Signature:**        *Joseph Speetjens*

**UNITED STATES BANKRUTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CHERYL H. FRAZIER** | ) | **CIVIL ACTION NUMBER:  07-10074** |
| XXX-XX-7509 | ) | **CHAPTER 13** |
| | ) | |
| **DEBTOR,** | ) | |

| | | |
|---|---|---|
| **CHERYL H. FRAZIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ADV. PROC. NO. 07-01112** |
| | ) | |
| **ACCREDITED HOME LENDERS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## UNOPPOSED MOTION FOR SEVEN DAY EXTENSION

Comes Now Defendant Accredited Home Lenders, Inc., d/b/a Home Funds Direct and respectfully moves the Court, unopposed, for a seven day extension of the deadline to respond to the Complaint in this matter.  As grounds for this motion, Defendant states:

1.     Counsel for Defendant has just been retained in this matter and, accordingly, Defendant's counsel has not had sufficient time to investigate this matter and prepare a response.

2.     Counsel for Defendant has contacted counsel for Plaintiff and counsel for Plaintiff has no objection to this extension.

WHEREFORE, Defendant respectfully requests that the Court grant it a seven day extension to respond to the Plaintiff's Complaint, until October 17, 2007.

Respectfully submitted,

s/ Robert E. Poundstone, IV
Robert E. Poundstone, IV
One of the Attorneys for Defendant
Accredited Home Lenders Inc.


OF COUNSEL

Robert E. Poundstone, IV
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

J. Douglas Minor, Jr.
Bradley Arant Rose & White LLP
Suite 450, One Jackson Place
188 East Capitol Street
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 09, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Earl P. Underwood, Jr.
Law Offices of Earl P. Underwood, Jr.
P.O. Box 969
21 South Section Street
Fairhope, AL 36533-0969

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

Respectfully submitted,

s/ Robert E. Poundstone, IV
Robert E. Poundstone, IV
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: bpoundstone@bradleyarant.com

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:                                        Case No. 07-10074
                                              Chapter 13

CHERYL H. FRAZIER,

     Debtor.

_____

CHERYL H. FRAZIER,

     Plaintiff,

v.                                            Adv. Proc. No. 07-01112

ACCREDITED HOME LENDERS, INC.,

     Defendant.

## ORDER GRANTING DEFENDANT'S
## MOTION FOR EXTENSION OF TIME

     Accredited Home Lenders, Inc., the defendant in this adversary proceeding, filed a motion seeking a seven day extension of time for its filing a response to the complaint.  There, the defendant asserts that the plaintiff does not oppose the extension.  Accordingly and for good cause shown, it is

     ORDERED that Accredited Home Lenders, Inc.'s motion for a seven day extension of time to file a  response to the complaint is GRANTED.

     Done this the 10th day of October, 2007.

                         /s/ Dwight H. Williams, Jr.
                         United States Bankruptcy Judge

c: Robert E. Poundstone, IV, Defendant's Attorney
   Earl P. Underwood, Jr., Plaintiff's Attorney

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CHERYL H. FRAZIER** | ) | **CIVIL ACTION NUMBER:  07-10074** |
| **XXX-XX-7509** | ) | **CHAPTER 13** |
| | ) | |
| **DEBTOR,** | ) | |

| | | |
|---|---|---|
| **CHERYL H. FRAZIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ADV. PROC. NO. 07-01112** |
| | ) | |
| **ACCREDITED HOME LENDERS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ANSWER AND DEFENSES OF
### <u>ACCREDITED HOME LENDERS, INC.</u>

**COMES NOW** Defendant Accredited Home Lenders, Inc. ("AHL") by and through its counsel of record, and hereby answers each numbered paragraph of the Plaintiffs' Original Complaint for Damages and Demand for Trial by Jury, filed in the United States Bankruptcy Court for the Middle District of Alabama ("Complaint").  Except to the extent expressly, specifically and unambiguously admitted herein, AHL denies each and every allegation contained in the Complaint and demands strict proof thereof.  AHL answers the allegations of the Complaint, paragraph by paragraph, as follows:

**FIRST DEFENSE**

The Plaintiff's Complaint has failed to state a claim upon which relief may be granted, and, therefore, these allegations should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

AHL generally denies all of the averments contained in the Complaint, and each paragraph and subparagraph thereof, except such designated averments, paragraphs, or subparagraphs, as are expressly set forth to the contrary more fully herein below pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

**THIRD DEFENSE**

AHL includes, alleges, and incorporates each and every defense available to it as set forth in Fed. R. Civ. P. 12(b)(1)-(7), and on account thereof demands that the action herein against it be dismissed.

**FOURTH DEFENSE**

Without waiving any of the above-referenced or foregoing defenses, AHL denies each and every allegation contained in the Complaint, unless specifically admitted hereafter, as follows, to-wit:

1.

