IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHERYL HALL FRAZIER, individually and on behalf of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) ) | CIVIL ACTION NO.: 1:08-cv-11-MHT |
| ACCREDITED HOME LENDERS, INC., d/b/a HOME FUNDS DIRECT | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | CLASS ACTION |

## <u>MOTION FOR LEAVE TO AMEND COMPLAINT</u>

Comes now the Plaintiff in the above-styled cause. and by and through her

undersigned attorney, and pursuant to Rule 15(a) of the *Federal Rules of Civil Procedure*

respectfully requests leave to file an amended complaint. A copy of the proposed

amended complaint is filed herewith as Exhibit "A".


_/s/ Earl P. Underwood, Jr._____
Earl P. Underwood, Jr.
Attorney for Plaintiffs
Post Office Box 969
Fairhope, AL  36533-0969
(251) 990-5558 voice
(251) 990-0626 fax
epunderwood@alalaw.com

CERTIFICATE OF SERVICE

I hereby certify that on April 23rd 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Robert E. Poundstone, IV
Bradley, Arant Rose & White, LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

James D. Minor, Jr.
Bradley, Arant Rose & White LLP
Suite 450 One Jackson Pl
188 East Capitol St
PO Box 1789
Jackson MS 39215-1789

/s/ Earl P. Underwood, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHERYL HALL FRAZIER, individually and on behalf of a class of similarly situated persons, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| V. | ) | 1:08-cv-11-MHT |
| | ) | |
| ACCREDITED HOME LENDERS, INC., d/b/a HOME FUNDS DIRECT | ) ) | JURY TRIAL DEMANDED |
| | ) | CLASS ACTION |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, CHERYL HALL FRAZIER and for complaint against Defendant asserts as follows:

## INTRODUCTION

1.    This complaint is filed under the Truth-In-Lending Act (TILA) 15 U.S.C. §§ 1601 et seq. ("TILA" and "HOEPA") to enforce the plaintiff's right to rescind a consumer credit transaction, to void the Defendant's security interest in the Plaintiff's home, and to recover statutory damages, enhanced HOEPA damages, reasonable attorney's fees and costs by reason of the Defendant's violations of the Act and Regulation Z, 12 C.F.R. § 226 (hereinafter called "Regulation Z"). This amended complaint also asserts the right of a class of similarly situated persons defined below.

## JURISDICTION AND VENUE

2.    Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

## PARTIES

3.     The Plaintiff, Cheryl H. Frazier, is a natural person, residing at 105 TV Road, Dothan, Alabama.

4.     The Defendant, Accredited Home Lenders, Inc. d/b/a Home Funds Direct, ("Accredited" or "Defendant") is a California corporation that does business in this district.

5.     Accredited is a "creditor" as that term is defined at 15 U.S.C. § 1602(f).

6.     The Defendant, Accredited Home Lenders, Inc. will be served by mailing a copy of the summons and complaint to their registered agent at Paracorp Incorporated, 2724 10th Ave., Huntsville, AL 35805.

7.     At all times relevant hereto, Accredited, in the ordinary course of business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or by written agreement which is payable in more than four installments.

## FACTUAL ALLEGATIONS

8.     On March 25th 2005, Plaintiff entered into a consumer transaction with Defendant in which it extended consumer credit that was subject to a finance charge and which was payable to Defendant.

9.     As part of this consumer credit transaction, the Defendant retained a security interest in 105 TV Road, Dothan AL 36301, which is used as the principal dwelling of the Plaintiff.

10.     Accredited is a sub-prime mortgage lender based in California which originates sub-prime mortgage loans in several states, including Alabama. Accredited uses various settlement agents to close its loans.

2

11.     At all times relevant herein the settlement agents were, on information and belief, acting at the direction of or were the agents of Accredited.

12.     The settlement agent performed a variety of settlement services for Accredited for which is was paid a closing fee by the Plaintiff. This fee is dictated by Accredited in its closing instructions and is passed along to the borrower as part of the closing costs. The closing fee is disclosed for TILA purposes as part of the "Finance Charge." The fee paid to the settlement agent for its services is disclosed, pursuant to federal law, on Line 1101 of the applicable HUD Settlement Statement. Additionally the settlement agent is a title insurance agent for Transnation. With regard to the Plaintiff's loan, the settlement agent sold title insurance on behalf of Transnation and was paid a commission on the same.

