## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHERYL H. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: |
| | ) | 1:08-cv-11-MHT |
| ACCREDITED HOME LENDERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER AND DEFENSES OF ACCREDITED HOME
### LENDERS, INC. TO PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW** Defendant Accredited Home Lenders, Inc. ("AHL") by and through its counsel of record, and hereby answers each numbered paragraph of the Plaintiffs' First Amended Complaint ("Amended Complaint"). Except to the extent expressly, specifically and unambiguously admitted herein, AHL denies each and every allegation contained in the Amended Complaint and demands strict proof thereof. AHL answers the allegations of the Amended Complaint, paragraph by paragraph, as follows:

### FIRST DEFENSE

The Plaintiff's Amended Complaint has failed to state a claim upon which relief may be granted, and, therefore, these allegations should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

AHL generally denies all of the averments contained in the Amended Complaint, and each paragraph and subparagraph thereof, except such designated averments, paragraphs, or

1/1700110.1

subparagraphs, as are expressly set forth to the contrary more fully herein below pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

AHL includes, alleges, and incorporates each and every defense available to it as set forth in Fed. R. Civ. P. 12(b)(1)-(7), and on account thereof demands that the action herein against it be dismissed.

## FOURTH DEFENSE

Without waiving any of the above-referenced or foregoing defenses, AHL denies each and every allegation contained in the Amended Complaint, unless specifically admitted hereafter, as follows, to-wit:

1.

AHL states that the nature of the allegations made and relief sought by Plaintiff does not require a response from AHL. AHL specifically denies that it has committed any of the violations alleged by Plaintiff in Paragraph 1 of the Amended Complaint and denies that Plaintiff is entitled to any of the relief she seeks.

## JURISDICTION AND VENUE

2.

AHL admits that jurisdiction is conferred by 28 U.S.C. § § 1331 and 1334, and denies the remaining allegations contained in Paragraph 2 of the Amended Complaint.

## PARTIES

3.

AHL is without sufficient information or knowledge to admit or deny the allegations regarding the Plaintiff's residence, and, therefore denies the same.

4.

AHL admits the allegations contained in Paragraph 4 of the Amended Complaint.

5.

AHL admits the allegations contained in Paragraph 5 of the Complaint.

6.

AHL lacks sufficient information to admit or deny how Plaintiff will serve it with the Amended Complaint and, therefore, denies Paragraph 6 of the Amended Complaint.

7.

AHL admits the allegations in Paragraph 7 of the Amended Complaint.

## **FACTUAL ALLEGATIONS**

8.

AHL admits the allegations contained in Paragraph 8 of the Amended Complaint.

9.

AHL is without sufficient information or knowledge to admit or deny the allegations regarding whether 105 TV Road, Dothan AL 36301 is the Plaintiff's principal dwelling, and, therefore, denies the same. AHL admits the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10.

AHL admits that it is a mortgage banker based in California which operates in several states including Alabama. AHL further admits that attorneys or settlement agents close its mortgage loans. Except as expressly admitted herein, AHL denies all remaining allegations in Paragraph 10 of the Amended Complaint.

11.

AHL denies the allegations contained in Paragraph 11 of the Amended Complaint.

12.

AHL admits upon information and belief that the settlement agent was paid a fee by the plaintiff, and that the fee is disclosed on Line 1101 of the HUD Settlement Statement. AHL further admits the allegations contained in the fifth and sixth sentences of Paragraph 11. Except to admit that it made the disclosures required by TILA, AHL denies the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13.

AHL is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the Amended Complaint, and, therefore denies the same.

14.

AHL admits the allegations contained in Paragraph 14 of the Amended Complaint.

15.

Paragraph 15's reference to unspecified "charges" is vague and ambiguous. AHL is therefore unable to admit or deny the allegations contained in Paragraph 15 of the Amended Complaint, and therefore denies the same.

16.

Except to admit that it provides settlement agents and/or closing attorneys with "Lender's Instructions," AHL denies all remaining allegations contained in Paragraph 16 of the Amended Complaint.

## TITLE SEARCH AND ABSTRACTING

### 17.

AHL denies the allegations contained in Paragraph 17 of the Amended Complaint.

## TITLE INSURANCE PREMIUMS AND RECORDING FEES

### 18.

Except to admit that federal law and/or Alabama law relating to title insurance speaks for itself, AHL denies all remaining allegations contained in Paragraph 18 of the Amended Complaint.

### 19.

AHL denies the allegations contained in Paragraph 19 of the Amended Complaint.

### 20.

AHL denies the allegations contained in Paragraph 20 of the Amended Complaint.

### 21.

Except to admit that federal law relating to recording costs speaks for itself, AHL denies all remaining allegations contained in Paragraph 21 of the Amended Complaint.

