IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHERYL HALL FRAZIER,               )
                                   )
     PLAINTIFF,                   )
                                   )
V.                                 )        CIVIL ACTION NO.:
                                   )        1:08-cv-11-MHT
ACCREDITED HOME LENDERS,           )
INC., d/b/a HOME FUNDS DIRECT      )
                                   )
     DEFENDANT.                   )

## MOTION FOR ORDER COMPELLING COMPLIANCE WITH PLAINTIFF'S DISCOVERY REQUESTS AND TO STRIKE CANNED OBJECTIONS

Now comes the Plaintiff and shows the court as follows:

## INTRODUCTION

This is a class action under the Truth-in-Lending Act. Plaintiff avers that Accredited failed to provide them and a class of similarly situated individuals with accurate TILA disclosures resulting to an extended right to rescind the transactions under 15 U.S.C. § 1635. Hall seeks rescission of her loan and a declaration that similarly situated borrowers can rescind their loans if they so desire.

## FACTS RELEVANT TO THIS MOTION

1.     On November 16th 2007, Plaintiff served its Interrogatory and Request for Production on Defendant

2.    On February 25th 2008, Defendant served its Responses and Objections to Plaintiff's Requests for Production.

3.    On March 19th 2008 Plaintiff served its Second Set of Interrogatories and Request for Production on Defendant.

4.    On May 13th 2008 Defendant served its response to Plaintiff's second set of Interrogatories and Request for Production.

5.    On May 15th 2008, Plaintiff's counsel mailed a letter to counsel of Defendant stating that the discovery was incomplete and requested full responses to Request No. 12, 13 and 14 and to Interrogatory No. 12, 13, 14, 18, and 19. **[Exhibit A].**

6.    On May 20th 2008, Plaintiff's counsel received a letter from Defense counsel stating that a response to Plaintiffs May 15th request would be forthcoming. **[Exhibit B].**

7.    Plaintiff did not receive a response after Defense counsel's May 20th letter.

8.    On May 28th 2008, Plaintiff's counsel mailed another letter to counsel for Defendant reiterating Plaintiff's position that the responses served were insufficient, evasive and contained canned or boilerplate objections and detailed its concerns to each interrogatory and request in the letter.  **[Exhibit C].**

9.    Before filing this Motion, Plaintiff's counsel attempted to contact Defendant's counsel today by telephone but did not reach anyone.

10.    As of the date of this motion, Plaintiff has received no further response from Defendant concerning the outstanding discovery.

## DISCOVERY REQUESTS AND ACCREDITED'S RESPONSES

**Canned Objections found in the preamble to the answers:**

**Objection by Defendant**:

1.    "Defendant objects to the Interrogatories and the Requests for Production, and to the "Instructions" preceding them, as unduly burdensome to the extent that they purport to impose obligations in addition to those imposed by the Federal Rules of Civil Procedure and this Court's Local Rules"

**Plaintiff's Response to Objection**    "As you know FRCP 34 states in pertinent part "The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." The objection is a canned objection and does not state a specific reason that any of our requests are improper. I urge you to withdraw this canned objection or state it with enough particularity that I can properly respond to it."

**Objection by Defendant:**

2.    "Defendant objects to the "Instructions" preceding the Interrogatories and Request for Production to the extent they include definitions that are overbroad, mischaracterized or inaccurately define certain terms, or require Defendant to make a legal conclusion."

**Plaintiff's Response to Objection** "Please re-state this objection and tell us what it that is being objected to. Which instructions is Accredited claiming are objectionable and why?"

**Objection by Defendant:**

3.    "Defendant objects to each Interrogatory and Request for Production as overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence to the extent it seeks information beyond the scope of this litigation."

**Plaintiff's Response to Objection** "This is another canned and meaningless objection. Please restate it and tell us what the specific objection is so we may properly respond."

**Objection by Defendant:**

4.      "Defendant objects to each Interrogatory and Request for Production to the extent it expressly or impliedly seeks information protected by the attorney-client privilege, the work product doctrine, self-analysis privilege, joint defense or common interest privilege, or any other applicable privilege or similar reason for non-production.  Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege.