Except to admit that the allegations contained in Paragraph 1 of the Complaint speak for themselves, AHL denies the allegations contained therein, and specifically denies that it has committed any violations of "Regulation Z."

## JURISDICTION AND VENUE

2.

AHL admits that jurisdiction is conferred by 28 U.S.C. § § 1331 and 1334, and denies the remaining allegations contained in Paragraph 2 of the Complaint.

## PARTIES

3.

AHL is without sufficient information or knowledge to admit or deny the allegations regarding the Plaintiff's residence, and, therefore denies the same.

4.

AHL admits the allegations contained in Paragraph 4 of the Complaint.

5.

AHL admits the allegations contained in Paragraph 5 of the Complaint.

6.

AHL admits the allegations contained in Paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7.

AHL admits the allegations contained in Paragraph 6 of the Complaint.

8.

AHL is without sufficient information or knowledge to admit or deny the allegations regarding whether 105 TV Road, Dothan AL 36301 is the Plaintiff's principal dwelling, and, therefore, denies the same.  AHL admits the remaining allegations contained in Paragraph 8 of the Complaint.

3

9.

AHL admits that it is a mortgage banker based in California which operates in several states including Alabama. AHL further admits that attorneys or settlement agents close its mortgage loans.

10.

AHL denies the allegations contained in Paragraph 10 of the Complaint.

11.

AHL admits upon information and belief that the settlement agent was paid a $275.00 fee by the plaintiff, and that the fee is disclosed on Line 1101 of the HUD Settlement Statement. AHL further admits the allegations contained in the fifth and sixth sentences of Paragraph 11. Except to admit that it made the disclosures required by TILA, AHL denies the remaining allegations contained in Paragraph 11.

12.

AHL is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint, and, therefore denies the same.

13.

AHL admits the allegations contained in Paragraph 13 of the Complaint.

14.

Paragraph 14's reference to unspecified "charges" is vague and ambiguous. AHL is therefore unable to admit or deny the allegations contained in Paragraph 14, and therefore denies the same.

15.

Except to admit that it provides settlement agents and/or closing attorneys with "Lender's Instructions," AHL denies the allegations contained in Paragraph 15 of the Complaint.

## TITLE SEARCH AND ABSTRACTING

16.

AHL denies the allegations contained in Paragraph 16 of the Complaint.

## TITLE INSURANCE PREMIUMS AND RECORDING FEES

17.

Except to admit that federal law and/or Alabama law relating to title insurance speaks for itself, AHL denies the allegations contained in Paragraph 17 of the Complaint.

18.

AHL denies the allegations contained in Paragraph 18 of the Complaint.

19.

Except to admit that federal law relating to recording costs speaks for itself, AHL denies the allegations contained in Paragraph 19 of the Complaint.

20.

AHL denies the allegations contained in Paragraph 20 of the Complaint.

## PLAINTIFF'S LOAN

21.

AHL is without sufficient information to admit or deny the allegations concerning the date on which the plaintiff executed the referenced documents, and, therefore, denies the same.

22.

AHL admits the allegations contained in the first and second sentences of Paragraph 22, but denies the remaining allegations contained therein.

23.

AHL admits the allegations contained in the first sentence of Paragraph 23, but denies the remaining allegations contained therein.

24.

AHL admits the allegations contained in the first sentence of Paragraph 24, but denies the remaining allegations contained therein.

25.

AHL admits the allegations contained in the first sentence of Paragraph 25, but denies the remaining allegations contained therein.

26.

AHL denies the allegations contained in Paragraph 26 of the Complaint.

27.

AHL denies the allegations contained in Paragraph 27 of the Complaint.

## **RESPA – AN OVERVIEW**

28.

Except to admit that the provisions of RESPA speak for themselves, AHL denies the allegations contained in Paragraph 28 of the Complaint.

29.

Except to admit that the provisions of RESPA speak for themselves, AHL denies the allegations contained in Paragraph 29 of the Complaint.

30.

Except to admit that the provisions of RESPA speak for themselves, AHL denies the allegations contained in Paragraph 30 of the Complaint.

## § 2607 PROHIBITION AGAINST KICKBACKS AND UNEARNED FEES

31.

Except to admit that HUD's regulations speak for themselves, AHL denies the allegations contained in Paragraph 31 of the Complaint.

## TILA, AND REG. Z

32.

AHL admits the allegations contained in Paragraph 32 of the Complaint.

33.

Except to admit that Reg. Z speaks for itself, AHL denies the allegations contained in Paragraph 33 of the Complaint.

34.

Except to admit that TILA speaks for itself, AHL denies the allegations contained in Paragraph 34 of the Complaint.

35.

AHL denies the allegations contained in Paragraph 35 of the Complaint.