13.     For loans such as the Plaintiff's loan, the settlement agent does not hold closings in its office, or any other office traditionally used for closings. The closings are administered by a notary hired by the settlement agent whose only role is to deliver the necessary documents to the borrowers and obtain the appropriate signatures.

14.     Under applicable federal law, Defendant is allowed to pass along the fees paid to third parties who are hired to perform settlement services, provided those costs are *bona fide*, reasonable, necessary and clearly and conspicuously disclosed and itemized on the HUD Settlement Statement. Settlement costs associated with title services must be set out on Lines 1101 through 1113 of the Settlement Statement.

15.     Furthermore the settlement agent and Accredited are required by the Real Estate Services Act (RESPA) and TILA to separately list and itemize each of these charges including any commission earned for the sale of title insurance and services provided in connection therewith.

3

16.    For each loan, Accredited prepares and provides to the settlement agent "Closing Instructions" which set out the amounts to be included in the HUD-1 Settlement Statement for the various fees. Many of these fees are marked up or padded in violation of the RESPA. Each of the padded fees included on the Settlement Statement prepared by the settlement agent were dictated and required by the Closing Instructions promulgated by Accredited.

### Title Search and Abstracting

17.    The settlement agent and Accredited, through its Closing Instructions, as a matter of course charge borrowers fees for title searching, abstracting, and title examination in excess of the amounts actually paid to third parties for those services in violation of applicable federal law.

### Title Insurance Premiums and Recording Fees

18.    Pursuant to federal law, the amount paid by a borrower for title insurance required by the lender must be reflected on Line 1108 of the Settlement Statement.  The amount that may be charged in premium for title insurance, including any commission, is set by the Alabama Insurance Department and other agencies for non-Alabama loans. The charges for title insurance premiums can not exceed the filed rate. The amounts actually charged its customers for title insurance are dictated by Accredited in its Closing Instructions.

19.    The Plaintiff's settlement statement did not itemize all charges imposed on her or list or disclose the payment of a sales commission on the title insurance as required by 12 U.S.C. § 2603 and 24 C.F.R. § 3500, Appendix A.

20.    On information and belief, the amount charged for title insurance in the instant transaction exceeded the filed rate approved by the Alabama Insurance Department and is another illegal markup.

21.     Federal law allows the recording costs to be passed along to the borrower, provided those costs are clearly and conspicuously reflected in the Settlement Statement and do not exceed the amounts actually paid to the government entity for recording.  Those charges must be set out in Lines 1201 and 1202 of the HUD-1.

22.     The recording fee charge herein was excessive as shown below.

**The Plaintiff's' Loan**

23.     On March 25th 2005, Plaintiff's loan was closed and Plaintiff executed all those documents necessary to obtain the loan and refinance the debt then due and owing and secured by her home.

24.      In connection with Plaintiff's loan, the settlement agent obtained a title search and abstract from a separate company which upon information and belief rendered a full title report. The amount charged to Plaintiff for those services was $200.00 for "Abstract or Title Search" (Line 1102) plus $250.00 for "Title Examination" (Line 1103). Upon information and belief, the actual costs of these services did not exceed $125, but in any event were much lower than the $450 amount charged for those services.

25.      Plaintiff's Settlement Statement also reflected, in Line 1201, a charge of $120. The recording fee actually incurred was $55.50. Therefore, Plaintiff was charged $64.50 above what was actually paid to the probate court for recording fees.

26.      Plaintiff was charged $221.00 for title insurance, as reflected on Line 1108 of the Settlement Statement.  However, upon information and belief, the true cost of the insurance and the amount mandated by the Alabama Department of Insurance was $161.00

27.      Plaintiff was also charged, on Line 1111, $50.00 for "endorsements." Upon information and belief, this charge does not relate to any separate service, is completely

unearned, should have been included in the Settlement Fee reflected in Line 1101 and included in the "finance charge."

28.     The fee for "endorsements is also duplicative because the title insurance rate includes all of the standard residential endorsements at no extra charge.