### 22.

AHL denies the allegations contained in Paragraph 22 of the Amended Complaint.

## PLAINTIFF'S LOAN

### 23.

AHL is without sufficient information to admit or deny the allegations concerning the date on which the plaintiff executed the referenced documents, and, therefore, denies Paragraph 23 of the Amended Complaint.

24.

AHL admits the allegations contained in the first and second sentences of Paragraph 24, but denies all remaining allegations in Paragraph 24 of the Amended Complaint.

25.

AHL admits the allegations contained in the first sentence of Paragraph 25, but denies all remaining allegations in Paragraph 25 of the Amended Complaint.

26.

AHL admits the allegations contained in the first sentence of Paragraph 26, but denies all remaining allegations in Paragraph 26 of the Amended Complaint.

27.

AHL admits the allegations contained in the first sentence of Paragraph 27, but denies all remaining allegations in Paragraph 27 of the Amended Complaint.

28.

AHL denies the allegations contained in Paragraph 28 of the Amended Complaint.

29.

AHL denies the allegations contained in Paragraph 29 of the Amended Complaint.

30.

AHL denies the allegations contained in Paragraph 30 of the Amended Complaint.

**TILA, AND REG. Z**

31.

AHL admits the allegations contained in Paragraph 31 of the Amended Complaint.

32.

Except to admit that Reg. Z speaks for itself, AHL denies all remaining allegations contained in Paragraph 32 of the Amended Complaint.

33.

Except to admit that TILA speaks for itself, AHL denies all remaining allegations contained in Paragraph 33 of the Amended Complaint.

34.

AHL denies the allegations contained in Paragraph 34 of the Amended Complaint.

35.

AHL denies the allegations contained in Paragraph 35 of the Amended Complaint.

36.

AHL denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.

AHL admits the allegations contained in Paragraph 37 of the Amended Complaint.

## POLICIES AND PRACTICES COMPLAINED OF

38.

Except to admit that aspects of the plaintiff's loan are governed by TILA and RESPA, AHL denies all remaining allegations contained in Paragraph 38 of the Amended Complaint.

39.

Except to admit that the provisions of 15 U.S.C. § 1639 and Regulation Z § 226.32 speak for themselves, AHL denies all remaining allegations contained in Paragraph 39 of the Amended Complaint.

40.

AHL denies the allegations contained in Paragraph 40 of the Amended Complaint, including subparagraphs (a) and (b), and specifically demands strict proof thereof.

## EQUITABLE ESTOPPEL, EQUITABLE TOLLING

41.

AHL denies the allegations contained in Paragraph 41 of the Amended Complaint, including subparagraphs (a) – (c), and specifically demands strict proof thereof.

42.

AHL denies the allegations contained in Paragraph 42 of the Amended Complaint.

## COUNT I

43.

AHL incorporates its denials and responses in the preceding paragraphs.

44.

Except to admit that 15 U.S.C. § 1635 and Regulation Z § 226.23 speak for themselves, AHL denies all remaining allegations contained in Paragraph 44 of the Amended Complaint.

45.

AHL denies the allegations contained in Paragraph 45 of the Amended Complaint, including subparagraphs (a) – (f), and demands strict proof thereof.

46.

AHL denies the allegations contained in Paragraph 46 of the Amended Complaint.

47.

AHL denies the allegations contained in Paragraph 47 of the Amended Complaint.

48.

AHL denies the allegations contained in Paragraph 48 of the Amended Complaint.

49.

AHL admits that it has not taken any action to terminate its security interest, but specifically denies that it has failed to satisfy any requirements set forth in 15 U.S.C § 1635(b) and/or Regulation Z 226.23(d)(2). Accordingly, except as expressly admitted herein, AHL denies all remaining allegations in Paragraph 49 of the Amended Complaint.

50.

AHL admits it has not returned any money to the Plaintiff, but specifically denies that it has failed to satisfy any requirements set forth in 15 U.S.C § 1635(b) and/or Regulation Z 226.23(d)(2). Accordingly, except as expressly admitted herein, AHL denies all remaining allegations in Paragraph 50 of the Amended Complaint.

51.

AHL denies the allegations contained in Paragraph 51 of the Amended Complaint, and specifically denies that has committed and/or is liable for any of the allegations in subparagraphs (a) – (g).

**PRAYER FOR RELIEF**

AHL denies the allegations contained in the Paragraph of the Amended Complaint beginning "Prayer for Relief", and denies that the plaintiff is entitled to any relief whatsoever.

52-67

There are no Paragraphs numbered 52 through 67 in the Amended Complaint, and accordingly, no response is necessary from AHL.