**Plaintiff's Response to Objection** "This is another canned objection. Please re-state this objection and tell us what it that is being objected to. In what requests is AHL claiming that we are seeking confidential information about non-parties?
Additionally there is a claim of privilege being made. Please provide us with a log of any documents being withheld as subject to any claim of privilege."

**Objection by Defendant:**

5.      "Defendant objects to each Interrogatory and Request for Production to the extent it seeks information (i) that is not within Defendant's possession, custody, or control; or (ii) that is within the possession, custody, or control of corporate affiliates of Defendant that are not controlled by Defendant; or (iii) that is in the possession, custody, or control of or concern the activities of subservicers, of predecessor or successor servicers or subservicers, of master servicers for whom Defendant provided subservicing, or of investors on the loans at issue."

**Plaintiff's Response to Objection** Please restate this objection and tell us specifically what it is that is being objected to.

**INTERROGATORY NO. 1:**  Identify each person or persons participating in the preparation of these your answers to these interrogatories giving their full name, address and job title.

**Objection by Defendant:**

"AHL objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the work product immunity doctrine. Subject to and without waiver of this objection and the General Objections, AHL states that various individuals in its Legal Department assisted with the preparation of these interrogatory responses."

**Plaintiff's Response to Objection** "We are certainly entitled to know the identity of the persons assisting AHL in preparing its answers to the interrogatories. Please provide the identity of all persons that would be responsive to the answer to interrogatory number 1."

**INTERROGATORY NO. 2:** Identify each charge included in the calculation of the "amount financed" regarding the transaction at issue herein.

**Objection by Defendant:**

"AHL objects to this Interrogatory on the grounds that it is ambiguous and inconsistent with the method prescribed by federal law for calculating the Amount Financed. Subject to and without waiver of this objection and the General Objections, AHL states that the Amount Financed disclosed on Ms. Frazier's Final Trust in Lending Disclosure Statement (AHL/Frazier0031) was calculated by subtracting the Prepaid Finance Charge ($3,582.90) referenced in AHL's Response to Interrogatory No. 3 from the Principal Loan Amount ($56,000.00)."

**Plaintiff's Response to Objection** "Please withdraw the canned objection that interrogatory number 2 is ambiguous. There is nothing ambiguous about the interrogatory and I would appreciate the withdrawal of that canned objection."

**INTERROGATORY NO. 3:** Identify each charge included in the calculation of the "finance charge" regarding the transaction at issue herein.

**Objection by Defendant:**

"AHL objects to this Interrogatory on the grounds that it is vague, ambiguous, and inconsistent with the method prescribed by federal law for calculating the "finance charge." Subject to and without waiver of this objection and the General Objections, AHL states that the "finance charge" disclosed on Ms. Frazier's Final Truth in Lending Disclosure Statement (AHL/Frazier 0031) included the sum of (1) the Prepaid Finance Charge, which totaled $3,582.90, consisting of the Origination Fee ($1,960.00), the Processing Fee ($500.00), the Underwriting Fee ($500.00), the Appraisal Review Fee ($250.00), Flood Zone

Determination Fee ($9.50), the Tax Service Fee ($66.00), the Per Diem interest fee ($22.40) and the Settlement/Closing fee ($275.00), as disclosed on the Final Good Faith Estimate (AHL0032); plus (2) Interest during the term of the loan ($82,189.61), which is calculated by subtracting the Principal Loan Amount ($56,000.00) from the Total of Payments ($138,189.61)."

**Plaintiff's Response to Objection** I would appreciate a withdrawal of the canned objection there as well. There is certainly nothing inconsistent, vague or ambiguous about interrogatory number 3.

**INTERROGATORY NO. 4:** Identify the methodology and describe the step by step process by which the APR (Annual Percentage Rate) was calculated regarding the instant transaction.

**Objection by Defendant:**

"AHL objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information about calculations based on amounts that were included in the "finance charge" disclosure on Ms. Frazier's Final Truth in Lending Disclosure Statement (AHL 0031) and is, therefore, beyond the scope of this litigation. Subject to and without waiver of this objection and the General Objections, AHL states that the APR was calculated by entering the loan amount, interest rate, and other charges into a software program called Empower® provided by Fidelity Information Services. The Empower software, which is a calculation tool used in good faith by AHL within the meaning of Regulation Z, 12 C.F.R. § 226.22(a)(l) n.45d, then used these amounts to calculate the APR, as provided in Appendix J to Regulation Z, 12 C.F.R. pt. 226 app. J."