36.

AHL denies the allegations contained in Paragraph 36 of the Complaint.

37.

AHL denies the allegations contained in Paragraph 37 of the Complaint.

38.

AHL admits the allegations contained in Paragraph 38 of the Complaint.

39.

AHL is without sufficient information or knowledge to admit or deny the allegations regarding whether 105 TV Road, Dothan AL 36301 is the Plaintiff's principal dwelling, and, therefore, denies the same. AHL admits the remaining allegations contained in Paragraph 39 of the Complaint.

40.

Except to admit that the provisions of TILA speaks for themselves, AHL denies the allegations contained in Paragraph 40 of the Complaint.

41.

Except to admit that the provisions of TILA speaks for themselves, AHL denies the allegations contained in Paragraph 41 of the Complaint.

42.

Except to admit that the provisions of TILA speaks for themselves, AHL denies the allegations contained in Paragraph 42 of the Complaint.

43.

AHL admits the allegations contained in Paragraph 43 of the Complaint.

44.

AHL is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 44 of the Complaint, and, therefore denies the same.

45.

Paragraph 45 of the Complaint is confusing as worded, and AHL, therefore, denies the allegations contained therein.

46.

AHL denies  the allegations contained in Paragraph 46 of the Complaint.

47.

AHL denies the allegations contained in Paragraph 47 of the Complaint.

48.

AHL denies the allegations contained in Paragraph 48 of the Complaint.

49.

AHL denies the allegations contained in Paragraph 49 of the Complaint.

50.

AHL admits the allegations contained in the first sentence of Paragraph 50, but denies the remaining allegations contained therein.

51.

AHL denies the allegations contained in Paragraph 50 of the Complaint.

## POLICIES AND PRACTICES COMPLAINED OF

52.

AHL is without sufficient information to admit or deny the allegations regarding the plaintiff's "purpose" in obtaining the loan, and, therefore, denies the same.  AHL admits the remaining allegations contained in Paragraph 52 of the Complaint.

53.

Except to admit that aspects of the plaintiff's loan are governed by TILA and RESPA, AHL denies the allegations contained in Paragraph 53 of the Complaint.

54.

Except to admit that the provisions of 15 U.S.C. § 1639 and Regulation Z § 226.32 speak for themselves, AHL denies the allegations contained in Paragraph 54 of the Complaint.

55.

AHL denies the allegations contained in Paragraph 55 of the Complaint, including subparagraphs (a) – (c), and specifically demands strict proof thereof.

## EQUITABLE ESTOPPEL, EQUITABLE TOLLING

56.

AHL denies the allegations contained in Paragraph 56 of the Complaint, including subparagraphs (a) – (c), and specifically demands strict proof thereof.

57.

AHL denies the allegations contained in Paragraph 57 of the Complaint.

## COUNT I

58.

Except to admit that 15 U.S.C. § 1635 and Regulation Z § 226.23 speak for themselves, AHL denies the allegations contained in Paragraph 58 of the Complaint.

59.

AHL denies the allegations contained in Paragraph 59 of the Complaint.

60.

AHL denies the allegations contained in Paragraph 60 of the Complaint, including subparagraphs a. – f., and demands strict proof thereof.

61.

AHL denies the allegations contained in Paragraph 61 of the Complaint.

62.

AHL denies the allegations contained in Paragraph 62 of the Complaint.

63.

AHL denies the allegations contained in Paragraph 63 of the Complaint, and specifically denies that the complaint in its possession includes an Exhibit A.

64.

AHL denies the allegations contained in Paragraph 64 of the Complaint.

65.

AHL admits the allegations contained in Paragraph 65 of the Complaint, but specifically denies that it has failed to satisfy any requirements set forth in 15 U.S.C § 1635(b) and/or Regulation Z 226.23(d)(2).

66.

AHL admits the allegations contained in Paragraph 66 of the Complaint, but specifically denies that it has failed to satisfy any requirements set forth in 15 U.S.C § 1635(b) and/or Regulation Z 226.23(d)(2).

67.

AHL denies the allegations contained in Paragraph 67 of the Complaint, and specifically denies that has committed and/or is liable for any of the allegations in subparagraphs a. – g.

**PRAYER FOR RELIEF**

Further, AHL denies the allegations contained in the Paragraph beginning "Prayer for Relief", and denies that the plaintiff is entitled to any relief whatsoever.

**COUNT II – HOEPA VIOLATIONS**

68.

AHL incorporates its denials in the preceding Paragraphs.

69.

AHL denies the allegations contained in Paragraph 69 of the Complaint.

70.

AHL denies the allegations contained in Paragraph 70 of the Complaint.

71.

AHL denies the allegations contained in Paragraph 71 of the Complaint.

72.