29.     The fact that the charges reflected in Lines 1102, 1103, 1108, 1111, and 1201 exceeded the actual costs of the services actually provided was unknown to Plaintiff.  The fact that those charges were marked up, illegal, excessive and otherwise improper, was unknown to, and  unknowable by, Plaintiff because the actual costs for providing or obtaining the services were not available to or discoverable by her and Defendant actively deceived Plaintiff about who was providing these services and the fact that she was being defrauded. The unknown and inherently unknowable nature of the unlawful charges did not give Plaintiff any reason to inquire, investigate or discover the wrongdoing. As a practical reality, it was impossible for Plaintiff to detect Defendant's unlawful lending law violations.

30.     Plaintiff has acted with due diligence with respect to her rights. The facts that support her causes of action were not knowable to her until shortly before the filing of the Complaint in this action.

**TILA, and Reg. Z**

31.     As part of the documents which must be presented to borrowers before closings, Accredited is required by the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations ("Reg. Z") to prepare certain written disclosures to be provided before closing. Under TILA and Reg. Z, Accredited is required to clearly and conspicuously disclose the "amount financed" and the "finance charge," among other things, in connection with each loan.

32.     Pursuant to TILA and Reg. Z, lenders may exclude from the disclosed finance charge fees paid for title examination, title abstracting and title insurance only if those charges are "*bona fide*" and "reasonable." Reg. Z, § 226.4(c)(7).

33.     TILA also allows lenders to exclude fees paid for the recording of mortgages and other instruments, but only if those fees are actually paid to the governmental offices for recording. 15 U.S.C. § 1605(d)(1).

34.     Accredited was required to include as part of the finance charge the charge listed on Line 1201 on Plaintiff's Settlement Statement because it exceeds the amount that is actually paid to the government entity. However, the finance charge disclosed by Accredited did not include any portion of the "recording fee" charge.

35.     The charges listed on Lines 1102, 1103 and 1111 were also not included as part of the finance charge disclosed by Accredited. This is in violation of TILA and Reg. Z. Those charges, purportedly for "Abstract or Title Search" and "Endorsements," were neither *bona fide* nor reasonable. Those charges were marked-up and/or split in violation of federal law. Therefore, those charges should have been included as part of the finance charge disclosed by Accredited.

36.     Likewise, the charge listed in Line 1108, purportedly for "Title Insurance" was not *bona fide* or reasonable because it exceeded the actual cost of the insurance and the amount allowed by state law. Therefore, Accredited was required by TILA and Reg. Z to include that charge as part of the disclosed finance charge but failed to do so.

37.     At all relevant times, Accredited, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

## POLICIES AND PRACTICES COMPLAINED OF

7

38.    Plaintiff's loan was subject to TILA and RESPA and, on information and also qualified as a "high-cost" or HOEPA loan as specified under the qualification "triggers" at 15 U.S.C. § 1602(aa) and Regulation Z, at 12 C.F.R. § 226.32, by virtue of having met the fee and cost trigger or the annual percentage rate trigger or both.

39.    HOEPA imposes special disclosure requirements on creditors when either HOEPA trigger is satisfied. HOEPA requires a special *advance* notice (15 U.S.C. § 1639, Regulation Z § 226.32) to prospective borrowers that must be received at least three business days *before* closing that must contain, since October 1, 2002, an advance disclosure of the loan's APR, Finance Charges, Amount Financed, Total of Payments and Monthly Payments. These so-called "Section 32" pre-closing notices were never sent to the Plaintiff or class members.

40.    The specific claims made by Plaintiff are as follows:

(a)    *Violations of TILA and HOEPA for Inaccurate Finance Disclosures and Material Misstatements.* The predatory lending and mark-up scheme of Accredited violated TILA and HOEPA because of inaccurate disclosures of the APR, Finance Charges and the Amount Financed on the Plaintiff's loan and the loans of others. These inaccurate disclosures were material and give rise to actions for damages and loan rescission under TILA and HOEPA because the loan did not have the disclosures required by law. The loan violated TILA and gives rise to damages and rescission under TILA, HOEPA and Regulation Z.

(b)    *Violations of TILA and HOEPA for untimely or non-existent HOEPA notices.* HOEPA requires lenders to give certain notices at least three business days prior to the closing of the loan. On information and belief, Defendant failed to give any such notice on any HOEPA loans.