## <u>COUNT II – HOEPA VIOLATIONS</u>

68.

AHL incorporates its denials and responses in the preceding Paragraphs.

69.

AHL denies the allegations contained in Paragraph 69 of the Amended Complaint.

70.

AHL denies the allegations contained in Paragraph 70 of the Amended Complaint.

71.

AHL denies the allegations contained in Paragraph 71 of the Amended Complaint.

72.

The allegations contained in Paragraph 72 do not specify or detail the disclosures the plaintiff contends were not provided to her. AHL is therefore without sufficient information to admit or deny the allegation, and, therefore, denies Paragraph 72 of the Amended Complaint.

73.

The allegations contained in Paragraph 73 do not specify or detail the disclosures the plaintiff contends were not provided to her. AHL is therefore without sufficient information to admit or deny the allegation, and, therefore, denies Paragraph 73 of the Amended Complaint.

74.

AHL denies the allegations contained in Paragraph 74 of the Amended Complaint.

75.

AHL denies the allegations contained in Paragraph 75 of the Amended Complaint. Further, AHL denies the allegations contained in the unnumbered Paragraph beginning "WHEREFORE", and specifically denies that the Plaintiff is entitled to any relief whatsoever.

## COUNT III

## CLASS ALLEGATIONS – TILA VIOLATIONS

76.

AHL incorporates its denials and responses in the preceding Paragraphs.

77.

AHL denies the allegations contained in Paragraph 77 of the Amended Complaint.

78.

AHL denies the allegations contained in Paragraph 78 of the Amended Complaint.

79.

AHL denies the allegations contained in Paragraph 79 of the Amended Complaint.

80.

AHL denies the allegations contained in Paragraph 80 of the Amended Complaint.

81.

AHL is without sufficient information to admit or deny Paragraph 81 of the Amended Complaint and, therefore, denies the same.

82.

AHL denies the allegations contained in Paragraph 82 of the Amended Complaint.

83.

AHL denies the allegations contained in Paragraph 83 of the Amended Complaint, including a specific denial of subparagraphs (a) through (d).

84.

AHL denies the allegations contained in Paragraph 84 of the Amended Complaint.

85.

AHL denies the allegations contained in Paragraph 85 of the Amended Complaint.

86.

AHL denies the allegations contained in Paragraph 86 of the Amended Complaint.

87.

AHL is without sufficient information to admit or deny Paragraph 87 of the Amended Complaint and, therefore, denies the same.

**COUNT IV**

88.

AHL incorporates its denials and responses in the preceding Paragraphs.

89.

Except to admit that Rule 23 (b) (2) and 57 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1635 speak for themselves, AHL denies all remaining allegations in Paragraph 89 of the Amended Complaint.

90.

AHL denies the allegations contained in Paragraph 90 of the Amended Complaint. Further, AHL denies the allegations contained in the unnumbered paragraph labeled "Prayer for Relief" and specifically denies subparagraphs (a) through (n) thereto.  Further, AHL specifically

denies that Plaintiff and the purported class she seeks to represent are entitled to any relief whatsoever.

### FIFTH DEFENSE

The damages allegedly suffered by Plaintiff, if any, were the result of the failure of Plaintiff to use reasonable diligence in performing acts and duties required of her.

### SIXTH DEFENSE

The facts not having been developed, AHL adopts the following affirmative defenses: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge and bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, parole evidence, statute of limitations, waiver, ratification and any other matter constituting an avoidance or affirmative defense as may be shown by the facts in this cause.

### SEVENTH DEFENSE

AHL asserts that any alleged conduct or omission on its part was not the cause of any injury alleged by Plaintiff.

### EIGHTH DEFENSE

AHL asserts that any recovery by Plaintiff is barred or must be reduced as a result of Plaintiff's own fault.

### NINTH DEFENSE

AHL asserts that the Complaint fails to state a claim upon which exemplary or punitive damages may be awarded.

## TENTH DEFENSE

Plaintiff's claims against AHL are barred in whole or in part, because Plaintiff's injuries, if any, were caused by an independent intervening cause(s) which AHL did not control, have a right to control, or have any influence over.

## ELEVENTH DEFENSE

Plaintiff did not take action to mitigate her damages.

## TWELFTH DEFENSE

The care and treatment rendered by AHL to Plaintiff was at all times in conformity or exceeded the applicable minimally acceptable standard of care, whether fiduciary or otherwise, which would be rendered by a reasonably prudent lender providing services of the type rendered to the Plaintiff under the same or similar circumstances.

## THIRTEENTH DEFENSE

AHL denies any liability for the acts of other entities under a theory of respondeat superior, vicarious liability, agency, or otherwise.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because they are not ripe for adjudication or are otherwise nonjusticiable.