**Plaintiff's Response to Objection** "Likewise the objection to interrogatory number 4 is another canned objection. There is nothing overbroad or unduly burdensome about disclosing the methodology used to calculate the annual percentage rate, this is after all, a Truth In Lending Act case and I would appreciate withdrawal of that canned objection. Furthermore, the interrogatory is not answered. The interrogatory requests the step by step process by which the annual percentage rate was calculated and we would appreciate a full answer. Just saying that "Empower" software was used does not disclose the step by step process that the interrogatory asks for nor does it disclose the methodology. So, I would appreciate a full answer to interrogatory number 4."

**INTERROGATORY NO. 5:**    Describe in detail each and every service performed, giving full names of the persons or entities performing such services, regarding the transaction at issue in exchange for your "Origination Fee."

  **Objection by Defendant:**

  "AHL objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. The Origination Fee was included in the "finance charge" disclosed on Ms. Frazier's Final Truth in Lending Disclosure Statement (AHL 0031) and is, therefore, beyond the scope of this litigation. Subject to and without waiver of this objection and the General Objections, AHL states that the Origination Fee is revenue collected in exchange for originating a loan and covers a wide variety of AHL's operational expenses, including employee compensation, facilities, overhead, etc."

**INTERROGATORY NO. 6:**    Describe in detail each and every service performed, giving full names of the persons or entities performing such services, regarding the transaction at issue in exchange for your "Flood Cert." and "Tax Service" fees.

 **Objection by Defendant:**

  "AHL objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. The "Processing Fee**,**" "Underwriting Fee," "Flood Zone Determination Fee," **"**Tax Service Fee" and "Appraisal Review Fee" fees were included in the "finance charge" disclosed on Ms. Frazier's Final Truth in Lending Disclosure Statement (AHL 0031) and are, therefore, beyond the scope of this litigation. Subject to and without waiver of this objection and the General Objections, AHL states as follows:"

  **<u>Plaintiff's Response to Objection</u> "With regard to requests 5 and 6, I don't believe there is anything vague or ambiguous about either one of them nor are they unduly burdensome.   They are certainly relevant in this proceeding.   They are certainly relevant with regard to AHL's compliance with RESPA and Swafford's compliance with RESPA."**

**INTERROGATORY NO. 7:**  For each service in referred to in interrogatories 5 and 6 above that was performed in whole or part by a third party, identify that third party, itemize all third party charges and describe the service(s) performed

by such third party.

**Objection by Defendant:**

"AHL objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information about calculations based on amounts that were included in the "finance charge" disclosure on Ms. Frazier's Final Truth in Lending Disclosure Statement (AHL 0031) and is, therefore, beyond the scope of this litigation. Subject to and without waiver of this objection and the General Objections, AHL states that First American Flood Data Services and First American Tax Services performed certain functions in connection with the flood zone determination fee and the tax service fee. See Response to Interrogatory No. 6 above."

<u>**Plaintiff's Response to Objection**</u> "I would appreciate an answer also to number 7. It appears that the flood data services and tax services were performed by First American. I would appreciate a full answer to interrogatory number 7 which would include disclosures of the amounts paid to First American for those services."

**Wherefore**, Plaintiff requests an order from the court ordering Defendant to fully comply with Plaintiff's discovery requests.

**RESPECTFULLY,** submitted on this the 27th day of June, 2008.

<u>**s/ Earl P. Underwood, Jr.**</u>
**EARL P. UNDERWOOD, JR.**
**JAMES D. PATTERSON**
**21 South Section Street**
**PO Box 969**
**Fairhope, Alabama 36533**
**251-990-5558 Telephone**
**251-990-0626 Facsimile**

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the following:

Robert E. Poundstone, IV
Bradley Arant Rose & White, LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

James D. Minor, Jr.
Bradley Arant Rose & White LLP
Suite 450 One Jackson Pl
188 East Capitol St
PO Box 1789
Jackson MS 39215-1789

s/  Earl P. Underwood, Jr.
Earl P. Underwood, Jr.