The allegations contained in Paragraph 72 do not specify or detail the disclosures the plaintiff contends were not provided to her.  AHL is therefore without sufficient information to admit or deny the allegation, and, therefore, denies the same.

73.

The allegations contained in Paragraph 73 do not specify or detail the disclosures the plaintiff contends were not provided to her.  AHL is therefore without sufficient information to admit or deny the allegation, and, therefore, denies the same.

74.

AHL denies the allegations contained in Paragraph 74 of the Complaint.

75.

AHL denies the allegations contained in Paragraph 75 of the Complaint.  Further, AHL denies the allegations contained in the unnumbered Paragraph beginning "WHEREFORE", and specifically denies that the Plaintiff is entitled to any relief whatsoever.

## COUNT III

## RESPA VIOLATIONS

76.

AHL incorporates its denials in the preceding Paragraphs.

77.

AHL denies the allegations contained in Paragraph 77 of the Complaint.

78.

AHL denies the allegations contained in Paragraph 78 of the Complaint.  Further, AHL denies the allegations contained in the unnumbered Paragraph beginning "Wherefore," and specifically denies that the plaintiff is entitled to any relief whatsoever.


## FIFTH DEFENSE

The damages allegedly suffered by Plaintiff, if any, were the result of the failure of Plaintiff to use reasonable diligence in performing acts and duties required of her.

## SIXTH DEFENSE

The facts not having been developed, AHL adopts the following affirmative defenses: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge and bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, parole evidence,

statute of limitations, waiver, ratification and any other matter constituting an avoidance or affirmative defense as may be shown by the facts in this cause.

## SEVENTH DEFENSE

AHL asserts that any alleged conduct or omission on its part was not the cause of any injury alleged by Plaintiff.

## EIGHTH DEFENSE

AHL asserts that any recovery by Plaintiff is barred or must be reduced as a result of Plaintiff's comparative fault.

## NINTH DEFENSE

AHL asserts that the Complaint fails to state a claim upon which exemplary or punitive damages may be awarded.

## TENTH DEFENSE

Plaintiff's claims against AHL are barred in whole or in part, because Plaintiff's injuries, if any, were caused by an independent intervening cause(s) which AHL did not control, have a right to control, or have any influence over.

## ELEVENTH DEFENSE

Plaintiff did not take action to mitigate her damages.

## TWELFTH DEFENSE

The care and treatment rendered by AHL to Plaintiff was at all times in conformity or exceeded the applicable minimally acceptable standard of care, whether fiduciary or otherwise, which would be rendered by a reasonably prudent lender providing services of the type rendered to the Plaintiff under the same or similar circumstances.

### THIRTEENTH DEFENSE

AHL denies any liability for the acts of other entities under a theory of respondeat superior, vicarious liability, agency, or otherwise.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred because they are not ripe for adjudication or are otherwise nonjusticiable.

### FIFTEENTH DEFENSE

To the extent the Complaint seeks to make Defendants liable for punitive damages, AHL adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996). *Cooper Indus., Inc. v. Leatherman Tool Group*, 532 U.S. 923 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### SIXTEENTH DEFENSE

To award punitive damages against AHL in this case would violate the Contracts Clause of Article I, Section 10 of the United States Constitution, as an award of punitive damages would impair the contractual obligations of any contracts involving Plaintiff and AHL.

### SEVENTEENTH DEFENSE

Any award of punitive damages in this case must comply with the Commerce Clause of the United States Constitution.  Specifically, to award punitive damages against AHL in this case would violate the Commerce Clause by chilling and impeding AHL from engaging in interstate commerce.  Any portion of a punitive damages award based on conduct outside the State of Mississippi would violate the Commerce Clause.

## EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

## NINETEENTH DEFENSE

AHL reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to it which may become applicable through discovery and during the trial of this cause.

## TWENTIETH DEFENSE

AHL affirmatively pleads all right afforded to it pursuant to 15 U.S.C. 1605(f).

## TWENTY-FIRST DEFENSE

WHEREFORE, PREMISES CONSIDERED, AHL respectfully requests that this Answer be received and deemed sufficient and that a Judgment be entered in its favor denying the relief requested by Plaintiff and dismissing this action against AHL with prejudice with costs being assessed against Plaintiff.  AHL also prays for any general relief which the Court may deem appropriate in the premises.

Because the Complaint is cast in conclusory terms, AHL cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, AHL reserves the right to assert additional affirmative defenses, if and to the extent that such defenses are applicable, and to otherwise supplement and/or amend its answer and defenses herein.

AHL adopts any other affirmative defense to which it is entitled and which is pled by another defendant.

Respectfully submitted,

s/ Robert E. Poundstone, IV
Robert E. Poundstone, IV
One of the Attorneys for Defendant
Accredited Home Lenders Inc.