## EQUITABLE ESTOPPEL, EQUITABLE

8

## TOLLING AND CLASS ACTION
## TOLLING OF LIMITATIONS PERIOD

41.    Defendant knowingly and actively misled the Plaintiff and the class from pursuing their claims by, among other things:

(a)    Engaging in a scheme that was by its nature and design "self-concealing";

(b)    Knowingly and actively mischaracterizing and misrepresenting, *inter alia*, actual amounts paid for abstracts, title search, title examinations, notary fees, endorsement fees, title insurance and recording charges such that such non-bona fide and illegal charges were wrongfully excluded from the Finance Charges and Amount Financed used to calculate the Annual Percentage Rate ("APR"), thereby materially misrepresenting these disclosures as well materially understating the APR;

(c)    Knowingly and actively misrepresenting the Finance Charges, the Amount Financed and APR's on the TILA Disclosure Statements provided to Plaintiff and all by, among other things, failing to include in its calculations all of the required disclosures (described above) that were not bona fide, reasonable, lawful and/or not paid to true third parties.

42.    Plaintiff and class members exercised reasonable consumer diligence during their loan transactions and dealings with Defendant and in reviewing of their loan documentation, they could not have, nor have been reasonably expected to, uncover the true facts.

## COUNT I

43.    Plaintiff realleges the relevant paragraphs above in support of this count.

44.    The consumer credit transaction complained of herein was subject to the Plaintiff's right of rescission as described by 15 U.S.C § 1635 and Regulation Z § 226.23 (12 C.F.R § 226.23).

45.    In the course of this consumer credit transaction, the Defendant failed to deliver all "material" disclosures required by the TILA and Regulation Z, including the by the following:

a.    failing to properly and accurately disclose the "amount financed" using that term in violation of Regulation Z §§226.18, 226.23(b) and 15 U.S.C § 1638;

b.    failing to clearly and accurately disclose the "finance charge" using that term in violation of Regulation Z § 226.4 and 226.18(d) and 15 U.S.C § 1638(a)(3);

c.    failing to clearly and accurately disclose the "annual percentage rate" using that term in violation of Regulation Z § 226.18(e) and 15 U.S.C § 1638(a)(4);

d.    failing to disclose that the loan was a high cost or HOEPA loan as defined by 15 U.S.C. § 1602(aa);

e.    failing to make the other disclosures required by HOEPA; and

f.    otherwise violating HOEPA by including in the mortgage terms prohibited by HOEPA.

46.    The Plaintiff has a continuing right to rescind the transaction pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

47.    On November 1st 2006, the Plaintiff rescinded the transaction by sending to the Defendant at 15090 Avenue of Science, San Diego, CA 92128 and by U.S. Mail, postage prepaid, certified mail, return receipt requested, a notice of rescission.

48.    More than 20 calendar days have passed since the Defendant received a copy of the Plaintiff's notice of rescission.

49.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the security interest

described in Paragraph 8, as required by 15 U.S.C. § 1635(b) and Regulation Z 226.23(d)(2).

50.    The Defendant has failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Regulation Z 226.23(d)(2).

51.    As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a) and 1640(a), Defendant is liable to Plaintiff for:

a.    Rescission of this transaction,

b.    Termination of any security interest in Plaintiff's property created under the transaction,

c.    Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction.

d.    Twice the finance charge in connection with this transaction, but not less than $200 nor more than $2000.00.

e.    The right to retain proceeds to vest in plaintiff.

f.    Actual damages in an amount to be determined at trial.

g.    A reasonable attorney's fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, it is respectfully prayed that this Court:

A.    Assume jurisdiction of this case;

B.    Rescind the transaction of March 25th 2005 between the Plaintiff and Defendant.

C.    Order Defendant to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interests void, including but not limited to the mortgage related to

11

the transaction of March 25th 2005 between the Plaintiff and Defendant;

D.  Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with the transaction;

E.  Award the Plaintiff twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 and all other damages available as provided under 15 U.S.C. § 1640(a);

F.  Order that the right to retain proceeds vests in plaintiff;

G.  Award actual damages in an amount to be established at trial;

H.  Award the Plaintiff costs and a reasonable attorney's fee as provided under 15 U.S.C. § 1640(a);

I.  Award such other and further relief as the Court deems just and proper.

## COUNT II

## HOEPA VIOLATIONS

68.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

69.    As a consequence of the marking up and splitting of the charges reflected in Lines 1102, 1105, 1106, 1108, 1201, 1204 and/or 1301 those charges are "points and fees," by operation of Reg. Z, 24 C.F.R. 226.32(b), as defined under HOEPA.