## FIFTEENTH DEFENSE

To the extent the Complaint seeks to make Defendants liable for punitive damages, AHL adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996). *Cooper Indus., Inc. v. Leatherman Tool Group*, 532 U.S. 923 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## SIXTEENTH DEFENSE

To award punitive damages against AHL in this case would violate the Contracts Clause of Article I, Section 10 of the United States Constitution, as an award of punitive damages would impair the contractual obligations of any contracts involving Plaintiff and AHL.

## SEVENTEENTH DEFENSE

Any award of punitive damages in this case must comply with the Commerce Clause of the United States Constitution. Specifically, to award punitive damages against AHL in this case would violate the Commerce Clause by chilling and impeding AHL from engaging in interstate commerce. Any portion of a punitive damages award based on conduct outside the State of Mississippi would violate the Commerce Clause.

## EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

## NINETEENTH DEFENSE

AHL reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to it which may become applicable through discovery and during the trial of this cause.

## TWENTIETH DEFENSE

AHL affirmatively pleads all right afforded to it pursuant to 15 U.S.C. 1605(f).

## TWENTY-FIRST DEFENSE

This action is not appropriate to proceed as a class action because the requirements for class certification are not satisfied.

### TWENTY-SECOND DEFENSE

Plaintiff's claims fail to satisfy the requirements for proceeding as a class action pursuant to the provisions of *Fed. R. Civ. P.* 23

### TWENTY-THIRD DEFENSE

Plaintiff's class claims are barred because rescission and declaratory relief are not available in a class action.

### TWENTY-FOURTH DEFENSE

This Court lacks subject matter and personal jurisdiction and venue over some or all of the persons and claims of the putative class.

### TWENTY-FIFTH DEFENSE

Some or all of the claims raised by the Plaintiffs or on behalf of the putative class are barred by principles of estoppel, *res judicata*, collateral estoppel, release, claim preclusion, waiver and/or similar doctrines or concepts.

### TWENTY-SIXTH DEFENSE

The claims of Plaintiffs and putative class members are barred under TILA's "tolerances for accuracy," 15 U.S.C. § 1605(f).

### TWENTY-SEVENTH DEFENSE

The claims of Plaintiffs or putative class members are barred, in whole or in part, to the extent that any arbitration agreements govern their loans with AHL.

### TWENTY-EIGHTH DEFENSE

Any injury or damage to Plaintiffs and/or putative class members is offset by amounts owed by them to AHL and/or its successors or assigns.

1/1700110.1

16

## TWENTY-NINTH DEFENSE

AHL hereby gives notice that it intends to and will rely upon all defenses that it may have as to any of the absent members of the putative class if a class is certified.

## THIRTIETH DEFENSE

AHL reserves the right to assert counterclaims against any of the absent members of the putative class if a class is certified in order to preserve its rights.

## THIRTY-FIRST DEFENSE

WHEREFORE, PREMISES CONSIDERED, AHL respectfully requests that this Answer be received and deemed sufficient and that a Judgment be entered in its favor denying the relief requested by Plaintiff and dismissing this action against AHL with prejudice with costs being assessed against Plaintiff. AHL also prays for any general relief which the Court may deem appropriate in the premises.

Because the Complaint is cast in conclusory terms, AHL cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, AHL reserves the right to assert additional affirmative defenses, if and to the extent that such defenses are applicable, and to otherwise supplement and/or amend its answer and defenses herein.

Respectfully submitted,

s/ Robert E. Poundstone, IV
Robert E. Poundstone, IV
One of the Attorneys for Defendant
Accredited Home Lenders Inc.

OF COUNSEL

Robert E. Poundstone, IV
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780

Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

J. Douglas Minor, Jr.
Bradley Arant Rose & White LLP
Suite 450, One Jackson Place
188 East Capitol Street
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

<u>CERTIFICATE OF SERVICE</u>


        I hereby certify that on May 9, 2008, I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system which will send notification of such filing to the
following:

        Earl P. Underwood, Jr.
        Law Offices of Earl P. Underwood, Jr.
        P.O. Box 969
        21 South Section Street
        Fairhope, AL 36533-0969

and I hereby certify that I have mailed by United States Postal Service the document to the
following non-CM/ECF participants:

        None.


                                    Respectfully submitted,

                                    s/ Robert E. Poundstone, IV
                                    Robert E. Poundstone, IV
                                    Bradley Arant Rose & White LLP
                                    The Alabama Center for Commerce
                                    401 Adams Avenue, Suite 780
                                    Montgomery, AL 36104
                                    Telephone: (334) 956-7700
                                    Facsimile: (334) 956-7701
                                    E-mail: bpoundstone@bradleyarant.com

1/1700110.1