# EXHIBIT
# A

The Law Offices of

# Earl P. Underwood, Jr.

21 South Section Street
Post Office Box 969
Fairhope, Alabama 36533-0969
(251) 990-5558

Earl P. Underwood, Jr.
James D. Patterson

May 15th 2008

Robert Emmett Poundstone, IV
Bradley, Arant
401 Adams Avenue, Ste 780
Montgomery AL 36104

    **RE:** ***Cheryl H. Frazier v. Accredited Home Lenders, Inc.***
            **Case No. 2:07mc3379-MHT**
            **United States District Court Middle District Alabama**

Dear Robert:

Now that Judge Thompson has allowed the filing of Plaintiff's Amended Complaint which includes the class allegations, I believe you should withdraw your objections to certain of Defendant Accredited's responses to Plaintiff's discovery. Plaintiff needs full responses immediately.

Specifically, I list below certain requests for production and Accredited's response:

12.    Your entire list, database or other compilation listing all of the data maintained by you regarding your loans closed by Swafford Settlement Services.

RESPONSE: Accredited Home Lenders objects to this request as it is overboard, unduly burdensome, and calls for information which is completely irrelevant to the claims in this lawsuit. Accredited Home Lenders further objects in that this request violates its customers' right to privacy.

13.    Your entire list, database or other compilation that contains the identities of consumers' to which you made a mortgage loan and said loan was closed by Swafford Settlement Services, the dates of their loans and the assignees of their loans.

RESPONSE. Accredited Home Lenders objects to this request as it is overboard, overly burdensome, and calls for information which is completely irrelevant to the claims in this lawsuit. Accredited Home Lenders further objects in that this request violates its customers' right to privacy.

Post Office Box 969
21 South Section Street
Fairhope, Alabama 36533-0969
Voice: (251) 990-5558
Fax: (251) 990-0626

World Wide Web Address:
http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com

Frazier v. Accredited Home Lenders, Inc.
May 15th 2008
Page 2 of 3

    14.    All documents, e-mails, manuals or records, used by you, related to compliances with state and federal ending laws.

RESPONSE. Accredited Home Lenders objects to this request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to only the production of admissible evidence. Accredited Home Lenders further objects to this request to the extent it seeks documents and materials protected by the attorney-client privilege. Accredited Home Lenders further states that it cannot reasonably ascertain what documents the Plaintiff is seeking in response to this request.

Further, I list below certain interrogatories and Accredited's response:

    12.    Identify each and every settlement service provider that has closed loans for you during the class period giving their full name and address.

RESPONSE. AHL objects to Interrogatory No.12 on grounds that the "class period" is erroneous and confusing. AHL further objects on grounds that Interrogatory No. 12 is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

    13.    Identify and described each and every audit, evaluation, stuffy or examination performed by you or on your behalf regarding the services provided by all the service providers listed in response to interrogatory number 11.

RESPONSE. AHL objects to Interrogatory No. 13 on grounds that Interrogatory No. 11 did not request the identity of any service providers, and AHL is therefore unable to respond. To the extent Interrogatory No. 13 seeks the identity of service providers sought in Interrogatory No. 12 AHL incorporates its objections to the preceding interrogatory.

    14.    As to each settlement service provider listed in response to interrogatory Number 11 state the number of loans closed for you by each during each of the preceding 5 years.

RESPONSE. As to each settlement service provider listed in response to interrogatory Number 11 state the number of loans closed for you by each during each of the preceding 5 years.

    18.    State the number of loans originated by you as lender during each of the last five (5) years preceding the filing of this action.

RESPONSE. AHL objects to Interrogatory No. 18 on grounds that is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

    19.    Identify the states in which loans originated by you as lender were closed within the last five (5) years prior to the filing of this action.

Post Office Box 969
21 South Section Street
Fairhope, Alabama 36533-0969
Voice: (251) 990-5558
Fax: (251) 990-0626

World Wide Web Address:
http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com

Frazier v. Accredited Home Lenders, Inc.
May 15th 2008
Page 3 of 3

RESPONSE.   AHL objects to Interrogatory No.19 on grounds that it is unduly
burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

All of these discovery requests are reasonably calculated to lead to admissible evidence.
They are not burdensome.

Please let me hear from you by Monday, May 19, 2008, with respect to your provision of
full responses to this discovery.