<u>OF COUNSEL</u>

Robert E. Poundstone, IV
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

J. Douglas Minor, Jr.
Bradley Arant Rose & White LLP
Suite 450, One Jackson Place
188 East Capitol Street
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 09, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Earl P. Underwood, Jr.
        Law Offices of Earl P. Underwood, Jr.
        P.O. Box 969
        21 South Section Street
        Fairhope, AL 36533-0969

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

        None.

                Respectfully submitted,

                s/ Robert E. Poundstone, IV
                Robert E. Poundstone, IV
                Bradley Arant Rose & White LLP
                The Alabama Center for Commerce
                401 Adams Avenue, Suite 780
                Montgomery, AL 36104
                Telephone: (334) 956-7700
                Facsimile: (334) 956-7701
                E-mail: bpoundstone@bradleyarant.com

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                            Case No.  07-10074-DHW
                                                 Chapter 13

Cheryl H. Frazier,

            Debtor
                                                 Adv. Pro. No. 07-01112-DHW

Cheryl H. Frazier,

            Plaintiff

      v.

Accredited Home Lenders, Inc.

            Defendants

### ORDER SETTING SCHEDULING CONFERENCE

      A  scheduling  conference on the Complaint will be held on  MONDAY, November 5, 2007 at 10:15 a.m. by telephone.

_____
**Each party desiring to be heard MUST provide the court in advance with a telephone number to be used by calling 334-954-3845 or 3890**
**The phone number provided must be kept open at least one hour for the hearing.**
**The case will be called as soon as possible**
_____

      **Done this 18th  day of October, 2007.**

                                                 **/s/ Dwight H. Williams, Jr.**
                                                 **United States Bankruptcy Judge**

**c:  Debtor**
     **Earl P Underwood, Jr ,  Attorney for Plaintiff**
     **Robert E Poundstone, IV,  Attorney for Defendant**
     **Teresa Jacobs, Bankruptcy Administrator**

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                          Case No.  07-10074-DHW
                                               Chapter 13

Cheryl H. Frazier,

                Debtor
                                               Adv. Pro. No. 07-01112-DHW

Cheryl H. Frazier,

                Plaintiff

        v.

Accredited Home Lenders, Inc.

                Defendants

### ORDER SETTING SCHEDULING CONFERENCE

A  scheduling  conference on the Complaint will be held on  MONDAY, November 5, 2007 at 10:15 a.m. by telephone.

_____
Each party desiring to be heard MUST provide the court in advance with a telephone number to be used by calling 334-954-3845 or 3890
The phone number provided must be kept open at least one hour for the hearing.
The case will be called as soon as possible
_____

Done this 18th  day of October, 2007.

                                               /s/ Dwight H. Williams, Jr.
                                               United States Bankruptcy Judge

c:  Debtor
     Earl P Underwood, Jr ,  Attorney for Plaintiff
     Robert E Poundstone, IV,  Attorney for Defendant
     Teresa Jacobs, Bankruptcy Administrator