70.    The Plaintiff's loan is a high cost mortgage within the meaning of HOEPA, 15 U.S.C. § 1602(aa), because the total points and fees charge in connection with that loan exceeded 8 percent of the total loan amount.

71.    Because Plaintiff's loan meets the HOEPA definition of a high rate mortgage, the transaction was subject to additional disclosure requirements that must be provided three days in advance of the consummation of the transaction. 15 U.S.C. § 1639(b).

72.     Defendant did not furnish the required HOEPA disclosures to Plaintiff three days prior to their settlement or at any other time.

73.     Defendant's failure to provide the required HOEPA disclosures was material.

74.     Defendant's failure to give Plaintiff the disclosures required by HOEPA three days prior to settlement violates 15 U.S.C. § 1639(a) and (b), entitling Plaintiff to actual and statutory damages under 15 U.S.C. § 1640(a).   In addition, such failure to provide those disclosures extends Plaintiff's right to rescind the transaction until up to three years after its consummation.

75.     Plaintiff's loan also includes a pre-payment penalty imposed by Defendant which is prohibited by operation of 15 U.S.C.§ 1639(c).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant rescinding the transaction, for damages and fees pursuant to 15 U.S.C. 1635(b) and (g); and, pursuant to 15 U.S.C. §§ 1639(j), and 1640(a), award statutory damages of as provided in 15 U.S.C. § 1640(a)(4) in the amount of all finance charges and fees paid by Plaintiff for each substantive HOEPA violation; reasonable attorney fees and costs and such other relief at law or equity as this Court may deem just and proper.

## COUNT III

## CLASS ALLEGATIONS - TILA VIOLATIONS

76.     Plaintiff realleges all the preceding allegations by reference as if set out here in full.

77.     The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in Defendant's course of business.

78.     The Class is so numerous as to make it impracticable to bring all members of the Class before the Court.  It is believed that the Class includes thousands of members.  In all instances, such persons are unaware that claims exist on their behalf.

79.     The representative Plaintiff's claims are typical of, if not identical to, the claims of the Class.

80.     The representative Plaintiff will fairly and adequately represent the members of the Class and has no interests which are antagonistic to the claims of the Class.  The Plaintiff is aware that she cannot settle this action without Court approval.  The Plaintiff's interest in this action is antagonistic to the interest of the Defendant, and will vigorously pursue the claims of the Class.

81.     The representative Plaintiff has retained counsel who are competent and experienced in consumer class action litigation, and who have successfully represented consumers in complex class actions. Counsel has agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

82.     Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of permissible damages and declaratory relief is sought for the Class.

83.     There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues.  These common questions of law and fact include:

a)     Is the TILA violation apparent on the face of the loan documents;

b)     Are the loans subject to HOEPA;

c)     What measure of damages is appropriate;

14

d)    What declaratory or injunctive relief is appropriate?

84.    A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy.  The substantive claims of the representative Plaintiff and the class are identical and will require evidentiary proof of the same kind and application of the same law.

85.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in the thousands and individual joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually. Trial of Plaintiffs' claims is manageable.

86.    Unless a class-wide injunction is issued, Defendant may continue to commit violations against residential mortgage borrowers.

87.    The representative Plaintiff will seek to identify all class members through discovery as may be appropriate and will provide to the class such notice of this action as the Court may direct.

## COUNT IV

## RESCISSION AND DECLARATORY JUDGMENT

88.    Plaintiff re-alleges and adopts by reference all of the foregoing facts and allegations as set forth herein above.

89.    Plaintiff and the Plaintiff's Class bring this action pursuant to Rules 23(b)(2) and 57 of the Federal Rules of Civil Procedure in that an actual controversy exists between the parties concerning their right to rescind their mortgage loans under 15 U.S.C. § 1635.

90.    As a result of the Defendant's aforesaid violations of TILA and HOEPA all

15

Plaintiff and Class Members have retained their right to rescind (as to loans that closed within three years *prior* to the filing of the complaint herein and as to properties not sold during such period) their loans under 15 U.S.C. § 1635. Accordingly, Plaintiff and Class Members pray for a declaratory judgment recognizing and authorizing rescission by Plaintiff and Class Members, this declaratory judgment count giving notice to Defendant and assignees of Plaintiff's and Class Members' demands for rescission, subject to the individual choice of withdrawing this notice of rescission after their rights are declared.