Sincerely,

Earl P. Underwood, Jr.

EPUjr/dcl

Post Office Box 969
21 South Section Street
Fairhope, Alabama 36533-0969
Voice: (251) 990-5558
Fax: (251) 990-0626

World Wide Web Address:
http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com

# EXHIBIT
# B



**Bradley Arant**

BRADLEY ARANT ROSE & WHITE LLP

SUITE 450, ONE JACKSON PLACE
188 EAST CAPITOL STREET
PO BOX 1789
JACKSON, MS 39215-1789
601.948.8000  FAX 601.948.3000
WWW.BRADLEYARANT.COM

J. Douglas Minor, Jr.

Direct Dial: 601-592-9973
Direct Fax: 601-592-1473
dminor@bradleyarant.com

May 20, 2008

**VIA FACSIMILE: (251) 990-0626**
Earl Price Underwood, Jr.
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, Alabama 36533-0959

> Re:   Cheryl H. Frazier v. Accredited Home Lenders, Inc., et al; In the United States
> District Court; Middle District of Alabama; Southern Division; Civil Action No.:
> 1:08-CV-11-MHT

Dear Earl:

I have received a copy of your letter to Bobby dated May 15th regarding the requested supplementation of our discovery responses. Your letter requests a response by today, May 19th.

Please provide us until close of business Thursday to respond to your letter. At that time we will be able to advise you of any expansion in the scope of our discovery responses pursuant to the amended complaint. Also, in the future please copy both Bobby and me on correspondence in the case.

Sincerely,

J. Douglas Minor, Jr.

JDM, Jr./eb

cc:   Bobby Poundstone

4/122297.1  BIRMINGHAM   CHARLOTTE   HUNTSVILLE   JACKSON   MONTGOMERY   WASHINGTON, DC

# EXHIBIT
# C

The Law Offices of

# Earl P. Underwood, Jr.

21 South Section Street
Post Office Box 969
Fairhope, Alabama 36533-0969
(251) 990-5558

Earl P. Underwood, Jr.
James D. Patterson

May 28th 2008

Robert Emmett Poundstone, IV
Bradley, Arant, Rose & White, LLP
401 Adams Avenue, Ste 780
Montgomery AL 36104

James D. Minor, Jr.
Bradley Arant Rose & White LLP
PO Box 1789
Jackson MS 39215-1789

      Re: Cheryl Hall Frazier v. Accredited Home Lenders
      Civil Action No.: 1:08-cv-11-MHT

Dear Robert and Doug:

      I am in receipt of AHL's responses to our Rule 34 requests. As you know there numerous boiler plate or canned objections made to the discovery requests and I will take up the ones that we are most concerned with below. With regard to the "General Objections" I have the following concerns:

Objection:

      1.    Defendant objects to the Interrogatories and the Requests for Production, and to the "Instructions" preceding them, as unduly burdensome to the extent that they purport to impose obligations in addition to those imposed by the Federal Rules of Civil Procedure and this Court's Local Rules

Concern:

      **As you know FRCP 34 states in pertinent part "The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." The objection is a canned objection and does not state a specific reason that any of our requests are improper. I urge you to withdraw this canned objection or state it with enough particularity that I can properly respond to it.**

Cheryl H. Frazier v. Accredited Home Lenders, Inc.
May 28th 2008
Page 2 of 5

Objection:

     2.     Defendant objects to the "Instructions" preceding the Interrogatories and Request for Production to the extent they include definitions that are overbroad, mischaracterized or inaccurately define certain terms, or require Defendant to make a legal conclusion.

**Concern:**

     **Please re-state this objection and tell us what it that is being objected to. Which instructions is Accredited claiming are objectionable and why?**

Objection:

     3.     Defendant objects to each Interrogatory and Request for Production as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information beyond the scope of this litigation.

**Concern:**

     **This is another canned and meaningless objection. Please restate it and tell us what the specific objection is so we may properly respond.**

Objection:

     4.     Defendant objects to each Interrogatory and Request for Production to the extent it expressly or impliedly seeks information protected by the attorney-client privilege, the work product doctrine, self-analysis privilege, joint defense or common interest privilege, or any other applicable privilege or similar reason for non-production. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege.