# CERTIFICATE OF SERVICE

**BAE SYSTEMS**

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

```
District/off: 1127-1        User: rwalker         Page 1 of 1              Date Rcvd: Oct 18, 2007
Case: 07-01112             Form ID: pdfSOME       Total Served: 2

The following entities were served by first class mail on Oct 20, 2007.
dft          Accredited Home Lenders, Inc.,   P.O. Box 502480,   San Diego, CA  92150-2480
pla         +Cheryl H Frazier,   105 TV Road,   Dothan, AL 36301-5333

The following entities were served by electronic transmission.
NONE.                                                                      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 20, 2007**                          **Signature:**    *Joseph Speetjens*

<div align="center">

**UNITED STATES BANKRUTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

</div>

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CHERYL H. FRAZIER** | ) | **CIVIL ACTION NUMBER:  07-10074** |
| XXX-XX-7509 | ) | **CHAPTER 13** |
| | ) | |
| **DEBTOR,** | ) | |

---

| | | |
|---|---|---|
| **CHERYL H. FRAZIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ADV. PROC. NO. 07-01112** |
| | ) | |
| **ACCREDITED HOME LENDERS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<div align="center">

**MOTION FOR ADMISSION PRO HAC VICE**

</div>

COMES NOW the undersigned, pursuant to the Federal Rules of Civil Procedure, and respectfully moves this Court for admission pro hac vice of James D. Minor, Jr., of Bradley Arant Rose & White LLP., in connection with the representation of Defendant Accredited Home Lenders, Inc. in the above-styled cause.  As grounds for this motion, the undersigned shows as follows:

1.    Mr. Minor practices with the law firm of Bradley Arant Rose & White LLP in the firm's Jackson, Mississippi office.

2.    Mr. Minor is qualified, admitted, and licensed to practice before the United States District Court for the Southern District of Mississippi.  Mr. Minor has never been disciplined or otherwise disqualified from the practice of law.  Attached as Exhibit 1 to this motion is the

Certificate of Good Standing from the United States District Court for the Southern District of Mississippi.

3.    Robert E. Poundstone, IV of Bradley Arant Rose & White LLP in Montgomery, Alabama will assist in the representation of Accredited Home Lenders, Inc.

4.    A $50.00 fee for Mr. Minor's admission is being delivered separately to the Clerk's office.

WHEREFORE, PREMISES CONSIDERED, the undersigned respectfully requests that Mr. Minor be admitted to practice *pro hac vice* before this Court.

Dated:  October 30th, 2007.

Respectfully submitted,

s/ Robert E. Poundstone, IV
_____
Robert E. Poundstone, IV
One of the Attorneys for Defendant
Accredited Home Lenders Inc.

OF COUNSEL

Robert E. Poundstone, IV
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

J. Douglas Minor, Jr.
Bradley Arant Rose & White LLP
Suite 450, One Jackson Place
188 East Capitol Street
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Earl P. Underwood, Jr.
> Law Offices of Earl P. Underwood, Jr.
> P.O. Box 969
> 21 South Section Street
> Fairhope, AL 36533-0969

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> None.

> Respectfully submitted,

> s/ Robert E. Poundstone, IV
> Robert E. Poundstone, IV
> Bradley Arant Rose & White LLP
> The Alabama Center for Commerce
> 401 Adams Avenue, Suite 780
> Montgomery, AL 36104
> Telephone: (334) 956-7700
> Facsimile: (334) 956-7701
> E-mail: bpoundstone@bradleyarant.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                                    Case No. 07−01112
                                                         BK Case No. 07−10074

Frazier v. Accredited Home Lenders, Inc.

**ORDER**

Order Granting Motion of James D. Minor, Jr. to Appear Pro Hac Vice on behalf of Accredited Home
Lenders, Inc. (Related Doc # [12]) Entered On 10/30/2007. (AW, )

Done this 30th day of October, 2007.

/s/ Dwight H. Williams Jr.
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **CHERYL H. FRAZIER** ) | **CIVIL ACTION NUMBER:  07-10074** |
| XXX-XX-7509 ) | **CHAPTER 13** |
| ) | |
| **DEBTOR,** ) | |

| | |
|---|---|
| **CHERYL H. FRAZIER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **ADV. PROC. NO. 07-01112** |
| ) | |
| **ACCREDITED HOME LENDERS, INC.,**) | |
| ) | |
| **Defendant.** ) | |

## MOTION FOR WITHDRAWAL OF REFERENCE

COMES NOW the Defendant Accredited Home Lenders, Inc. ("AHL"), by and through its counsel of record, and hereby moves this Court to withdraw the reference of 28 U.S.C § 157(a) pursuant to 28 U.S.C. § 157(d), and in support of this motion would show as follows:

1.    This adversary proceeding was commenced by the Plaintiff/Debtor Cheryl H. Frazier ("Frazier") on or about September 7, 2007. The complaint alleges AHL has violated provisions of the Truth-In-Lending Act ("TILA"), 15 U.S.C. §  1601 et seq., and the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. §  2601 et seq. Frazier seeks monetary damages, attorney's fees and rescission.

2.    28 U.S.C. §  157(b)(1) provides that bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under

title 11, referred under subsection (a) of this section . . . ." 28 U.S.C. s 157(b)(2) includes a non-exclusive listing of core proceedings specifically within the jurisdiction of the bankruptcy court.

3.    Pursuant to 28 U.S.C. § 157(d), the district court has the discretion to withdraw a proceeding from the bankruptcy court upon a showing of cause. Section 157(d) further provides that "[t]he district court **shall** on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." (emphasis added)