### Prayer for Relief

WHEREFORE, on all asserted causes of action against Defendant, Plaintiff prays for judgment against Defendant as follows:

a. For an Order certifying that this action may be maintained as class action as under Fed. R. Civ. P. 23(b)(3);

b. For an Order appointing the Plaintiff to act as a representative of the Class;

c. For an Order appointing the undersigned counsel to act as interim Class Counsel pursuant to Fed. R. Civ. P. 23 to act on behalf of the putative Class before the determination of whether to certify the Class under Fed. R. Civ. P. 23(b)(3) is made;

d. For an Order appointing the undersigned counsel as Class Counsel;

e. For an Order directing that reasonable notice of this Class action be given to all members of the Class at the appropriate time;

f. For violating the HOEPA and TILA, a declaration that Class Members whose loans were closed, within the three-year preceding the filing of this case, remain entitled to rescind their loans and by this complaint have given notice of rescission subject to withdrawal of same after determination of their rights, and that Defendant be prohibited from foreclosing on the

16

Plaintiffs' and Class Members' mortgages pending such declaration;

g.      For violating the HOEPA requirements of 15 U.S.C. §§ 1635, 1638, and 1639, an Order finding Defendant liable as a matter of law, pursuant to §§ 1640 and 1641(d), and for all damages and declaratory and injunctive relief allowable under 15 U.S.C. §§ 1635, 1639, 1640 and 1641(d), including, all (1) actual damages; (2) statutory damages; (3) rescission rights and damages; and (5) an amount equal to five times the sum of all, finance charges and fees paid by the Class Members for five substantive violations of HOEPA, one disclosure violation under TILA,; plus pre-judgment interest; and attorney fees;

h.      For violating the TILA's disclosure requirements an Order finding Defendant liable as a matter of law, pursuant to §§ 1640 and 1641(a), to the Plaintiff and Class Members for all damages and declaratory and injunctive relief allowable under 15 U.S.C. §§ 1635, 1640 and 1641(a), including, all (1) actual damages; (2) statutory damages; (3) rescission rights and damages; plus prejudgment interest and attorneys fees;

i.      For violations of the above laws a finding of assignee liability under the provisions of HOEPA and TILA pursuant to §§ 1641(d) and 1641(a);

j.      For a permanent injunction enjoining Defendant, together with their officers, directors, employees, agents, partners or representatives, successors and any and all persons acting in concert with them or by agreement with them from directly or indirectly engaging in the wrongful acts and practices described above, all for the benefit of the Class Members; and

k.      For reasonable attorneys' fees as provided by law and statute;

l.      For pre-and-post judgment interest as provided by law in amount according to proof at trial;

m.      For an award of costs and expenses incurred in this action; and

n.    For such other and further relief as the Court may deem necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted April 23rd 2008.

/s/ Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR. (UNDEE6591)
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, AL 36533-0969
Telephone:    251-990-5558
Facsimile:    251-990-0626
Email: epunderwood@alalaw.com

/s/ Kenneth J. Riemer
KENNETH J. RIEMER (RIEMK8712)
One of the Attorneys for Plaintiffs
Post Office Box 1206
Mobile, Alabama  36633-1206
Telephone:    (251)432-9212
Facsimile:    (251)   433-7172
Email:        kjr@consumerlaw

 /s/ George R. Irvine, III
GEORGE R. IRVINE, III (IRVIG4725)
One of the Attorneys for Plaintiffs
STONE, GRANADE and CROSBY, P.C.
7133 Stone Drive
Daphne, Alabama  36523
 Telephone:   (251) 626-6696
Facsimile:    (251) 626-2617
Email:        gri@sgclaw.com

/s/ Steven L. Nicholas
STEVEN L. NICHOLAS (NICHS2021)
Cunningham, Bounds, LLC
1601 Dauphin Street
Mobile AL 36604
Telephone:    (251) 471-6191
Facsimile:    (251) 479-1031
Email:        sln@cbcbb.com

18

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23rd 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Robert E. Poundstone, IV
Bradley, Arant Rose & White, LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

James D. Minor, Jr.
Bradley, Arant Rose & White LLP
Suite 450 One Jackson Pl
188 East Capitol St
PO Box 1789
Jackson MS 39215-1789

<u>/s/ Earl P. Underwood, Jr.</u>
Earl P. Underwood, Jr.