**Concern:**

     **This is another canned objection. Please re-state this objection and tell us what it that is being objected to. In what requests is AHL claiming that we are seeking confidential information about non-parties?**
     **Additionally there is a claim of privilege being made. Please provide us with a log of any documents being withheld as subject to any claim of privilege.**

Objection:

     5.     Defendant objects to each Interrogatory and Request for Production to the extent it seeks information (i) that is not within Defendant's possession, custody, or control; or (ii) that

Post Office Box 969
21 South Section Street
Fairhope, Alabama 36533-0969
Voice: (251) 990-5558
Fax: (251) 990-0626

World Wide Web Address:
http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com

Cheryl H. Frazier v. Accredited Home Lenders, Inc.
May 28th 2008
Page 3 of 5

is within the possession, custody, or control of corporate affiliates of Defendant that are not controlled by Defendant; or (iii) that is in the possession, custody, or control of or concern the activities of subservicers, of predecessor or successor servicers or subservicers, of master servicers for whom Defendant provided subservicing, or of investors on the loans at issue.

**Concern:**

**Please restate this objection and tell us specifically what it is that is being objected to.**

I would now like to address the objections and responses to specific requests. I will reproduce AHL's response and state our concerns.

1.      Response:    AHL objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the work product immunity doctrine. Subject to and without waiver of this objection and the General Objections, AHL states that various individuals in its Legal Department assisted with the preparation of these interrogatory responses.

**Concern:    We are certainly entitled to know the identity of the persons assisting AHL in preparing its answers to the interrogatories. Please provide the identity of all persons that would be responsive to the answer to interrogatory number 1.**

2.      Response:    AHL objects to this Interrogatory on the grounds that it is ambiguous and inconsistent with the method prescribed by federal law for calculating the Amount Financed. Subject to and without waiver of this objection and the General Objections, AHL states that the Amount Financed disclosed on Ms. Frazier's Final Trust in Lending Disclosure Statement (AHL/Frazier0031) was calculated by subtracting the Prepaid Finance Charge ($3,582.90) referenced in AHL's Response to Interrogatory No. 3 from the Principal Loan Amount ($56,000.00).

**Concern:    Please withdraw the canned objection that interrogatory number 2 is ambiguous. There is nothing ambiguous about the interrogatory and I would appreciate the withdrawal of that canned objection.**

3.      Response:    AHL objects to this Interrogatory on the grounds that it is vague, ambiguous, and inconsistent with the method prescribed by federal law for calculating the "finance charge." Subject to and without waiver of this objection and the General Objections, AHL states that the "finance charge" disclosed on Ms. Frazier's Final Truth in Lending Disclosure Statement (AHL/Frazier 0031) included the sum of (1) the Prepaid Finance Charge, which totaled $3,582.90, consisting of the Origination Fee ($1,960.00), the Processing Fee ($500.00), the Underwriting Fee ($500.00), the Appraisal Review Fee ($250.00), Flood Zone Determination Fee ($9.50), the Tax Service Fee ($66.00), the Per Diem interest fee ($22.40) and the Settlement/Closing fee ($275.00), as disclosed on the Final Good Faith Estimate (AHL0032);

Post Office Box 969
21 South Section Street
Fairhope, Alabama 36533-0969
Voice: (251) 990-5558
Fax: (251) 990-0626

World Wide Web Address:
http://www.alalaw.com
E-mail address:
cpunderwood@alalaw.com

Cheryl H. Frazier v. Accredited Home Lenders, Inc.
May 28th 2008
Page 4 of 5

plus (2) Interest during the term of the loan ($82,189.61), which is calculated by subtracting the
Principal Loan Amount ($56,000.00) from the Total of Payments ($138,189.61).

**Concern:    I would appreciate a withdrawal of the canned objection there as well. There
is certainly nothing inconsistent, vague or ambiguous about interrogatory number 3.**

4.    Response:    AHL objects to this Interrogatory on the grounds that it is
overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of
admissible evidence. This interrogatory seeks information about calculations based on amounts
that were included in the "finance charge" disclosure on Ms. Frazier's Final Truth in Lending
Disclosure Statement (AHL 0031) and is, therefore, beyond the scope of this litigation. Subject
to and without waiver of this objection and the General Objections, AHL states that the APR was
calculated by entering the loan amount, interest rate, and other charges into a software program
called Empower® provided by Fidelity Information Services. The Empower software, which is a
calculation tool used in good faith by AHL within the meaning of Regulation Z, 12 C.F.R. §
226.22(a)(1) n.45d, then used these amounts to calculate the APR, as provided in Appendix J to
Regulation Z, 12 C.F.R. pt. 226 app. J.