4.    The Court is required to withdraw the reference in this case because the resolution of Frazier's claims requires consideration of two non-bankruptcy related federal statutes. Moreover, even were the Court not required to withdraw the reference pursuant to § 157(d)'s mandatory withdrawal provision, withdrawal is compelled by the discretionary withdrawal provisions of § 157(d). This adversary proceeding is a non-core action, and the Court's interests in promoting the efficient use of judicial resources and the resources of the parties are best served by the timely withdrawal of this matter and its orderly administration in district court.

5.    The bankruptcy Court has continued the initial scheduling conference until March 17, 2008. This motion has been timely filed, and the parties will therefore suffer no prejudice by the requested withdrawal.

6.    Further, upon withdrawal of the reference, the parties move the Court to hold a status conference so that this case can be fully discussed with the Court, including the parties' intentions and other scheduling matters.

WHEREFORE, AHL moves this Court to withdraw the reference of 28 U.S.C § 157(a) and to transfer this adversary proceeding to this Court.

Respectfully submitted

ACCREDITED HOME LENDERS, INC.

s/ J. Douglas Minor, Jr.
J. DOUGLAS MINOR, JR. [MSB #10045]

OF COUNSEL

J. Douglas Minor, Jr.
Bradley Arant Rose & White LLP
Suite 450, One Jackson Place
188 East Capitol Street
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Robert E. Poundstone, IV
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Earl P. Underwood, Jr.
Law Offices of Earl P. Underwood, Jr.
P.O. Box 969
21 South Section Street
Fairhope, AL 36533-0969

Respectfully submitted,

s/ J. Douglas Minor, Jr.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHERYL H. FRAZIER | ) | CIVIL ACTION NUMBER:  07-10074 |
| XXX-XX-7509 | ) | CHAPTER 13 |
| | ) | |
| DEBTOR, | ) | |

---

| | | |
|---|---|---|
| CHERYL H. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 07-01112 |
| | ) | |
| ACCREDITED HOME LENDERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR WITHDRAWAL OF REFERENCE

COMES NOW the Defendant Accredited Home Lenders, Inc. ("AHL"), by and through its counsel of record, and submits this memorandum in support of its motion to withdraw the reference of 28 U.S.C § 157(a) pursuant to 28 U.S.C. § 157(d).

### INTRODUCTION

Plaintiff/Debtor Cheryl H. Frazier ("Frazier") filed a voluntary Chapter 13 petition on January 22, 2007, and the case is currently pending in the United States Bankruptcy Court for the Middle District of Alabama as Civil Action No. 2007-10074. This adversary proceeding was commenced by Frazier on or about September 7, 2007. The complaint alleges AHL has violated provisions of the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 et seq. Frazier seeks monetary damages, attorney's fees and rescission.

The district court has original bankruptcy jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a). Congress has further authorized district courts to refer bankruptcy cases to bankruptcy courts. 28 U.S.C. § 157(a). Pursuant to a General Order of Reference adopted by the Middle District of Alabama District Court on April 25, 1985, all cases arising under or related to title 11 are referred to the bankruptcy courts in the Middle District.

Section 157(b)(2) of chapter 28 of the United States Code provides that bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section . . . ." Section 157(d), however, provides for a procedure to withdraw the reference of an adversary proceeding to the bankruptcy court when specified provisions are met. Specifically, § 157(d) requires withdrawal of the reference when resolution of the dispute requires consideration of non-bankruptcy related statutes. Moreover, the same provision empowers the Court to exercise its discretion to withdraw the reference when it determines that a balance of efficiencies and other considerations mandate withdrawal. For the reasons set forth herein, the reference for this adversary proceeding must be withdrawn and the case transferred for disposition by the district court.

I.     THE PLAIN LANGUAGE OF 28 U.S.C. § 157(d) REQUIRES THIS COURT TO WITHDRAW THE REFERENCE FOR THIS ADVERSARY PROCEEDING.

28 U.S.C. § 157(d) provides in pertinent part as follows:

"[t]he district court **shall** on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." (emphasis added)

The plain language of this provision, often characterized as § 157(d)'s mandatory withdrawal provision, leaves the Court with no discretion – upon the necessary determination the reference must be withdrawn.

Courts have developed two distinct approaches to the determination of whether withdrawal is mandatory. Under what has been termed the statutory approach, courts must withdraw the reference when the proceeding requires resolution of both bankruptcy and non-bankruptcy laws. *In re Childs*, 342 B.R. 823, 826 (M.D.Ala 2006). When the statutory approach is employed, the mere pleading of a non-bankruptcy federal law claim requires withdrawal irrespective of the substantiality of the claim. *In re Keifer*, 276 B.R. 196, (E.D.Mich. 2002). Because Frazier has alleged violations of TILA and RESPA, application of the statutory approach would require withdrawal without more.

Pursuant to the "substantial and material" test for determining the issue of mandatory withdrawal, the Court must withdraw the reference "only if the Court can make an affirmative determination that resolution of the claims will require substantial and material consideration of [non-bankruptcy code] statutes which have more than a *de minimis* impact on interstate commerce." *Holmes v. Grubman*, 315 F.Supp.2d 1376, 1379 (M.D.Ga 2004), *quoting In re White Motor Corp.,* 42 B.R. 693, 705 (N.D.Ohio 1984). This approach has its genesis in concerns that the literal or statutory approach could create an escape hatch through which litigants could artfully plead themselves out of bankruptcy court. *See In re American Body Armor & Equip. Inc.*, 155 B.R. 588, 591 (M.D.Fla 1993).