**Concern:    Likewise the objection to interrogatory number 4 is another canned
objection.    There is nothing overbroad or unduly burdensome about disclosing the
methodology used to calculate the annual percentage rate, this is after all, a Truth In
Lending Act case and I would appreciate withdrawal of that canned objection.
Furthermore, the interrogatory is not answered. The interrogatory requests the step by
step process by which the annual percentage rate was calculated and we would appreciate a
full answer. Just saying that "Empower" software was used does not disclose the step by
step process that the interrogatory asks for nor does it disclose the methodology. So, I
would appreciate a full answer to interrogatory number 4.**

5.    Response:    AHL objects to this Interrogatory on the grounds that it is vague,
ambiguous, overbroad and unduly burdensome, and is not reasonably calculated to lead to the
discovery of admissible evidence. The Origination Fee was included in the "finance charge"
disclosed on Ms. Frazier's Final Truth in Lending Disclosure Statement (AHL 0031) and is,
therefore, beyond the scope of this litigation. Subject to and without waiver of this objection and
the General Objections, AHL states that the Origination Fee is revenue collected in exchange for
originating a loan and covers a wide variety of AHL's operational expenses, including employee
compensation, facilities, overhead, etc.

6.    Response:    AHL objects to this Interrogatory on the grounds that it is vague,
ambiguous, overbroad and unduly burdensome, and is not reasonably calculated to lead to the
discovery of admissible evidence. The "Processing Fee," "Underwriting Fee," "Flood Zone
Determination Fee," "Tax Service Fee" and "Appraisal Review Fee" fees were included in the
"finance charge" disclosed on Ms. Frazier's Final Truth in Lending Disclosure Statement (AHL
0031) and are, therefore, beyond the scope of this litigation. Subject to and without waiver of this
objection and the General Objections, AHL states as follows:

Post Office Box 969
21 South Section Street
Fairhope, Alabama 36533-0969
Voice: (251) 990-5558
Fax: (251) 990-0626

World Wide Web Address:
http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com

Cheryl H. Frazier v. Accredited Home Lenders, Inc.
May 28th 2008
Page 5 of 5

**Concern:**    **With regard to interrogatories 5 and 6, I don't believe there is anything
vague or ambiguous about either one of them nor are they unduly burdensome. They are
certainly relevant in this proceeding. They are certainly relevant with regard to AHL's
compliance with RESPA and Swafford's compliance with RESPA.**

7.    Response:    AHL objects to this Interrogatory on the grounds that it is vague,
ambiguous, overbroad and unduly burdensome, and is not reasonably calculated to lead to the
discovery of admissible evidence. This interrogatory seeks information about calculations
based on amounts that were included in the "finance charge" disclosure on Ms. Frazier's Final
Truth in Lending Disclosure Statement (AHL 0031) and is, therefore, beyond the scope of this
litigation. Subject to and without waiver of this objection and the General Objections, AHL
states that First American Flood Data Services and First American Tax Services performed
certain functions in connection with the flood zone determination fee and the tax service fee.
See Response to Interrogatory No. 6 above.

**Concern:**    **I would appreciate an answer also to number 7. It appears that the flood
data services and tax services were performed by First American. I would appreciate a full
answer to interrogatory number 7 which would include disclosures of the amounts paid to
First American for those services.**

I don't believe that I have received any additional documents in compliance with our
Second Document Request and would appreciate production of those responsive documents as
soon as possible. Please consider this my good faith effort to obtain meaningful responses to our
discovery requests without court intervention.

Sincerely,

Earl P. Underwood, Jr.

EPUjr/dcl

Cc:    Steven Nicholas
       George Irvine
       Kenneth Riemer

Post Office Box 969
21 South Section Street
Fairhope, Alabama 36533-0969
Voice: (251) 990-5558
Fax: (251) 990-0626

World Wide Web Address:
http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com