The plain language of § 157(d) requires the Court to withdraw the reference for this adversary proceeding. It is beyond serious dispute that the resolution of this matter will require

consideration of non-bankruptcy federal statutes. In fact, none of the claims or defenses asserted in this action bear any relation to title 11.

Even were the Court to employ the substantial and material test, however, withdrawal would nevertheless be required. Frazier's complaint contains in excess of 78 paragraphs of detailed allegations based on specific provisions of TILA, recent amendments to TILA and provisions of RESPA. Specifically, Frazier claims that certain charges reflected in the Settlement Statement for her home mortgage were illegally marked-up, and that AHL is liable for illegal kickbacks prohibited by RESPA. The complaint further invokes detailed United States Department of Housing and Urban Development ("HUD") implementing regulations. The claims asserted in the complaint conclusively establish its substantial and material reliance on non-bankruptcy related federal statutes.

II.    ALTERNATIVELY, THE COURT SHOULD EXERCISE ITS DISCRETION TO WITHDRAW THE REFERENCE FOR THIS ADVERSARY PROCEEDING.

Congress has also granted the Court discretion to withdraw any case or proceeding from a bankruptcy court "for cause shown." 28 U.S.C § 157(d). The Court's determination of cause in this context is guided by the following factors:

(1) the advancement of uniformity in bankruptcy administration;
(2) decreasing forum shopping and confusion;
(3) promoting the economical use of the parties' resources;
(4) facilitating the bankruptcy process;
(5) whether the claim is core or non-core;
(6) efficient use of judicial resources;
(7) whether the plaintiff has made a jury demand; and
(8) prevention of delay.

*See Childs*, 342 B.R. at 827. Moreover, the Court has an overarching obligation to "ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisor function over the bankruptcy courts." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 538 (11th Cir. 1991).

"The core/non-core factor is the most important factor to consider when determining if cause for withdrawing bankruptcy references exist, because that factor drives the efficiency and uniformity determinations." *Abondolo v. GGR Holbrook Medford, Inc.*, 285 B.R. 101, 111 (E.D.N.Y. 2002). Frazier's non-core claims are not based on bankruptcy law and are unrelated to her Chapter 13 petition. "Because bankruptcy courts are only empowered to submit proposed factual findings and legal conclusions to district courts for *de novo* review in non-core matters," the Court's interest in promoting the efficient use of the parties' resources and judicial resources strongly favors withdrawal of the reference, *Abondolo*, 285 B.R. at 112. Additionally, withdrawal would result in the litigation of non-core bankruptcy claims in the Court most likely to be familiar with the statutes involved.

Regarding the fourth factor listed above, it is difficult to conceive of how the bankruptcy process would be facilitated by this complicated adversary proceeding going forward in bankruptcy court. Regarding the second factor above, neither the petition nor this motion raise any issue of forum shopping or confusion.[1] Finally, this motion has been timely filed and the parties will therefore suffer no prejudice or delay by the requested withdrawal. The only action taken by the bankruptcy court in this matter is the continuation of the initial scheduling conference until March 17, 2008.

## CONCLUSION

For the foregoing reasons, AHL respectfully requests that the Court withdraw the reference for this adversary proceeding.

---

[1] Because the Court has authorized the bankruptcy court to conduct jury trials, whether Frazier has or ultimately chooses to seek a jury trial has no bearing on the Court's permissive withdrawal determination.

Respectfully submitted

ACCREDITED HOME LENDERS, INC.

s/ J. Douglas Minor, Jr.
J. DOUGLAS MINOR, JR. [MSB #10045]

OF COUNSEL

J. Douglas Minor, Jr.
Bradley Arant Rose & White LLP
Suite 450, One Jackson Place
188 East Capitol Street
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Robert E. Poundstone, IV
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 7, 2007, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

Earl P. Underwood, Jr.
Law Offices of Earl P. Underwood, Jr.
P.O. Box 969
21 South Section Street
Fairhope, AL 36533-0969

Respectfully submitted,

s/ J. Douglas Minor, Jr.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

IN RE:                                                          CHAPTER 13

**CHERYL H. FRAZIER**                          CASE NO. 07-10074   DHW
**Debtor**


**CHERYL H. FRAZIER**
**Plaintiff**

**v.**                                                            ADV NO.  02-03032   DHW

**ACCREDITED HOME LENDERS, INC.**
**Defendant**


<u>**CLERK'S CERTIFICATE**</u>

I, Dianne M. Segrest, Deputy Clerk of the United States Bankruptcy Court for the Middle District of Alabama, do hereby certify that the documents herein comprise the record on motion to withdraw reference :

**1) Motion to withdraw the reference**

In witness Whereof, I have hereunto subscribe my name and affixed the seal of said court at Montgomery in said district on this 10th day of December, 2007.


**RICHARD S. ODA, CLERK**
**UNITED STATES  BANKRUPTCY COURT**

<u>**/s Dianne M. Segrest**</u>
**Deputy Clerk**
**334-954-3856**