# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>**ESTHER CHARLES** | Lender:<br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |
|---|---|
| | Date: **01/31/2005**     Loan #:**0412288791** |
| | Loan Type: **Conventional** |

**Borrower Address:**
**16 ESSEX RD**
**ELMONT, NY 11003**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate.<br><br>7.050 % | FINANCE CHARGE<br>The dollar amount the credit will cost you.<br><br>$530,608.61 | Amount Financed<br>The amount of credit provided to you or on your behalf.<br><br>$ 377,463.73 | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled.<br>$ 908,072.34 |
|---|---|---|---|

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 359<br>1 | $2,522.45<br>$2,512.79 | 03/01/2005<br>02/01/2035 | | | |

**DEMAND FEATURE:**   [X]   This loan does not have a Demand Feature.   [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**   [ ]   This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at:
**16 ESSEX RD**
**ELMONT, NY 11003**

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions. the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $150.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance __ is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late. you will be charged a late charge of **2.000** % of the overdue payment .

**PREPAYMENT:** If you pay off your loan early. you
[X] may   [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
**See your contract documents for any additional information regarding non-payment. default, required repayment in full before scheduled date, and prepayment refunds and penalties.**

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_Esther Charles. 1/31/05_

| Borrower | Date | Borrower | Date |
|---|---|---|---|
| ESTHER CHARLES | | | |
| Borrower | Date | Borrower | Date |
| Borrower | Date | Borrower | Date |
| Borrower | Date | Borrower | Date |

**Hall-Frazier**
**Record - 002801**

## FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>**ARCHIE TABOR, STEPHANIE LEATHERWOOD TABOR** | Lender:<br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |
|---|---|

| | Date: **01/18/2005** | Loan #: **0501043410** |
|---|---|---|
| | Loan Type: **Conventional** | |

Borrower Address:
**4107 SUZANNE LANE**
**DULUTH, GA 30096**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 8.962 % | $306,259.00 | $152,137.74 | $458,396.74 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 24 | $987.63 | 03/01/2005 | | | |
| 36 | $1,165.59 | 03/01/2007 | | | |
| 299 | $1,309.11 | 03/01/2010 | | | |
| 1 | $1,308.49 | 02/01/2035 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [X] This Loan has a Variable Rate Feature. Variable Rate Dislcosures have been provided to you earlier.
The Current index rate is 2.850

**SECURITY:** You are giving a security interest in the property located at:
**4107 SUZANNE LANE**
**DULUTH, GA 30096**

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $170.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **5.000**% of the overdue payment

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
**See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.**

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| _signature_ 1-18-05 | _signature_ 1-18-05 |
|---|---|
| Borrower      Date<br>ARCHIE TABOR | Borrower      Date<br>STEPHANIE LEATHERWOOD TABOR |
| Borrower      Date | Borrower      Date |
| Borrower      Date | Borrower      Date |
| Borrower      Date | Borrower      Date |

MIN # 100176105010434101      TABOR      Loan #   0501043410
TRTHNLND.UFF      Page 1 of 1      Rev 12/04

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

**Borrower Name(s):**
ROSALIE GARCIA, ROSALIE FERNANDEZ

**Lender:**
**Home Funds Direct**
**15090 Avenue of Science**
**San Diego, CA 92128**

**Date: 01/24/2005**    **Loan #: 0501067116**
**Loan Type: Conventional**

**Borrower Address:**
**241-36 148TH AVENUE**
**ROSEDALE, NY 11422**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.179 % | $ 183,030.28 | $ 127,056.50 | $ 310,086.78 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 359 | $861.36 | 03/01/2005 | | | |
| 1 | $858.54 | 02/01/2035 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [ ] This Loan has a Variable Rate Feature. Variable Rate Dislcosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at:
**241-36 148TH AVENUE**
**ROSEDALE, NY 11422**

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $312.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgage clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender. Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **2.000**% of the overdue payment.

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_Rosalie Garcia_ 01/24/05        _Rosalie Fernandez_ 01/24/05
Borrower    Date        Borrower    Date
ROSALIE GARCIA        ROSALIE FERNANDEZ

Borrower    Date        Borrower    Date

Borrower    Date        Borrower    Date

Borrower    Date        Borrower    Date

MIN # 100176105010671165    GARCIA    Loan # 0501067116
TRTHNLND.UFF    Page 1 of 1    Rev 12/04

## FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

**Borrower Name(s):**
ARCHIE TABOR, STEPHANIE LEATHERWOOD TABOR

**Lender:**
Home Funds Direct
15090 Avenue of Science
San Diego, CA 92128

**Date: 01/18/2005**     **Loan #: 0501100062**
**Loan Type:** Conventional

**Borrower Address:**
4107 SUZANNE LANE
DULUTH, GA 30096

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.558 % | $54,492.50 | $40,656.33 | $95,148.83 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 179 | $342.89 | 03/01/2005 | | | |
| 1 | $33,771.52 | 02/01/2020 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [ ] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at:
4107 SUZANNE LANE
DULUTH, GA 30096

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $170.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender. Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **5.000**% of the overdue payment.

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_____ 1-18-05     _____ 1-18-05
Borrower            Date     Borrower            Date
ARCHIE TABOR              STEPHANIE LEATHERWOOD TABOR

Borrower            Date     Borrower            Date

Borrower            Date     Borrower            Date

Borrower            Date     Borrower            Date

MIN # 100176105011000620     TABOR          Loan # 0501100062
TRTHNLND.UFF           Page 1 of 1         Rev 12/04

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>**Carolyn Smith-Barnes** | Lender:<br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |
|---|---|
| | **Date: 01/24/2005**    Loan #:**0412290655** |
| | Loan Type: **Conventional** |

**Borrower Address:**
**113 Summit Ridge Drive**
**FORSYTH, MO 65653**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate.<br>**8.438** % | FINANCE CHARGE<br>The dollar amount the credit will cost you.<br>$135,358.93 | Amount Financed<br>The amount of credit provided to you or on your behalf.<br>$ 75,640.34 | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled.<br>$ 210,999.27 |
|---|---|---|---|

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 24 | $518.88 | 03/01/2005 | | | |
| 335 | $590.94 | 03/01/2007 | | | |
| 1 | $581.25 | 02/01/2035 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [X] This Loan has a Variable Rate Feature. Variable Rate Dislcosures have been provided to you earlier.
The Current index rate is 2.900

**SECURITY:** You are giving a security interest in the property located at:
**113 Summit Ridge Drive**
**FORSYTH, MO 65653**

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $170.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **5.000**% of the overdue payment.

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
**See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.**

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| _Carolyn Smith-Barnes_ 1 24 05 | | |
|---|---|---|
| Borrower _____ Date | Borrower _____ Date |
| Carolyn Smith-Barnes | |
| | |
| Borrower _____ Date | Borrower _____ Date |
| | |
| Borrower _____ Date | Borrower _____ Date |

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>**ANDREIA R. CARPENTER** | Lender:<br>**Home Funds Direct<br>15090 Avenue of Science<br>San Diego, CA 92128** |
|---|---|
| | **Date: 01/20/2005**    Loan #: **0501113172** |
| | Loan Type: **Conventional** |

Borrower Address:
**3236 BROWNLOW ROAD**
**KINGSPORT, TN 37660**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.099 % | $170,047.80 | $ 85,808.32 | $ 255,856.12 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 36 | $635.41 | 03/01/2005 | | | |
| 323 | $719.10 | 03/01/2008 | | | |
| 1 | $712.06 | 02/01/2035 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature.    [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.
The Current index rate is 2.900

**SECURITY:** You are giving a security interest in the property located at:
**3236 BROWNLOW ROAD**
**KINGSPORT, TN 37660**

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms. [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $130.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **5.000**% of the overdue payment.

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
**See your contract regarding any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.**

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_____  20 Jan 05
Borrower    Date
ANDREIA R. CARPENTER

_____          _____
Borrower    Date          Borrower    Date

_____          _____
Borrower    Date          Borrower    Date

_____          _____
Borrower    Date          Borrower    Date

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
## (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s): **SANDRA MOORE** | Lender: **Home Funds Direct** 15090 Avenue of Science San Diego, CA 92128 |
|---|---|
| | Date: **01/21/2005**    Loan #: **0501100529** |
| | Loan Type: **Conventional** |
| Borrower Address: **3878 EASY CIRCLE NE MARIETTA, GA 30066** | |

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.895 % | $302,014.87 | $ 137,502.95 | $ 439,517.82 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 36 | $1,099.55 | 03/01/2005 | | | |
| 323 | $1,234.41 | 03/01/2008 | | | |
| 1 | $1,219.59 | 02/01/2035 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [X] This Loan has a Variable Rate Feature. Variable Rate Dislcosures have been provided to you earlier. The Current index rate is 2.900

**SECURITY:** You are giving a security interest in the property located at:
**3878 EASY CIRCLE NE MARIETTA, GA 30066**

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $120.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgage clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **5.000**% of the overdue payment.

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
**See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.**

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| _Sandra Moore_    1/21/05 | _Russell G. Moore_    1/21/05 |
|---|---|
| Borrower    Date SANDRA MOORE | Borrower    Date RUSSELL G. MOORE |
| Borrower    Date | Borrower    Date |
| Borrower    Date | Borrower    Date |
| Borrower    Date | Borrower    Date |

MIN # 100176105011005298
TRTHNLND.UFF

MOORE
Page 1 of 1

Loan #    0501100529
Rev 12/04

## FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

NOTE: All numerical disclosures except the late payment disclosure are estimates.

| Borrower Name(s): **ANN WADE** | Lender: **Home Funds Direct** 15090 Avenue of Science San Diego, CA 92128 |
|---|---|

| | Date: 01/15/2005 | Loan #: 0501067053 |
|---|---|---|
| | Loan Type: Conventional | |

Borrower Address:
**345 CHALMETTE CT**
**MCDONOUGH, GA 30252**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have to paid after you have made all payments as scheduled. |
|---|---|---|---|
| 12.639 % | $36,403.77 | $29,276.23 | $65,680.00 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 179 | $364.89 | 03/01/2005 | | | |
| 1 | $364.69 | 02/01/2020 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [ ] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at:
**345 CHALMETTE CT**
**MCDONOUGH, GA 30252**

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $170.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **5.000**% of the overdue payment .

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| _signature_ 01.15 05 | | |
|---|---|---|
| Borrower    Date ANN WADE | Borrower    Date | |

| Borrower    Date | Borrower    Date |
|---|---|

| Borrower    Date | Borrower    Date |
|---|---|

| Borrower    Date | Borrower    Date |
|---|---|

MIN # 100176105010670530

**WADE**
Page 1 of 1

Loan #   0501067053

TRTHNLND.UFF

Rev 7/04

Hall-Frazier
Record - 002808

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

## (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>**DAVID W. WALLACE** | Lender:<br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |
|---|---|
| | Date:  **02/22/2005**  \| Loan #: **0501124549** |
| | Loan Type: **Conventional** |

**Borrower Address:**
**247 GRADY ROAD**
**ROCKMART, GA 30153**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate.<br><br>9.871 % | FINANCE CHARGE<br>The dollar amount the credit will cost you.<br><br>$197,676.27 | Amount Financed<br>The amount of credit provided to you or on your behalf.<br><br>$ 90,969.50 | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled.<br>$ 288,645.77 |
|---|---|---|---|

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 24 | $709.95 | 04/01/2005 | | | |
| 335 | $808.40 | 04/01/2007 | | | |
| 1 | $792.97 | 03/01/2035 | | | |

**DEMAND FEATURE:**    **X**  This loan does not have a Demand Feature. ☐ This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**    **X**  This Loan has a Variable Rate Feature.  Variable Rate Disclosures have been provided to you earlier.
The Current index rate is  2.990

**SECURITY:**  You are giving a security interest in the property located at:
**247 GRADY ROAD**
**ROCKMART, GA 30153**

**ASSUMPTION:**  Someone buying this property **X** cannot assume the remaining balance due under original mortgage terms ☐ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $170.00

**PROPERTY INSURANCE:** **X**   Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan.  Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance ☐ is  **X** is not available through the lender at an estimated cost of  N/A  for  N/A  year term.

**LATE CHARGES:**   If your payment is more than **15** days late, you will be charged a late charge of **5.000**% of the overdue payment .

**PREPAYMENT:**  If you pay off your loan early, you
**X** may ☐ will not  have to pay a penalty.
☐ may  **X** will not  be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| _~signature~ David W. Wallace_  2-22-05 | _~signature~ Janis S. Wallace_  2-22-05 |
|---|---|
| Borrower    Date<br>DAVID W. WALLACE | Borrower    Date<br>JANIS S. WALLACE |
| Borrower    Date | Borrower    Date |
| Borrower    Date | Borrower    Date |
| Borrower    Date | Borrower    Date |

## FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>**RICKEY H. LITTLETON, MARY C. LITTLETON** | Lender:<br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |
|---|---|
| | **Date: 01/19/2005**    **Loan #: 0412134373** |
| | **Loan Type: Conventional** |
| Borrower Address:<br>**119 MORRIS DRIVE**<br>**GAFFNEY, SC 29341** | |

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| **8.860 %** | **$100,153.04** | **$ 52,094.30** | **$ 152,247.34** |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 24 | $358.39 | 03/01/2005 | | | |
| 6 | $413.63 | 03/01/2007 | | | |
| 329 | $427.79 | 09/01/2007 | | | |
| 1 | $421.29 | 02/01/2035 | | | |

**DEMAND FEATURE:**   **X**   This loan does not have a Demand Feature.    This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**   **X**   This Loan has a Variable Rate Feature. Variable Rate Dislcosures have been provided to you earlier.
The Current index rate is 2.850

**SECURITY:** You are giving a security interest in the property located at:
**530 HAMES ROAD**
**GAFFNEY, SC 29340**

**ASSUMPTION:** Someone buying this property **X** cannot assume the remaining balance due under original mortgage terms   may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $170.00

**PROPERTY INSURANCE: X** Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance   is **X** is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **10** days late, you will be charged a late charge of **5.000**% of the overdue payment.

**PREPAYMENT:** If you pay off your loan early, you
**X** may   will not have to pay a penalty.
  may   **X** will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| _Rickey H. Littleton_   1-19-2005 | _Mary C. Littleton_   01/19/05 |
|---|---|
| Borrower    Date<br>RICKEY H. LITTLETON | Borrower    Date<br>MARY C. LITTLETON |
| Borrower    Date | Borrower    Date |
| Borrower    Date | Borrower    Date |

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>**MARTIN W. BLIZZARD** | Lender:<br>**Home Funds Direct<br>15090 Avenue of Science<br>San Diego, CA 92128** |
|---|---|

| | Date:  02/10/2005 | Loan #: 0501100283 |
|---|---|---|
| | Loan Type: **Conventional** | |

**Borrower Address:**
**6705 CAMBRIDGE DRIVE**
**REX, GA 30273**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.888 % | $232,158.48 | $ 108,410.89 | $ 340,569.37 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 359<br>1 | $946.05<br>$937.42 | 04/01/2005<br>03/01/2035 | | | |

**DEMAND FEATURE:**    [X]  This loan does not have a Demand Feature.    [ ]  This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**    [ ]  This Loan has a Variable Rate Feature.  Variable Rate Dislcosures have been provided to you earlier.

**SECURITY:**  You are giving a security interest in the property located at:
**6705 CAMBRIDGE DRIVE**
**REX, GA 30273**

**ASSUMPTION:**  Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $187.00

**PROPERTY INSURANCE:** [X]  Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan.  Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A  for N/A  year term.

**LATE CHARGES:**  If your payment is more than **15** days late, you will be charged a late charge of **5.000**% of the overdue payment .

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not  have to pay a penalty.
[ ] may [X] will not  be entitled to a refund of part of the finance charge.
**See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.**

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| _Martin Blizzard_  2/10/05 | _Linda Louise Blizzard_  2-10-05 |
|---|---|
| Borrower<br>MARTIN W. BLIZZARD          Date | Borrower<br>LINDA LOUISE BLIZZARD          Date |
| _____<br>Borrower                    Date | _____<br>Borrower                    Date |
| _____<br>Borrower                    Date | _____<br>Borrower                    Date |
| _____<br>Borrower                    Date | _____<br>Borrower                    Date |

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>CHRISTOPHER DALE MAAG, CRYSTAL MAAG | Lender:<br>Home Funds Direct<br>15090 Avenue of Science<br>San Diego, CA 92128 |
|---|---|

| | Date: 01/26/2005 | Loan #: 0412091591 |
|---|---|---|
| | Loan Type: Conventional | |

**Borrower Address:**
1903 S. Home Ave
INDEPENDENCE, MO 64052

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.392 % | $93,021.71 | $45,570.41 | $138,592.12 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 24 | $342.06 | 03/01/2005 | | | |
| 335 | $388.07 | 03/01/2007 | | | |
| 1 | $379.23 | 02/01/2035 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.
The Current index rate is 2.910

**SECURITY:** You are giving a security interest in the property located at:
1903 S. Home Ave
INDEPENDENCE, MO 64052

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $170.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term

**LATE CHARGES:** If your payment is more than 15 days late, you will be charged a late charge of 5.000% of the overdue payment

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| _(signature)_ 1-26-05 | _(signature)_ 1-26-05 |
|---|---|
| Borrower  Date<br>CHRISTOPHER DALE MAAG | Borrower  Date<br>CRYSTAL MAAG |
| Borrower  Date | Borrower  Date |
| Borrower  Date | Borrower  Date |
| Borrower  Date | Borrower  Date |

Hall-Frazier
Record - 002812

## FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s): **JUDITH SCHINDLER** | Lender: **Home Funds Direct** **15090 Avenue of Science** **San Diego, CA 92128** |
|---|---|
| | Date:  02/15/2005 | Loan #:0501124574 |
| | Loan Type: **Conventional** |

Borrower Address:
**1000 E 53RD STREET**
**BROOKLYN, NY 11234**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.486 % | $96,999.07 | $ 47,813.19 | $ 144,812.26 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 359 | $402.28 | 04/01/2005 | | | |
| 1 | $393.74 | 03/01/2035 | | | |

**DEMAND FEATURE:**   [X]   This loan does not have a Demand Feature.   [ ]   This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**   [ ]   This Loan has a Variable Rate Feature.  Variable Rate Dislcosures have been provided to you earlier.

**SECURITY:**  You are giving a security interest in the property located at:
**1000 E 53RD STREET**
**BROOKLYN, NY 11234**

**ASSUMPTION:**  Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:**  $225.00

**PROPERTY INSURANCE:** [X]  Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan.  Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A  for  N/A  year term.

**LATE CHARGES:**  If your payment is more than **15** days late, you will be charged a late charge of **2.000**% of the overdue payment .

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not  have to pay a penalty.
[ ] may [X] will not  be entitled to a refund of part of the finance charge.
**See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.**

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| | | |
|---|---|---|
| _Borrower_ JUDITH SCHINDLER | _Date_ 2/15/05 | _Borrower_ TAMI SIEDLER   _Date_ 2/15/05 |
| _Borrower_ MARTIN GOTBETER | _Date_ 2/15/05 | _Borrower_   _Date_ |
| _Borrower_   _Date_ | | _Borrower_   _Date_ |
| _Borrower_   _Date_ | | _Borrower_   _Date_ |

Hall-Frazier
Record - 002813

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s): **GERALDINE SWINDLER** | Lender: **Home Funds Direct** 15090 Avenue of Science San Diego, CA 92128 |
|---|---|
| | **Date: 01/26/2005**    **Loan #: 0501055458** |
| | **Loan Type: Conventional** |

Borrower Address:
**10955 UNION HALL STREET
JAMAICA, NY 11433**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.402 % | $500,975.72 | $ 245,250.48 | $ 746,226.20 |

## PAYMENT SCHEDULE

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 24 | $1,848.93 | 03/01/2005 | | | |
| 335 | $2,088.86 | 03/01/2007 | | | |
| 1 | $2,083.78 | 02/01/2035 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier. The Current index rate is 2.910

**SECURITY:** You are giving a security interest in the property located at:
**10955 UNION HALL STREET
JAMAICA, NY 11433**

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms

**FILING / RECORDING FEES:** $255.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender. Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **2.000**% of the overdue payment.

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| Borrower GERALDINE SWINDLER | Date 1/26/05 | Borrower | Date |
|---|---|---|---|
| Borrower | Date | Borrower | Date |
| Borrower | Date | Borrower | Date |
| Borrower | Date | Borrower | Date |

MIN # 100176105010554585          SWINDLER          Loan #  0501055458
TRTHIND..GFF                      Page 1 of 1                    Rev 12/04

Hall-Frazier
Record - 002814

## FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s): | Lender: |
|---|---|
| LISA ANN PATZ | Home Funds Direct |
| | 15090 Avenue of Science |
| | San Diego, CA 92128 |

**Date:** 01/26/2005     **Loan #:** 0501136039

**Loan Type:** Conventional

**Borrower Address:**
258 STONE BRIDGE DRIVE
SAVANNAH, GA 31410

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 10.368 % | $208,660.74 | $ 90,551.64 | $ 299,212.38 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 24 | $747.60 | 03/01/2005 | | | |
| 335 | $837.15 | 03/01/2007 | | | |
| 1 | $824.73 | 02/01/2035 | | | |

**DEMAND FEATURE:**     X | This loan does not have a Demand Feature.     | This loan has a Demand Feature as follows.

**VARIABLE RATE FEATURE:**  X | This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier. The Current index rate is 2.910

**SECURITY:**  You are giving a security interest in the property located at.
258 STONEBRIDGE DRIVE
SAVANNAH, GA 31410

**ASSUMPTION:**  Someone buying this property X cannot assume the remaining balance due under original mortgage terms | may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:**  $170.00

**PROPERTY INSURANCE:** X  Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgage clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender
Hazard insurance    is  X  is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:**  If your payment is more than 15 days late, you will be charged a late charge of 5.000% of the overdue payment.

**PREPAYMENT:**  If you pay off your loan early, you
X  may    will not have to pay a penalty.
may   X  will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_Lisa Ann Patz_    1/26/05
Borrower                     Date                          Borrower                          Date
LISA ANN PATZ

Borrower                     Date                          Borrower                          Date

Borrower                     Date                          Borrower                          Date

Borrower                     Date                          Borrower                          Date

MIN # 100176108011360396              PATZ                              Loan #   0501136039
TRTHBLND.UFF                          Page 1 of 1                                  Rev 12/04

## FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>**ROBERT D. WATSON, RONDA WATSON** | Lender:<br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |
|---|---|

| Date:  **01/24/2005** | Loan #:**0501124766** |
|---|---|

Loan Type: **Conventional**

Borrower Address:
**303 ROBERT TAYLOR ROAD**
**LAGRANGE, GA 30240**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 8.840 % | $244,392.90 | $ 128,842.46 | $ 373,235.36 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 24 | $915.58 | 03/01/2005 | | | |
| 335 | $1,045.46 | 03/01/2007 | | | |
| 1 | $1,032.34 | 02/01/2035 | | | |

**DEMAND FEATURE:**  [X]  This loan does not have a Demand Feature.    [ ]  This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**  [X]  This Loan has a Variable Rate Feature.  Variable Rate Disclosures have been provided to you earlier.
The Current index rate is  2.900

**SECURITY:**  You are giving a security interest in the property located at:
**303 ROBERT TAYLOR ROAD**
**LAGRANGE, GA 30240**

**ASSUMPTION:**  Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $170.00

**PROPERTY INSURANCE:** [X]  Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan.  Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of  N/A  for  N/A  year term.

**LATE CHARGES:**  If your payment is more than **15** days late, you will be charged a late charge of **5.000**% of the overdue payment .

**PREPAYMENT:**  If you pay off your loan early, you
[X] may  [ ]  will not  have to pay a penalty.
[ ] may  [X]  will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| *Robert D Watson*  1-24-05 | *Ronda Watson*  1-24-05 |
|---|---|
| Borrower                    Date<br>ROBERT D. WATSON | Borrower                    Date<br>RONDA WATSON |

| *Verda Watson*  1-24-05 | |
|---|---|
| Borrower                    Date<br>VERDA WATSON | Borrower                    Date |

| Borrower                    Date | Borrower                    Date |
|---|---|

| Borrower                    Date | Borrower                    Date |
|---|---|

Hall-Frazier
Record - 002816

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>PATTY N. MOORE | Lender:<br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |
|---|---|

| | Date:  01/25/2005 | Loan #: 0501179564 |
|---|---|---|
| | Loan Type: **Conventional** | |

**Borrower Address:**
**7318 DRAKE AVENUE**
**LITHONIA, GA 30058**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.131 % | $256,071.06 | $ 130,018.52 | $ 386,089.58 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 24 | $957.33 | 03/01/2005 | | | |
| 335 | $1,080.70 | 03/01/2007 | | | |
| 1 | $1,079.16 | 02/01/2035 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.
The Current index rate is 2.900

**SECURITY:** You are giving a security interest in the property located at:
**7318 DRAKE AVENUE**
**LITHONIA, GA 30058**

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $170.00

**PROPERTY INSURANCE:** X  Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ]  is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **5.000**% of the overdue payment .

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not  have to pay a penalty.
[ ] may [X] will not  be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| _Patty N. Moore_    1·25·05 | |
|---|---|
| Borrower    Date<br>PATTY N. MOORE | Borrower    Date |
| Borrower    Date | Borrower    Date |
| Borrower    Date | Borrower    Date |
| Borrower    Date | Borrower    Date |

**Hall-Frazier**
**Record - 002817**

## FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>**JAMES S. BIGNON, AVA L. BIGNON** | Lender:<br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |
|---|---|

Date: **01/26/2005**     Loan #: **0501179696**
Loan Type: **Conventional**

Borrower Address:
**3062 MASON CREEK ROAD**
**WINSTON, GA 30187**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.735 % | $805,123.98 | $ 377,581.12 | $ 1,182,705.10 |

### PAYMENT SCHEDULE

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 24 | $2,937.46 | 03/01/2005 | | | |
| 335 | $3,310.15 | 03/01/2007 | | | |
| 1 | $3,305.81 | 02/01/2035 | | | |

**DEMAND FEATURE:**  [X]  This loan does not have a Demand Feature.   [ ]  This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**  [X]  This Loan has a Variable Rate Feature.  Variable Rate Dislcosures have been provided to you earlier.
The Current index rate is 2.910

**SECURITY:**  You are giving a security interest in the property located at:
**3062 MASON CREEK ROAD**
**WINSTON, GA 30187**

**ASSUMPTION:**  Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:**  $120.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:**  If your payment is more than **15** days late, you will be charged a late charge of **5.000**% of the overdue payment .

**PREPAYMENT:**  If you pay off your loan early, you
[X] may  [ ] will not  have to pay a penalty.
[ ] may  [X] will not  be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_James S. Bignon_  1/26/05

Borrower                                  Date
JAMES S. BIGNON

_Ava L. Bignon_  1/26/05

Borrower                                  Date
AVA L. BIGNON

Borrower                                  Date

Borrower                                  Date

Borrower                                  Date

Borrower                                  Date

Borrower                                  Date

Borrower                                  Date

Hall-Frazier
Record - 002818

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| **Borrower Name(s):**<br>JEAN LANTAGNE, FRANK DEFREITAS | **Lender:**<br>Accredited Home Lenders, Inc.<br>A California Corporation<br>15090 Avenue of Science<br>San Diego, CA 92128 |
|---|---|
| | **Date:** 01/26/2005    **Loan #:** 0501136938 |
| | **Loan Type:** Conventional |

**Borrower Address:**
17 HILLSDALE AVENUE
BURLINGTON, MA 01803

| **ANNUAL PERCENTAGE RATE**<br>The cost of your credit as a yearly rate. | **FINANCE CHARGE**<br>The dollar amount the credit will cost you. | **Amount Financed**<br>The amount of credit provided to you or on your behalf. | **Total of Payments**<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.450 % | $449,585.08 | $293,074.70 | $742,659.78 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 24 | $1,816.45 | 03/01/2005 | | | |
| 335 | $2,080.56 | 03/01/2007 | | | |
| 1 | $2,077.38 | 02/01/2035 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.
The Current index rate is 2.910

**SECURITY:** You are giving a security interest in the property located at:
17 HILLSDALE AVENUE
BURLINGTON, MA 01803

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $225.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than 15 days late, you will be charged a late charge of 3.000% of the overdue payment of principal and interest.

**PREPAYMENT:** If you pay off your loan early, you
[ ] may [X] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_Jean Lantagne_    1-26-05      _Frank P DeFreitas_    1-26-05

| Borrower<br>JEAN LANTAGNE | Date | Borrower<br>FRANK DEFREITAS | Date |
|---|---|---|---|
| Borrower | Date | Borrower | Date |
| Borrower | Date | Borrower | Date |

MIN # 100176105011369389     LANTAGNE     Loan #   0501136938
TRTHNLND.UFF     Page 1 of 1     Rev 12/04

Hall-Frazier
Record - 002819

## FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s): STACEY N. NEWBY | Lender: Home Funds Direct 15090 Avenue of Science San Diego, CA 92128 |
|---|---|

**Date:** 01/26/2005    **Loan #:** 0501192651

**Loan Type:** Conventional

**Borrower Address:**
203 GRANVILLE COURT NE #203
ATLANTA, GA 30328

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 11.843 % | $32,626.00 | $19,194.34 | $51,820.34 |

### PAYMENT SCHEDULE

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 179 | $194.26 | 03/01/2005 | | | |
| 1 | $17,047.80 | 02/01/2020 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [ ] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at:
203 GRANVILLE COURT NE #203
ATLANTA, GA 30328

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $120.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than 15 days late, you will be charged a late charge of 5.000% of the overdue payment.

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_____  1/26/05
Borrower                    Date                         Borrower                    Date
STACEY N. NEWBY

_____       _____
Borrower                    Date                         Borrower                    Date

_____       _____
Borrower                    Date                         Borrower                    Date

_____       _____
Borrower                    Date                         Borrower                    Date

MIN # 10017610501192651 9            NEWBY                            Loan #  0501192651
TRTHNLND.UFF                        Page 1 of 1                                   Rev 12/04

## FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s): MARK D HINDERLIE, MARY G BYRNE | Lender: Accredited Home Lenders, Inc. A California Corporation 15090 Avenue of Science San Diego, CA 92128 |
|---|---|
| | **Date:** 02/02/2005    **Loan #:** 0501109806 |
| | **Loan Type: Conventional** |

**Borrower Address:**
306 BUNKER HILL STREET
CHARLESTOWN, MA 02129

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 8.080 % | $427,300.06 | $ 249,424.67 | $ 676,724.73 |

### PAYMENT SCHEDULE

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 24 | $1,643.21 | 04/01/2005 | | | |
| 6 | $1,896.54 | 04/01/2007 | | | |
| 329 | $1,896.71 | 10/01/2007 | | | |
| 1 | $1,890.86 | 03/01/2035 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature.    [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.
The Current index rate is 2.960

**SECURITY:** You are giving a security interest in the property located at:
306 BUNKER HILL STREET
CHARLESTOWN, MA 02129

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $800.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **3.000**% of the overdue payment of principal and interest.

**PREPAYMENT:** If you pay off your loan early, you
[ ] may [X] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| _Mark D Hinderlie_ 2-2-05 | _Mary Byrne_ 1/2/05 |
|---|---|
| Borrower Date | Borrower Date |
| MARK D HINDERLIE | MARY G BYRNE |

| | | | |
|---|---|---|---|
| Borrower | Date | Borrower | Date |
| Borrower | Date | Borrower | Date |
| Borrower | Date | Borrower | Date |

MIN # 100176105011098061

HINDERLIE
TRTHNLND.UFF          Page 1 of 1

Loan #   0501109806
Rev 12/04

Hall-Frazier
Record - 002821

## FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>**ELIZABETH ERNYEY, LORAND ERNYEY** | Lender:<br>**Home Funds Direct<br>15090 Avenue of Science<br>San Diego, CA 92128** |
|---|---|
| | **Date: 02/10/2005** \| **Loan #: 0412088779** |
| | **Loan Type: Conventional** |

**Borrower Address:**
**4434 JORDAN STREET**
**SKANEATELES, NY 13152**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.165 % | $164,709.08 | $ 114,045.93 | $ 278,755.01 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 359<br>1 | $774.34<br>$766.95 | 04/01/2005<br>03/01/2035 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** [ ] This Loan has a Variable Rate Feature. Variable Rate Dislcosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at:
**33 JORDAN STREET**
**SKANEATELES, NY 13152**

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $150.00

**PROPERTY INSURANCE:** [X] Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **2.000**% of the overdue payment .

**PREPAYMENT:** If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.
**See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.**

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| *Elizabeth Ernyey* 2/10/05 | *Lorand Ernyey* 2/10/05 |
|---|---|
| Borrower<br>ELIZABETH ERNYEY          Date | Borrower<br>LORAND ERNYEY          Date |
| _____<br>Borrower          Date | _____<br>Borrower          Date |
| _____<br>Borrower          Date | _____<br>Borrower          Date |
| _____<br>Borrower          Date | _____<br>Borrower          Date |

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s): | Lender: |
|---|---|
| **CHARLES M. TRIPOLI, H. CHRISTINE TRIPOLI** | **Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |

| Date:  02/16/2005 | Loan #: 0501216260 |
|---|---|
| Loan Type: **Conventional** | |

**Borrower Address:**
**26738 AVALON ROAD**
**GEORGETOWN, DE 19947**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.608 % | $226,229.69 | $ 109,769.30 | $ 335,998.99 |

## PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 359<br>1 | $933.37<br>$919.16 | 04/01/2005<br>03/01/2035 | | | |

**DEMAND FEATURE:**  [X] This loan does not have a Demand Feature.  [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**  [ ] This Loan has a Variable Rate Feature.  Variable Rate Dislcosures have been provided to you earlier.

**SECURITY:**  You are giving a security interest in the property located at:
**26738 AVALON ROAD**
**GEORGETOWN, DE 19947**

**ASSUMPTION:**  Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms [ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $282.00

**PROPERTY INSURANCE:** [X]  Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan.  Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of N/A  for N/A  year term.

**LATE CHARGES:**  If your payment is more than **10** days late, you will be charged a late charge of **5.000** % of the overdue payment .

**PREPAYMENT:**  If you pay off your loan early, you
[X] may  [ ] will not  have to pay a penalty.
[ ] may  [X] will not  be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| *Charles M. Tripoli* 02-16-05 | *H Christine Tripoli* 2-16-05 |
|---|---|
| Borrower | Date | Borrower | Date |
| CHARLES M. TRIPOLI | | H. CHRISTINE TRIPOLI | |

| Borrower | Date | Borrower | Date |
|---|---|---|---|
| | | | |
| Borrower | Date | Borrower | Date |
| | | | |
| Borrower | Date | Borrower | Date |

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>LISA ANN PATZ | Lender:<br>**Home Funds Direct**<br>15090 Avenue of Science<br>San Diego, CA 92128 |
|---|---|
| | Date: **01/26/2005**     Loan #: **0501258903** |
| | Loan Type: **Conventional** |

**Borrower Address:**
**258 STONE BRIDGE DRIVE**
**SAVANNAH, GA 31410**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.329 % | $31,475.01 | $ 24,180.90 | $ 56,655.91 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 179 | $199.36 | 03/01/2005 | | | |
| 1 | $19,970.47 | 02/01/2020 | | | |

**DEMAND FEATURE:**   **X**   This loan does not have a Demand Feature.   This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**   This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at:
**258 STONEBRIDGE DRIVE**
**SAVANNAH, GA 31410**

**ASSUMPTION:** Someone buying this property **X** cannot assume the remaining balance due under original mortgage terms   may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $170.00

**PROPERTY INSURANCE:** **X** Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance   is   **X**   is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **15** days late, you will be charged a late charge of **5.000**% of the overdue payment.

**PREPAYMENT:** If you pay off your loan early, you
**X** may   will not have to pay a penalty.
may   **X**   will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| _Lisa Ann Patz_    1/26/05 | |
|---|---|
| Borrower           Date<br>LISA ANN PATZ | Borrower           Date |
| Borrower           Date | Borrower           Date |
| Borrower           Date | Borrower           Date |
| Borrower           Date | Borrower           Date |

# Fidelity National Financial, Inc.    **B**

850 Trafalgar Ct., Suite 150, Maitland, FL 32751 / (800) 669-7450 / (407) 875-9040 / FAX (407) 875-9039

THIS REPORT IS FOR THE INTERNAL USE OF FIDELITY NATIONAL FINANCIAL, INC. AND ITS SUBSIDIARIES ("FIDELITY") ONLY, AND IS NOT TO BE RELIED UPON BY ANY OTHER PERSON FOR ANY REASON. THE REPORT CONTAINS AN ANALYSIS BY FIDELITY OF INFORMATION FURNISHED TO FIDELITY BY THE AGENT. FIDELITY'S EMPLOYEES OR REPRESENTATIVES. THIS REPORT IS NOT A FINANCIAL OR UNDERWRITING AUDIT OF THE OFFICE AND IS NOT INTENDED TO BE A DEFINITIVE ANALYSIS OF THE OFFICE'S BUSINESS, ITS OPERATIONS OR ITS PRACTICES.

**To:**              Shenita Baker - State Agency Manager

**Subject:**         Swafford & Hays Settlement Services, Inc.
                     9041 Executive Park Drive
                     Knoxville, Tennessee 37923
                     (AL7092; AR7023; CT7018; DE7025; FL7788; GA7240;
                     IA7017; IN7069; KY7029; LA7017; MA7019; ME7015;
                     MI7036; MO7020; MS7042; MT7009; NC7023; ND7026;
                     NH7011; NJ7019; NY 7023; OH7036; RI7012; SC7023;
                     TN7062; VA7075; VT7015; WV7017)

**Report No:**       0503-109          **Report Date:**
**Prior Report:**                      **Prior Date:**

**Auditor:**         Judy Keck

**Approved By:**

**Distribution:**    Pete Florstedt        Mike Mobley
                     Paul Hunsinger        Al Stinson
                     Erika Meinhard
---------------------------------------------------------------

## A.   _Audit Objective_

This review was conducted on March 18, 2005, to ascertain the
quality of the agent's internal control environment and to assess
the accuracy and reliability of the agent's escrow accounting
practices as well as the timeliness of the agent's practices in
it's policy production, reporting, and remitting functions.

## B.   _Background_

Year Opened:         12/29/2000
Contract Date:       12/29/2000
Principals:          Greg  Swafford;  Dayna  Tampas;  James  W.
                     Swafford; James W. Swafford, II
Owners:              Greg Swafford 40%; Dayna Tampas 10%; James W.
                     Swafford 40%; James W. Swafford, II 10%
Orders/Month:        1100+-
Closings/Month:      450+-

```
Employees:           59
Net to FNF:          30%
Additional U/W:      Commonwealth
FNF Business %:      90%
Branches:            0
Average Lag Time:    3.93 months
Escrow Software:     APTITUDE
```

**E & O Insurance Information:**

```
Type of Insurance:   Professional Liability Policy
Expiration Date:     12/15/2005
Liability Limits:    $2,000,00
Deductible:          $7500
Insurance Carrier:   Title Industry Assurance Company
```

**Bank Information**

```
Bank Name:           Bank of America
Account No.:         003786809771
Type Account:        Escrow

Bank Name:           Bank of America
Account No.:         003786777421
Type Account:        Escrow

Bank Name:           Bank of America
Account No.:         003786777434
Type Account:        Escrow

Bank Name:           Bank of America
Account No.:         005489521503
Type Account:        Escrow

Bank Name:           Bank of America
Account No.:         004117976942
Type Account:        Escrow
```

**Premium/Loss History**

| Year | Net Premium | Claims |
|------|-------------|--------|
| 2003 | $472,080 | $92,225 |
| 2004 | 710,486 | 489,912 |
| 2005* | 212,872 | 194,326 |
| Totals | **$1,395,438** | **$776,463** |

SWAFFORD AUDIT00002

| Year | Net Premium | Claims |
|------|-------------|--------|

**Claims Ratio:**        55.64%

* Year To Date Figures

**C.    _Scope of Audit_** - Closed files were reviewed to determine the quality of the underwriting and the timeliness of policy issuance. The agent's reporting and remitting procedures were reviewed.  The agent's escrow bank account reconciliation was reviewed, along with trial balance, outstanding check list, canceled checks and deposits records.

**D.    _Financial Performance_** - Agent prepares financial statements but was unable to furnish them at this time.

**E.    _Audit Findings and Recommendations_**

1.    There are 1,395 outstanding checks in one or more escrow accounts totaling $873,831.49 in excess of 90 days old. It was explained to the agent that all outstanding checks in excess of 90 days old must be investigated and resolved, either by issuing a replacement check or escheating funds to the proper authority.

2.    Copies of deposited information are not consistently retained in the closing files.  To improve internal controls and to adequately prove funds were received in accordance with the HUD-1 Settlement Statement, it was recommended and agreed that the agent will place copies of deposited items in the closing files.

3.    Copies of disbursed checks are not consistently retained in the closing files.  As discussed in the exit interview, a closing file should contain copies of all necessary items that prove funds passed through the escrow account in accordance with the HUD-1 Settlement Statement.  It was therefore recommended that copies of all disbursed checks be placed in all closing files.

4.    No formal disbursement sheet is retained in the closing files. As explained in the exit interview, the disbursement process is an integral part of the settlement transaction.  For that reason, copies of any documents that adequately prove funds passed through the escrow in accordance with the HUD-1 Settlement Statement should be retained in the closing files.

5.    The agent utilizes a signature stamp on escrow checks. It was explained to the agent that this not only creates potential liabilities to the agent, but is also is not in accordance

with ALTA and FNTIC guidelines.  The agent was asked to discontinue use of this stamp immediately.

6.  Voided checks are not properly defaced and returned to the accounting department.  It was recommended and agreed that the agent will properly cancel checks by clearly marking "VOID" across the face of the check and removing the signature lines. All voided checks will be given to the bookkeeper for check accountability and audit trail purposes.

7.  Line 1108 of the HUD-1 settlement statement reflects the underwriter as the payee. The actual disbursement is split between the agent and the underwriter. To avoid possible RESPA ramifications, it was recommended and agreed that the agent will amend the HUD-1 to read "Swafford & Hays Settlement Services, Inc., as agent for TICOR".

SWAFFORD AUDIT00004

**MEMO TO:  PAUL HUNSINGER**

**AUDIT COMPLETION REPORT**

Auditor:  Judy Keck

Agent:     AL7092; AR7023; CT7018; DE7025; FL7788; GA7240; IA7017; IN7069
             KY7029; LA7017; MA7019; ME7015; MI7036; MO7020; MS7042; MT7009
             NC7023; ND7026; NH7011; NJ7019; NY7023; OH7036; RI7012; SC7023;
             TN7062; VA7075; VT7015; WV7017;

Name of Agent:  Swafford & Hays Title Services, Inc.

Agent's Address:  9041 Executive Park Drive
                      Knoxville, Tennessee 37923

Audit Report No.:
Date Audit Completed:        March 18, 2005

## Tentative Grade:  B

## ARE THERE ANY FINDINGS THAT REQUIRE IMMEDIATE ATTENTION?

**There are no significant findings that require immediate attention.**

Cc: Shenita Baker, State Agency Manager
    Mike Mobley , Agency Representative

SWAFFORD AUDIT00005

Hall-Frazier
Record - 002829

SWAFFORD AUDIT00006

| AGENT INFORMATION QUESTIONNAIRE (ATTACH AGENT INFORMATION SHEET) | Swafford & Hays Settlement Services, Inc.          9041 Executive Park Drive                    Knoxville, TN                               37923 |
|---|---|
| Date Audit Conducted | 3/18/2006 |
| **Background:** | |
| Year Opened: | 2000 |
| Principals: | Greg Swafford, Dayna Tampas, James W. Swafford, James W. Swafford, II |
| Owners: | Greg Swafford, 40%; Dayna Tampas 10%; James W. Swafford, 40%; James W. Swafford, II, 10% |
| Orders/Month | 1100 +- |
| Closings/Month | 450+- |
| Number of Employees: | 59 |
| Dual Agent: | no |
| Other U/W: | Commonwealth |
| FNF Business: | 90% |
| Branches: | 0 |
| Inventory Level: | n/a |
| Claims Issues: | attached |
| Escrow Software: | APTITUDE |
| **Insurance and Licensing** | |
| Licensing Required (Need Copies) | attached |
| Financial Reports (Need Copies | prepares, but cannot furnish today, agent did provide Profit and Loss Statements |
| **Policy/Premium Accountability** | |
| Average lag time: | 3.93 |
| Does agent retain premium dollars in escrow and, if so, is it a requirement of the agency contract that premium dollars be retained in escrow? | yes |

Hall-Frazier
Record - 002830

| MANUAL: | STANDARD AUDIT PROGRAMS | | | SECTION 1.1 |
|---|---|---|---|---|
| SUBJECT: | PRE-AUDIT PROCEDURES | | | PAGE 1 OF 2 |
| Objectives: | To perform proper planning and preparatory work prior to the inception of the audit in order to further improve the effectiveness of the field audit | | | |
| | YES | NO | N/A | COMMENTS |
| 1. Notification of Audit | | | | |
| a) Agent should first be contacted by telephone to confirm the scheduled audit date. | x | | | |
| b) When the audit date is agreed upon, the standard audit notification letter should be mailed to the agent, with copies to the Regional Manager, Agency Representative and Agency Audit Manager. | x | | | |
| c) Date audit confirmation sent | x | | | 2/23/2005 |
| 2. Prior Audit Report | | | | |
| a) Was a report previously issued? Report Number: Date of Audit: Make a copy for the current file. | no | | | |
| b) Identify any deficiencies noted and ensure that they have been corrected. If necessary, highlight these items for discussion with the agent during the audit. | | | x | |
| 3. Obtain a copy of the agent's contract and record the following: | | | | Left a message for Mike Mobley to send me a copies. I found out that all of this agents information is maintained by Dee Jordan in Florida, I contacted her and she will forward me copies |

SWAFFORD AUDIT00007

**Hall-Frazier**
**Record - 002831**

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
| Premium Split: | X | | | 70/30 |
| Any % of business requirement: | | x | | |
| Required Insurance Coverage : | | | | |
|    E & O (Corporate Agents) | | | | |
|    Professional Liability (Attorney Agents | x | | | Title Industry Assurance Company |
|    Bonds, etc. | x | | | Bonds for title insurance licenses |

4.  Discuss with the Regional Staff the agent to be
audited

  a)  Besides obtaining a knowledge of the agent's
  operations, ask about:

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
|   1)  Any prior or potential problems (especially related to controls over escrow accounting / bank reciliations | x | | | Discussed with Shenita |

| | | | | |
|---|---|---|---|---|
| MANUAL:   STANDARD AUDIT PROGRAMS | | | | SECTION 1.1 |
| SUBJECT:   PRE-AUDIT PROCEDURES | | | | PAGE 2 OF 2 |

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
|   2)  Frequency of premium remittances and policy accountability. | x | | | |
|   3)  Anything peculiar to that agent | x | | | Very large operation several states |
|   4)  Specific areas the Region wants the audit to cover. | | x | | |
|   b)  Determine if there are any notes outstanding between FNTIC/CTIC and the agent.  Document the terms of the note and ensure that the agent is current in his payments. | | x | | Need to ask Shenita and Mike, Shenita is not aware of any |

6.  Obtain from NAS the following reports:

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
|   a)  Agent Information Sheet | x | | | attached |
|   b)  Claims History Report for the most recent three year period. | x | | | attached |

SWAFFORD AUDIT00008

X

c) Agent over-limit report

SWAFFORD AUDIT00009

| MANUAL: | STANDARD AUDIT PROGRAMS | SECTION 2.1 |
| SUBJECT: | ESCROW ACCOUNTING - QUESTIONNAIRE | PAGE 1 OF 4 |

Objectives:  1.  To gain a more thorough understanding of the procedure the agent uses to account for escrow funds.

2.  To determine if escrow funds and accounts are being properly maintained, including adequate accounting records and bank reconciliations

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
| 1.  Number of escrow closing offices besides the main office: | x | | | One centralized office |
| a)  Obtain the address, telephone number and point of contact for each office. | x | | | 9041 Executive Park Drive, Knoxville, TN 37923 (865) 934-0469 - Dayna Tampas |
| b)  Determine the average number of escrow closings per month over the past six (6) months for each office. | x | | | 1100/450 |
| 2. What are the agent's procedures regarding the processing of escrow receipts and disbursements. | | | | |
| a)  Identify the number of escrow checking accounts ( 1 ) and attach a list of these accounts as supplied by the agent. | x | | | 5 - 1 is being closed |
| b)  Identify the number of escrow investment accounts, to include and "sweep" accounts ( 0 )  and attach a list of these. | x | | | None |
| c)  Does the agent have a surety bond to protect against escrow account fidelity losses? | | X | | |
| Company: | X | | | Western Surety Company |
| Amount: | X | | | $100,000 |
| Policy Number: | X | | | 69375416 |
| Expiration Date: | X | | | Dated 7/23/02 |
| d) Regarding the files: | | | | |
| 1) Are separate files maintained for the title transactions and the escrow? | | x | | |

SWAFFORD AUDIT00010

Hall-Frazier
Record - 002834

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
| 2) If so, is the title number used to reference the escrow transaction? If not, what numbering system is used, and is there a cross reference between the two files? | | | x | |
| 3) Does the file contain a formal escrow agreement signed by the appropriate parties, which identifies the actions to be taken by the escrow agent? If so, does the agreement have an expiration date? | X | | | |
| 4) Are amendments to the original agreement properly authorized? | X | | | |
| e) Are escrow ledger cards maintained for each escrow transaction? | X | | | |

| MANUAL: | STANDARD AUDIT PROGRAMS | | | SECTION 2.1 |
|---|---|---|---|---|
| SUBJECT: | ESCROW ACCOUNTING - QUESTIONNAIRE | | | PAGE 2 OF 4 |

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
| 3. Escrow bank accounts and reconciliations: | | | | |
| a) Are separate accounts maintained for escrow monies, or are they commingled with operating funds? | x | | | |
| b) Does someone other than the one responsible for writing checks receive the bank statement up0opened and reconcile the account? | x | | | Darlene Knight with Ticor |
| c) Are escrow bank accounts in the name of the agent and designated as an "escrow" or "trust" account on the bank resolution and bank statement? | x | | | |
| d) Are unusual reconciling items, to include old outstanding checks promptly investigated? | | x | | |
| e) Are the reconciliations reviewed monthly by management? Are such review documented by management's signature or initials on the reconciliations? | X | | | |

SWAFFORD AUDIT00011

**Hall-Frazier**
**Record - 002835**

5. Deposits

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
| a) Are checks received restrictively endorsed immediately upon receipt? | X | | | |
| b) Are deposits made daily? If not, how often? | X | | | |
| c) Are incoming wire transfers verified with the receiving bank prior to the disbursement of funds? | | X | | |

5. Disbursements

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
| **a) Are disbursements made only upon receipt of funds for each individual file?** | | X | | |
| b) Do the agent's procedure require that outgoing wire transfers require verification by the sending bank with an authorized signatory other than the initiator of the transfer? | | X | | |
| c) Is the initiation of the transfer made by someone outside of the accounting department? | | | | |

6. Trial Balance

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
| a) Is a trial balance maintained for each escrow bank account? | x | | | |
| b) Is the escrow bank account reconciled monthly to this trial balance? | x | | | |
| c) Are overdrafts and/or shortages in the individual escrow files reviewed on a regular basis, investigated, and cleared? | X | | | |

| MANUAL: | STANDARD AUDIT PROGRAMS | | | SECTION 2.1 |
|---|---|---|---|---|
| SUBJECT: | ESCROW ACCOUNTING - QUESTIONNAIRE | | | PAGE 3 OF 4 |

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
| d) Are inactive escrow files reviewed by management on a regular periodic basis? | x | | | |

7. Wire Transfers

SWAFFORD AUDIT00012

a) Obtain a copy of the Wire Transfer Agreements for all escrow bank accounts and review as follows:     X

    1) Ascertain that authorized initiators of outgoing wire transactions do not maintain escrow accounting records.    x

    2) Ascertain that the wire transfer agreements require the disbursing bank to confirm the outgoing wire with an employee who did not initiate the wire prior to executing the wire disbursement.     x

    3) Ensure that incoming wire transactions are confirmed with the bank by an authorized individual and documented.    x

    4) Individuals authorized to process wire transactions are current employees of the Agency.    x

b) If an automated Wire Transfer System is used by the Agent verify whether:

    1) The system (per bank agreement) requires that an authorized individual enter a password to initiate a wire transfer through a terminal at the Agent's Office and that a second authorized individual enters the confirmation through the terminal using another authorized password **PRIOR** to the wire being executed by the bank.    x    only two people Allison & Dayna

8. Laser Check Controls

a) If the Agent uses laser printed checks, ensure that daily bank reconciliations are performed.     x    Does not use laser checks

SWAFFORD AUDIT00013

**Hall-Frazier**
**Record - 002837**

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
| b) Obtain the most recent system generated Escrow Check Register and Voided transaction report and a laser printer generated Audit Check Register (or similar report). These should be printed daily. | | | x | |
|     1) Ensure that these reports include date, check number, escrow number, payee, amount, user name, and time stamp. | | | x | |

| MANUAL:   STANDARD AUDIT PROGRAMS | | | | SECTION 2.1 |
|---|---|---|---|---|
| SUBJECT:   ESCROW ACCOUNTING - QUESTIONNAIRE | | | | PAGE 4 OF 4 |

| | YES | NO | N/A | COMMENTS |
|---|---|---|---|---|
| c) Ensure that the check custodian verifies the check ranges on the system generated Escrow Check Register to the Audit Check Register on a daily basis | | | x | |
|     1) Determine whether any discrepancies noted are investigated immediately with the resolution documented. | | | x | |
| d) Ensure that the check custodian accounts for all original voided checks and forwards them to the Agent's Accounting Department daily. | | | x | |
|     1) Ensure that the voided transaction report is initialed as evidence of this review. | | | x | |
| **9. General Controls** | | | | |
| a) Are blank checks relating to the escrow account: | x | | | |
|     1) pre-numbered | x | | | |
|     2) used in sequential order | x | | | |
|     3) Properly safeguarded against loss, theft, and/or unauthorized use | x | | | |
| b) Are checks signed in advance of preparation? | | x | | |
| c) Are dual signatories required? | | x | | |

SWAFFORD AUDIT00014

| | | | |
|---|---|---|---|
| d) Are signature stamps or plates used? If so, explain the existing controls to prevent unauthorized use of such check signing devices. | x | | |
| e) Do authorized check signatories have access to or physical control of the supply of checks? | | x | |
| f) Are any of the authorized signatories also responsible for the preparation and maintenance of accounting records? | x | | Dayna does all the follow up after the reconciliations are completed |

SWAFFORD AUDIT00015

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHERYL HALL FRAZIER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO.: |
| | ) | 1:08-cv-11-MHT |
| ACCREDITED HOME LENDERS, | ) | |
| INC., d/b/a HOME FUNDS DIRECT | ) | |
| | ) | |
| DEFENDANT. | ) | |

**RESUME OF EARL P. UNDERWOOD, JR.**

EDUCATION

1972 -1976 Jacksonville State University, B.S. in Psychology, Biology minor

1981-1985 Birmingham School of Law, Juris Doctorate

ALABAMA BAR ADMISSION

April 25, 1986        Alabama Bar Admission

COURT ADMISSIONS

April 25, 1986        Alabama Supreme Court

July 17, 1986         United States District Court for the Northern District of Alabama

August 15, 1990       United States District Court for the Middle District of Alabama

September 6, 1990     United States Claims Court

November 9, 1992      Eleventh Circuit Court of Appeals

June 19, 1995         United States Supreme Court

February 4, 2003      United States District Court for the Southern District of Alabama

January 10, 2008      Tenth Circuit Court of Appeals

LEGAL BOARDS and ASSOCIATIONS

| Trial Lawyers Association of America | (1986 to present) |
| Alabama Trial Lawyers Association | (1986 to present) |
| National Association of Consumer Advocates | (1990 to present) |
| National Board of Trial Advocacy | (1995 to present) |
| Alabama Mediator | (1996 to present) |
| Alabama Arbitrator Roster | (2005 to present) |

## LEGAL PRACTICE

1986-2002:   Anniston, Calhoun County, Alabama: Consumer Bankruptcy, Plaintiffs' Personal Injury, Wrongful Death, Workmen's Compensation, Environmental Pollution, Criminal Defense, Consumer Fraud, Products Liability, and Consumer Warranty Law.

1986-1988   Chapter 7 Bankruptcy Trustee in the U.S. Bankruptcy Court for the Northern District of Alabama, Eastern Division.

2003-2008:   Fairhope, Baldwin County, Alabama: Plaintiffs' Personal Injury, Wrongful Death, Consumer Fraud, Products Liability, Consumer Law and Consumer Class Actions.

## REPORTED CASES

## ALABAMA

*Knighten v. Bratcher*, 586 So.2d 14 (Ala. Civ. App. 1991);

*Henderson v. State,* 650 So.2d 532 (Ala. Crim. App. 1994);

*American Legion Post No. 57 v. Leahy,* 681 So.2d 1337 (Ala. Sup. Ct. 1996);

*Funderburg v. Black's Insurance Agency,* 743 So.2d, 472 (Ala. Civ. App. 1999);

*Springs Industries, Inc. v. Lowe,* 770 So.2d 103 (Ala. Civ. App. 1999);

*Ex parte Waples,* 781 So.2d 179 (Ala. Civ. App. 2000)

*Ex parte Herron,* 792 So.2d 368 (Ala. Civ. App. 2001);

*Singleton v. Protective Life Ins. Co.,* 857 So.2d 803, (Ala. Civ. App. 2003);

*Pharmacia Corp. v. Suggs,* 932 So.2d 95 (Ala. Civ. App. 2005)

<u>ELEVENTH CIRCUIT</u>

*United States v. Pounds,* 50 F.3d 1038 (1995);

*United States v. Virgil*, 105 F.3d 672 (1997);

*MS Dealer Service Corporation v. Franklin,* 177 F.3d 942 (1999);

*Pelfrey v. Educational Credit Management Corporation,* 208 F.3d 945, (April 6, 2000);

*Cunningham v. Fleetwood Homes of Ga*., 253 F.3d 611 (11th Cir. 2001);

*Heimmermann v. First Union Mortg. Corp.,* 305 F.3d 1257 (September 18, 2002);

*Robinson v. Equifax Information Services, L.L.C.,* 200 Fed.Appx. 945, (11th Cir. 2006)

*Berman v. Blount Parrish & Co., Inc.* 525 F.3d 1057, 1057 (C.A.11 (Ala.),2008)

<u>U.S. DISTRICT  COURTS</u>

*Heimmermann v. First Union Mortgage Corporation,* 188 F.R.D. 403, (N. D. Ala.1999);

*Pelfrey v. Educational Credit Management Corporation,*71 F.Supp.2d 1161 (N.D. Ala. 1999);

*Wood v. Cooper Chevrolet, Inc.,* 102 F.Supp.2d 1345, (N.D. Ala. 2000);

*In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation* 2001 WL 872601, (E.D.Pa.,2001)

*Braxton v. Farmer's Ins. Group*, 209 F.R.D. 654 (N.D. Ala   September 16, 2002);

*Baynes v. ALLTEL Wireless of Ala., Inc.,* 322 F. Supp. 2d 1307 (M.D. Ala. 2004);

*Clark v. Experian Info. Solutions, Inc.,* 2004 U.S. Dist. LEXIS 28324 (D.S.C. 2004);

*Nunnally v. Equifax Info. Servs. LLC*, 366 F. Supp. 2d 1119 (N.D. Ala. 2005);

*Morrisette v. Novastar Home Mortgage., Inc.,* 484 F. Supp.2d 1227 (S.D. Ala. 2007);

*Berman v. Blount Parrish & Co., Inc.* ,523 F.Supp.2d 1298 (M.D. Ala. 2007).

---

[1]

*McMillian v. AMC Mortg. Services, Inc*. 2008 WL 2357236 (S.D.Ala.,2008)

*Edwards v. Accredited Home Lenders, Inc*. 2008 WL 1756364 (S.D.Ala.) (S.D.Ala.,2008)

*Mallory v. GMS Funding, LLC* 2008 WL 276578 (S.D.Ala.) (S.D.Ala.,2008)

*Williams v. Saxon Mortg. Co*. 2008 WL 45739 (S.D.Ala.) (S.D.Ala.,2008)

<u>BANKRUPTCY COURT</u>

*In re Tudors,* 77 B.R. 904, (Bankr. N. D. of Ala., 1987);

*In re Brand* 108 B.R. 319, 319 (Bankr .N.D.Ala.,1989)

*In re Malkove and Womack, Inc.,* 122 B.R. 444, (Bankr. N.D. Ala.1990);

*In re Malkove and Womack, Inc.,* 134 B.R. 965, (Bankr. N.D. of Ala.1991);

*Roper v. American Health and Fire Insurance Company (In re Roper),* 203 B.R. 326, (Bankr. N.D. Ala., 1996);

*In re Tippins,* 221 B.R. 11, (Bankr. N.D. Ala. 1998);

*Knepp v. Credit Acceptance Corporation (In re Knepp),* 229 B.R. 821, (Bankr. N.D. Ala., January 29, 1999);

*In re O'Dell,* 251 B.R. 602, (Bankr. N.D. Ala., August 2, 2000);

*In re Holcombe,* 284 B.R. 141, (Bankr. N.D. Ala., March 27, 2001);

*In re O'Dell,* 268 B.R. 607, (Bankr. N.D. Ala., October 4, 2001);

<u>CLASS ACTIONS</u>

*Hughes v. Commercial Credit Corporation,* Case No. CV-96-615, Circuit Court of Calhoun County, Alabama.

*Betty Motes v. Liberty Finance, Inc.*, Case No. CV-97-103 Circuit Court of Calhoun County, Alabama

*Ray W. McCleney, et al. v. MCD International, LLC., et al.*, Case No. CV-97-895, Circuit Court of Calhoun County, Alabama

*Jerry Rainey, et al. v. Kent International, Inc. and Toys-R-Us, Inc.*, CV-01-150, Superior Court of Douglas County Georgia

*In re: Allstate Fair Credit Reporting Act Litigation*, MDL 3:02-md-1457

*Heimmermann v. First Union Mortgage Corporation,* 188 F.R.D. 403, (N. D. Ala.1999)

*Braxton v. Farmer's Ins. Group*, 209 F.R.D. 654 (N.D. Ala   September 16, 2002)

*In re: The Progressive Corporation Insurance Underwriting and Rating Practices Litigation*
U.S. District Court, Northern District of Florida, Gainesville Division, MDL Docket No. 1519

*Clark v. Experian Info. Solutions, Inc.,* 2004 U.S. Dist. LEXIS 28324 (D.S.C. 2004)

*David H. Cochran v. Murphy Automotive Group, LLC d/b/a Murphy Mitsubishi, et al.*
U.S. District Court, Northern District of Alabama, Southern Division, CV-03-HS-1709

*Larry E. Farley, et al. v. Residential Funding Corporation, et al.,* U.S. District Court, Southern District of Alabama, Southern Division, Case No. 7:06-Cv-1864

*William S. Goodson v. Cherokee National Life Insurance Company, et al.,* Case No. CV96-PWG-2663-E, Circuit Court of Calhoun County, Alabama


<u>LECTURES</u>

"Current Developments in Consumer Law" on March 18, 2008 sponsored by Baldwin County Bar Association;

"Introduction to TILA and HOEPA" on March 9, 2007 sponsored by U.S. Bankruptcy Administrator (Anniston, Alabama);

"Rescission Rights under TILA" on August 9, 2007 sponsored by Alabama Association for Justice;

"How to Handle an Identity Theft Case" on May 23, 2006 sponsored by Baldwin County Bar Association;

"Identity Theft" on August 17, 2006 sponsored by Alabama Association for Justice;

"ABC's of Mortgage Lending: TILA, RESPA and HOEPA" on September 22, 2006 sponsored by Mobile County Bar Association;

"Introduction to HOEPA" on September 29, 2006 sponsored by Cumberland School of Law;

"Recognizing HOEPA Issues in Loan Settlements" on November 29, 2006 sponsored by Legal Services of Alabama;

"Recognizing Mortgage Lending Violations" on December 14, 2006 sponsored by Office of the Chapter 13 Trustee (Decatur, Alabama);

"Identity Theft" on December 8, 2005 sponsored by Cumberland School of Law;

"Identity Theft" on December 29, 2005 sponsored by Cumberland School of Law.

s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Attorney for Plaintiffs
Law Offices of Earl P. Underwood, Jr.
PO Box 969
Fairhope, Alabama, 36533
Telephone: 251-990-5558
Facsimile: 251-990-0626
epunderwood@alalaw.com

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHERYL HALL FRAZIER, | * | |
| Plaintiff, | * | |
| vs. | * | CIVIL NUMBER: 1:08-cv-11-MHT |
| ACCREDITED HOME LENDERS, INC., d/b/a HOME FUNDS DIRECT, | * | |
| | * | |
| Defendant | | |

**AFFIDAVIT OF STEVEN L. NICHOLAS IN SUPPORT OF CLASS CERTIFICATION**

COMES NOW before the undersigned authority, Steven L. Nicholas, and having been first sworn, does depose and say as follows:

My name is Steven L. Nicholas, and I am a licensed, practicing attorney in Mobile, Alabama. I am a member of the firm of Cunningham, Bounds, L.L.C. I make this affidavit upon my personal knowledge.

Counsel representing the Plaintiff in this action have extensive experience in class action litigation. Each of the counsel represented the class in a case with similar allegations styled, *Farley v. Home Owners Loan Corporation*, Case Number:7:06-cv-1864, United States District Court for the Northern District of Alabama. That action was settled in 2008 resulting in a substantial payment to the class. Each of the attorneys representing the Plaintiff in this action were intimately involved in the prosecution of that matter.

Additionally, counsel representing the Plaintiff other than myself have been involved in another class action relating to the types of fees at issue in this case, *Saucida v. Swafford & Hays*

Case 1:08-cv-00011-MHT-SRW    Document 62    Filed 07/21/2008    Page 47 of 100

**Hall-Frazier**
**Record - 002846**

*Settlement Services, Inc.*, Case Number: 01:0-cv-669, pending in the United States District Court for the Southern District of Alabama.

In addition to the cases noted above, I have been found to be adequate class counsel in at least seven other class action cases which have been certified in the United States District Courts and at least four matters that have been certified in the Circuit Court of Mobile County, Alabama. Further, I am currently involved in class litigation in the United States District Court for the Southern District of Florida, United States Court of Claims and the United States District Court for the Northern District of Alabama and the United States District Court for the Southern District of Alabama.

FURTHER, Affiant sayeth not.

STEVEN L. NICHOLAS

Sworn to and subscribed this 18th day of July, 2008.

NOTARY PUBLIC
My Commission Expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: June 24, 2012
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2

**Hall-Frazier**
**Record - 002847**

AMENDMENT NO.2
TRANSNATION TITLE INSURANCE COMPANY
TITLE INSURANCE PREMIUM CHARGES
REVISED OCTOBER 28, 2002

| | | PER THOUSAND |
|---|---|---|
| 1. | OWNER'S/LEASEHOLD OWNER'S POLICY ORIGINAL RATE | |
| | Up to $100,000.00 of liability written | $3.25 |
| | Over $100,000.00 and up to $5,000,000.00, add | 2.00 |
| | Over $5,000,000.00 and up to $10,000,000.00, add | 1.50 |
| | Over $10,000,000.00 | 1.00 |
| 2. | OWNER'S/LEASEHOLD OWNER'S POLICY REISSUE RATE | |
| | Up to $100,000.00 of liability written | $2.10 |
| | Over $100,000.00 and up to $5,000,000.00, add | 1.20 |
| | Over $5,000,000.00 and up to $10,000,000.00, add | .90 |
| | Over $10,000,000.00 | .60 |

REISSUE RATES FOR OWNER'S/LEASEHOLD OWNER'S POLICY APPLY UP TO THE FACE AMOUNT OF THE PREVIOUS OWNER'S POLICY. WHERE A MORTGAGE POLICY IS OUTSTANDING AND AN OWNER'S POLICY IS ISSUED ON THE SAME PROPERTY, THE REISSUE RATE WILL APPLY UP TO THE AMOUNT OF THE BALANCE DUE ON THE INSURED MORTGAGE.

| 3. | MORTGAGE/LEASEHOLD MORTGAGE POLICY ORIGINAL RATE | |
|---|---|---|
| | Up to $100,000.00 of liability written | $2.25 |
| | Over $100,000.00 and up to $500,000.00, add | 1.75 |
| | Over $500,000.00 and up to $10,000,000.00, add | 1.25 |
| | Over $10,000,000.00 | 1.00 |
| 4. | MORTGAGE/LEASEHOLD MORTGAGE POLICY REISSUE RATE | |
| | Up to $100,000.00 of liability written | $1.35 |
| | Over $100,000.00 and up to $500,000.00, add | 1.05 |
| | Over $500,000.00 and up to $10,000,000.00, add | 0.75 |
| | Over $10,000,000.00 and | 0.60 |

REISSUE RATE FOR MORTGAGE/LEASEHOLD MORTGAGE POLICY IS APPLICABLE WHERE PRIOR OWNER'S POLICY IS PRODUCED OR WHERE A PRIOR MORTGAGEE'S POLICY ON THE SAME PROPERTY IS PRODUCED, THE REISSUE RATES APPLY UP TO THE FACE AMOUNT OF THE PRIOR OWNER'S POLICY AND UP TO THE OUTSTANDING LOAN BALANCE IF A PRIOR MORTGAGEE'S POLICY IS PRODUCED.

APPROVED    EFFECTIVE

NOV 13 '02    NOV 13 '02

ALABAMA DEPT OF INSURANCE

Hall-Frazier
Record - 002848

PRIOR TO GIVING ANY REISSUE RATES, THE COMPANY MUST BE
FURNISHED A COMPLETE COPY OF THE PRIOR TITLE POLICY, AS
REQUIRED BY THE ALABAMA TITLE ACT, ISSUED BY ANY TITLE
INSURER LICENSED TO WRITE TITLE INSURANCE IN THIS STATE.

5.    DEVELOPER'S RATE WILL BE AS FOLLOWS:          PER THOUSAND

      UP TO $100,000.00 OF LIABILITY WRITTEN              $2.10
      OVER $100,000.00 AND UP TO $1,000,000.00            1.20

THIS RATE IS AVAILABLE TO DEVELOPERS AND/OR BUILDERS OF
CONDOMINIUM UNITS OR LOTS IN A SUBDIVISION " WHEN THE
SUBDIVISION OR CONDOMINIUM CREATED CONTAINS 5 OR MORE LOTS
OR CONDO UNITS AND THE DEVELOPER AND/OR BUILDER HAS
OBTAINED OWNER'S TITLE INSURANCE ON THE TRACT BEING
DEVELOPED. THE RATE IS APPLICABLE TO ALL LOTS SOLD BY THE
ORIGINAL DEVELOPER AND/OR BUILDER, NOTWITHSTANDING THE
FACT THAT THE TOTAL VALUE OF LOTS OR UNITS SOLD WILL
GENERALLY EXCEED THE TOTAL AMOUNT OF THE PRIOR OWNER'S
POLICY."

6.    CONSTRUCTION LOAN RATE:  The Company will issue upon request,
      the Title Insurance Construction Loan Policy, good for a period not to exceed
      2 years, in connection with a Construction Mortgage.

      The rate for this policy will be $1.00 per thousand. If at the end of the
      Construction period, the Lender may convert this policy to a permanent
      policy which will be charged at the applicable mortgage policy rates less the
      full charge for the Construction Policy which will be shown as a credit.
      If the permanent loan is placed with a different lender than the construction
      lender, the permanent loan will be insured charging the applicable mortgage
      rates with no credit for the construction loan policy charges.

7.    SUBSTITUTION RATES: When the insured physically produces the prior
      policy, including schedules associated therewith, and when the same
      borrower and the same lender are making a substitution loan on the same
      property which was insured by an insure licensed to do business in Alabama,
      the new mortgage policy will be entitled to the substitution loan rate up to the
      unpaid principal balance of the original loan (not to exceed the amount of
      coverage extended under the policy on the original loan). If the amount of
      insurance desired is in excess of the unpaid principal balance of the original
      loan, the excess coverage shall be computed at the Original Title Insurance
      Rate for Mortgagee Policies under the applicable bracket or brackets.

EFFECTIVE

NOV 13 '02         NOV 13 '02

ALABAMA DEPT OF INSURANCE

| Age of Original Loan | Rate |
|---|---|
| 3 years or under | 30% of original rate |
| Over 3 years to 4 years | 40% of original rate |
| Over 4 years to 5 years | 50% of original rate |
| Over 5 years to 6 years | 60% of original rate |
| Over 6 years to 7 years | 70% of original rate |
| Over 7 years to 8 years | 80% of original rate |
| Over 8 years to 9 years | 90% of original rate |
| Over 9 years | 100% of original rate |

8.  **TITLE INSURANCE RATE FOR OWNER'S POLICIES UPON ACQUISITION IN SATISFACTION OF DEBT:**

When the insured mortgagee policy issued by the Company acquires title by foreclosure, or by voluntary conveyance in extinguishment of the debt (deed in lieu of foreclosure), such insured, or the designee for the benefit of such insured, shall be entitled to the following rate on an owner's policy up to an amount equal to the face amount of the previous mortgagee policy:

Up to $100,000 of liability written, the rate shall be 60% of the original owner's rate.

On amounts in excess of $100,000 of liability written, the following rate shall apply:

| Age of Previous Loan Policy | Rate |
|---|---|
| 1 year and under | 20% of original owner's rate |
| 1 year to 2 years | 25% of original owner's rate |
| 2 years to 3 years | 30% of original owner's rate |
| 3 years to 4 years | 35% of original owner's rate |
| Over 4 years | 40% of original owner's rate |

9.  **MINIMUM PREMIUM FOR ANY POLICY, EXCEPT THE RESIDENTIAL LIMITED COVERAGE JUNIOR LOAN POLICY AND THE SHORT FORM RESIDENTIAL LIMITED COVERAGE LOAN POLICY,** DESCRIBED IN THIS RATE SCHEDULE SHALL BE $125.00.

10. **SIMULTANEOUS ISSUANCE OF AN OWNER'S POLICY AND MORTGAGE POLICY WILL BE $75.00.**

11. **SIMULTANEOUS ISSUANCE FEE OF A LEASEHOLD POLICY WITH AN OWNER'S POLICY WILL BE 30% OF THE ORIGINAL OWNER'S RATE.**

APPROVED            EFFECTIVE

NOV 1 3 '02        NOV 1 3 '02

ALABAMA DEPT OF INSURANCE

Hall-Frazier
Record - 002850

12.   EQUITY LINE MORTGAGE POLICY WILL BE CHARGED AT THE SAME RATE AS THE STANDARD MORTGAGE POLICY.

13.   THE RATE FOR THE ADVANTAGE RESIDENTIAL OWNER'S POLICY AND MORTGAGE POLICY WILL BE AN ADDITIONAL 20% OF THE RATE CHARGED FOR THE STANDARD OWNER'S OR MORTGAGE POLICY.

14.   THE RATE FOR THE RESIDENTIAL LIMITED COVERAGE JUNIOR LOAN POLICY AND THE SHORT FORM RESIDENTIAL LIMITED COVERAGE LOAN POLICY WILL BE $85.00 FOR POLICIES UP TO $200,000.00 OF COVERAGE. COVERAGE  OVER $200,000.00 IS NOT AVAILABLE.

15.   THE BALLOON LOAN MODIFICATION LIMITED POLICY WILL BE A FLAT FEE OF $125.00

ALL FRACTIONAL AMOUNTS OF INSURANCE SHALL BE ROUNDED UP TO THE NEXT THOUSAND BEFORE CALCULATING THE PREMIUM CHARGE.

ALL COMMERCIAL ENDORSEMENTS, EXCEPT FOR ALTA 13 AND 13.1 LEASEHOLD CONVERSION ENDORSEMENTS,  SHALL BE CHARGED AS SHOWN ON THE ATTACHED FORM ENTITLED COMMERCIAL ENDORSEMENT CHARGES. THERE WILL BE NO CHARGE FOR THE STANDARD RESIDENTIAL ENDORSEMENTS( i.e. Residential Property is defined as 1 to 4 Single Family, and the Residential Endorsements are as follows: ALTA 4 and 4.1 Condominium; ALTA 5 and 5.1 Planned Unit Development; ALTA 6, 6.1 and 6.2, All Variable Rate Endorsements; ALTA 7, Manufactured Housing; ALTA 8.1 Environmental Lien; ALTA 9, Covenants, Conditions, Restrictions and Minerals), except for the Reverse Annuity Endorsement .

APPROVED          EFFECTIVE

NOV 1 3 '02      NOV 1 3 '02

ALABAMA DEPT OF INSURANCE

Hall-Frazier
Record - 002851

## COMMERCIAL ENDORSEMENT CHARGES
## TRANSNATION

| | | |
|---|---|---|
| ALTA 1 | STREET ASSESSMENT | $100.00 |
| ALTA 2 | TRUTH IN LENDING | $.10 PER THOUSAND |
| ALTA 3.0 | ZONING VACANT PROPERTY | $.10 PER THOUSAND |
| ALTA 3.1 | ZONING IMPROVED PROPERTY | $.15 per THOUSAND |
| ALTA 4.1 | CONDOMINIUM | N/C |
| ALTA 5.1 | PLANNED UNIT DEVELOPMENT | N/C |
| ALTA 6 | VARIABLE RATE | N/C |
| ALTA 6.1 | VARIABLE RATE | N/C |
| ALTA 6.2 | VARIABLE RATE NEGATIVE AMORIZATION | N/C |
| | | |
| ALTA 8.1 | ENVIRONMENTAL LIEN | N/C |
| ALTA 9 | RESTRICTIONS, ENCROACHMENT, MINERALS -MORTGAGE POLICY | $.10 PER THOUSAND |
| ALTA 9.1 | RESTRICTIONS, ENCROACHMENTS, MINERALS, VACANT-OWNER'S | $.10 PER THOUSAND |
| ALTA 9.2 | RESTRICTIONS, ENCROACHMENTS,MINERALS, IMPROVED-OWNERS | $.10 PER THOUSAND |
| ALTA 10 | ASSIGNMENT OF MORTGAGE | $100.00 |
| ALTA 10.1 | ASSIGNMENT OF MORTGAGE AND DATE DOWN | $100.00 |
| ALTA 11 | MORTGAGE MODIFICATION | $100.00 |
| ALTA 12 | AGGREGATION      (TIE END) | $.10 PER THOUSAND |
| ALTA 13 | LEASEHOLD OWNER'S CONVERSION ENDORSEMENT | N/C |
| ALTA 13.1 | LEASEHOLD MORTGAGE CONVERSION ENDORSEMENT | N/C |
| | | |
| CLTA 103.1 | LOSS OF RIGHT TO AN EASEMENT | $100.00 |
| CLTA 103.3 | REMOVAL OF IMPROVEMENTS IN EASEMENT | $100.00 |
| CLTA 103.4 | ACCESS BY EASEMENT | $100.00 |
| CLTA 103.5 | DEVELOPMENT OF WATER RIGHTS | $100.00 |
| CLTA 103.7 | ACCESS | $100.00 |
| CLTA 104 | ASSIGNMENT OF BENEFICIAL INTEREST | $.10 PER THOUSAND |
| CLTA 110.5 | MORTGAGE MODIFICATION | $100.00 |
| | | |
| | ADDITIONAL INSURANCE | $.10 PER THOUSAND |
| | ALTERNATIVE POLICIES | $.05 PER THOUSAND |
| | ANTI-TAINT | $.10 PER THOUSAND |
| | ANTI DEFICIENCY | $.10 PER THOUSAND |
| | ASSIGNMENT OF LEASE | $.10 PER THOUSAND |
| | ASSIGNMENT OF POLICY | $150.00 |
| | ASSIGNMENT OF RENTS | $.10 PER THOUSAND |
| | BALLOON ENDORSEMENT | N/C |
| | BLANKET RELEASE END | $.10 PER THOUSAND |
| | CO-INSURANCE | $100.00 |
| | COLLATERAL ASSIGNMENT | $.10 PER THOUSAND |
| | CONVERSION ENDORSEMENT | $100.00 |
| | CONTIGUITY ENDORSEMENT | $100.00 |

EFFECTIVE
NOV 1 3 '02

APPROVED
NOV 1 3 '02
ALABAMA DEPT OF INSURANCE

|  |  |  |
|---|---|---|
|  | DATE DOWN | $150.00 |
|  | DELETION OF ARBITRATION CLAUSE | N/C |
|  | DELETION OF CREDITOR'S RIGHTS | N/C |
|  | DOING BUSINESS | $.10 PER THOUSAND |
|  | EXECUTION END | $.10 PER THOUSAND |
|  | FAIRWAY | $.10 PER THOUSAND |
|  | FIRST LOSS | $.10 PER THOUSAND |
|  | FIRST TIER FAIRWAY | $.10 PER THOUSAND |
|  | FOUNDATION | $100.00 |
|  | FUTURE ADVANCE AND REVOLVING CREDIT | $100.00 |
|  | FUTURE INSURANCE | $.10 PER THOUSAND |
|  | GAP END | $.10 PER THOUSAND |
|  | JUNIOR LOAN POLICY ENDORSEMENT | $100.00 |
|  | LAST DOLLAR | $.10 PER THOUSAND |
|  | LETTER OF CREDIT | $.10 PER THOUSAND |
| CLTA 116 | LOCATION | $100.00 |
|  | MECHANIC'S LIEN | $.10 PER THOUSAND |
|  | MEZZANINE END SHORT FORM | $.10 PER THOUSAND |
|  | MEZZANINE END LONG FORM | $.30 PER THOUSAND |
| CLTA 100.29 | MINERAL COVERAGE | $100.00 |
|  | MORTGAGE TAX | $.10 PER THOUSAND |
|  | MULTIPLE FORECLOSURE ENDORSEMENT | $.10 PER THOUSAND |
|  | NAVIGATIONAL SERVITUDE | $.10 PER THOUSAND |
|  | NON-INPUTATION | $.10 PER THOUSAND |
|  | OPTION | $.10 PER THOUSAND |
|  | OWNER'S COMPREHENSIVE | $.10 PER THOUSAND |
|  | PENDING IMPROVEMENTS | $100.00 |
|  | PERMITTED TRANSACTIONS | $.10 PER THOUSAND |
|  | REVERSE ANNUNITY | $100.00 |
|  | REVOLVING CREDIT | $100.00 |
|  | SECONDARY INSURANCE ENDORSEMENT | 35% OF THE ORIGINAL MORTGAGE POLICY RATE |
|  | SHARED APPRECIATION | $.10 PER THOUSAND |
|  | SUBDIVISION | $100.00 |
|  | SAME AS SURVEY | $50.00 |
|  | SUCCESSOR INSURED | $150.00 |
|  | TAX BENEFIT | $.10 PER THOUSAND |
|  | TAX BENEFIT END. NO. 2 | $1.00 PER THOUSAND |
|  | TAX LOT | $100.00 |
|  | TAX PARCEL | $100.00 |
|  | USURY | $100.00 |
|  | UTILITY FACILITY | $.10 PER THOUSAND |

**NOTE ALL ENDORSEMENTS WILL HAVE A MINIMUM FEE OF $100.00 DEPENDING ON THE SIZE OF THE TRANSACTION BEING INSURED.**
        **UNLESS THERE IS A FLAT RATE CHARGED.**

Hall-Frazier
Record - 002853

Transnation Title  Insurance Company's
Special Mineral Endorsement Rates as of April 7, 2004

| | | |
|---|---|---|
| Up to $1,000,000.00 | Charge | $4500.00 |
| Over $1,000,000.00 up to $10,000,000.00 | Add | $4.50 per thousand |
| Over $10,000,000.00 up to $50,000,000.00 | Add | $3.50 per thousand |
| Over $50,000,000.00 | Add | $2.50 per thousand |

APPROVED

EFFECTIVE

AUG 2 7 '04

AUG 2 7 '04

ALABAMA DEPT OF INSURANCE

Hall-Frazier
Record - 002854



Commonwealth Land Title Insurance Company
Lawyers Title Insurance Corporation
Transnation Title Insurance Company
Tracking #2006-1191

Master Equity Line Loan Policy
Rate Schedule

- $50.00 on mortgages securing amounts from $0.00 to $250,000

- $120.00 on mortgages securing amounts from $250,001 to $500,000

APPROVED          EFFECTIVE

FEB 0 8 '06      MAR 0 1 '06

ALABAMA DEPT OF INSURANCE

**Hall-Frazier**
**Record - 002855**

# Swafford Settlement Services, Inc.
# 9041 Executive Park Dr., Suite 400
# Knoxville, TN

## To:  All Closing Notaries/Attorneys

## Effective Immediately

Due to a high volume of loan packages not being executed properly at closings the following policy has been adopted.  Failure to execute a loan package properly by the closing notary/attorney and causing such loan package to re-sign in full will result in forfeiture of your first initial payment for the original closing. The payment for the re-signing of the second package will not be given until the documents have been signed correctly. All documents must be signed, initialed and/or notarized where specified. Identification must be properly documented and all signatures must be witness by an authorized party.

Thank you for your time and attention to this pertinent matter and immediate adoption of this policy.

## *Multiple Signing Errors due to the Closing Notary/Attorney can result  in the loss of business with Swafford Settlement Services, Inc*

HALC00001

# FINAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
## (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| Borrower Name(s):<br>**CHERYL HALL** | Lender:<br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |
|---|---|
| | Date: **03/25/2005**      Loan #: **0503172917** |
| | Loan Type: **Conventional** |

**Borrower Address:**
**105 TV ROAD**
**DOTHAN, AL 36301**

| **ANNUAL PERCENTAGE RATE**<br>The cost of your credit as a yearly rate. | **FINANCE CHARGE**<br>The dollar amount the credit will cost you. | **Amount Financed**<br>The amount of credit provided to you or on your behalf. | **Total of Payments**<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.975 % | $85,772.51 | $ 52,417.10 | $ 138,189.61 |

### PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 359 | $383.89 | 05/01/2005 | | | |
| 1 | $373.10 | 04/01/2035 | | | |

**DEMAND FEATURE:** **X** This loan does not have a Demand Feature. ☐ This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:** ☐ This Loan has a Variable Rate Feature. Variable Rate Dislcosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at
**105 TV ROAD**
**DOTHAN, AL 36301**

**ASSUMPTION:** Someone buying this property **X** cannot assume the remaining balance due under original mortgage terms.    ☐ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $170.00

**PROPERTY INSURANCE:** Property hazard insurance in the amount of the lesser of the loan amount or replacement cost with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender.
Hazard insurance ☐ is **X** is not available through the lender at an estimated cost of N/A for N/A year term.

**LATE CHARGES:** If your payment is more than **10** days late, you will be charged a late charge of **5.000**% of the overdue payment .

**PREPAYMENT:** If you pay off your loan early, you
☐ may **X** will not have to pay a penalty.
☐ may **X** will not be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| | |
|---|---|
| Borrower                    Date<br>CHERYL HALL | Borrower                    Date |
| Borrower                    Date | Borrower                    Date |
| Borrower                    Date | Borrower                    Date |
| Borrower                    Date | Borrower                    Date |

HALC00002

**Hall-Frazier**
**Record - 002857**

## ADDENDUM TO LENDERS INSTRUCTIONS, Continued

18.  Hazard Insurance Policy - If not impounded, requires 6 mo. coverage from loan date for refinances and 12 mo. for purchases. Mortgagee Clause:  Accredited Home Lenders, Inc., A California Corporation, ISAOA  P.O. Box 10436  Van Nuys, CA  91410-0436

19.  Pay the following in full at closing (payoff must show on est/final HUD1):

>        Payoff Amount: THE CR STR/PROVIDIAN,    $785.00
>        Payoff Amount: PALISADES,    $694.00
>        Payoff Amount: HOLLOWAY CREDIT,    $452.00
>        Payoff Amount: SMALL  LNS,    $399.00
>        Payoff Amount: CRDT MGT,    $182.00
>        Payoff Amount: FRIEDMANS JEWELERS,    $400.00
>        Payoff Amount: ARMY AVIATION CENTER FCU,  $4,594.49
>        Payoff Amount: ALABAMA APPRAISAL SERVICES,    $300.00
>        Payoff Amount: State Farm Insurance,  $1,068.00
>
>        Total Amount:  $8,874.49

20.  AHL to be insured in 1st lienhold position with clear title

21.  Corrected original 1003, pages 1-4, to be fully completed and signed by borrowers and broker.

22.  Certified copy of Final HUD1

23.  Funds to be wired to the title company only.

24.  Provide detailed cash-out letter from borrower.

### *** NO FURTHER CONDITIONS ON THIS LOAN

THE UNDERSIGNED BORROWER(S) AND CLOSING OFFICER ARE HEREBY AWARE AND UNDERSTAND THAT THIS LOAN IS APPROVED SUBJECT TO THE APPROVAL OF THE CONDITIONS LISTED ON THIS ADDENDUM PAGE.  THE CONDITIONS MUST BE REVIEWED AND APPROVED BY THE FUNDER AND/OR UNDERWRITER AT Home Funds Direct,

THE BORROWER(S) ARE AWARE THAT IN THE EVENT ANY OF THE ABOVE CONDITIONS ARE NOT ACCEPTABLE BY Home Funds Direct,

THIS LOAN APPROVAL MAY BE RESCINDED AT THE SOLE DISCRETION AND OPTION OF Home Funds Direct,

| | | | |
|---|---|---|---|
| _____ Date | | _____ Date | |
| Borrower **CHERYL HALL** | | Borrower | |
| _____ Date | | _____ Date | |
| Borrower | | Borrower | |
| _____ Date | | _____ Date | |
| Borrower | | Borrower | |
| _____ Date | | _____ Date | |
| Borrower | | Borrower | |

Closing Officer                    Date

HALC00003

- **Monies brought to the table** – All money brought to the table by borrower(s), regardless the amount, will be either: a.) <u>Certified check</u>. b.) <u>Money order</u>. The certified funds will be made out to Swafford and Hays Settlement Services, Inc. No personal checks will be accepted by Swafford and Hays, regardless the amount. No Exceptions.
- **Post Signing** – Swafford and Hays will need by **10:00 AM EST**, next business day a copy of of the signed HUD and an invoice with the tracking number faxed to **865-934-1236.**

- <u>ALL</u> SIGNED DOCUMENTS WILL BE RUSHED TO:

  **SWAFFORD AND HAYS SETTLEMENT SERVICES, INC.**
  **9041 EXECUTIVE PARK DRIVE**
  **SUITE 400**
  **KNOXVILLE, TN 37923**

  - **Account Number:**     **AW5 044**

  - **U.P.S. – Standard Overnight Delivery**

$50.00 late fines assessed to Swafford and Hays by mortgage companies will be passed along to the closing notary/attorney and will be deducted from the fee paid for services rendered, unless proved otherwise to be of no fault.

Each closing package error will be handled on an individual basis. The severity of each mistake will determine the amount of the fine.

Please remember, if any issues arise, your contact is <u>ALWAYS</u> Swafford and Hays. Your contact's phone number and extension will always be on the Confirmation Sheet, titled: **"Closer:.."**. After 6:00 PM EST, you will need to contact Swafford & Hays via the after hours number: **865-806-1738.**

By accepting this assignment you are accepting the terms and condition said above. You can, and we highly recommend, if you are unclear about any of the terms and conditions, to contact Swafford and Hays for more details, comments or suggestions. Thank you for all your hard work and your proactive, resourceful energy that makes you part of the Swafford and Hays team.

Respectfully,
J. A. Dew – Joe
Senior of Notary Services
Swafford and Hays Settlement Services, Inc

II

HALC00004

Hall-Frazier
Record - 002859

# NOTARY AND ATTORNEY
# CLOSING CHECKLIST

Please read, understand and follow through with all information listed below.

Swafford and Hays Settlement Services, Inc. will begin charging and/or penalizing closing notaries/attorneys accordingly for the following mistakes:

- **Quit Claim or Warranty Deed** – Not properly executed at signing. (Signature of borrower(s) not properly sealed by notary/attorney, etc).
- **Not printing out ALL Documents emailed for signing** – Every page to each loan is to be considered important. In most cases, a minimum of two (2) emails will be sent. The HUD and Title documents are ALWAYS sent separately. Always make certain of having the correct, complete set of Title documents before going to the signing.
- **Not checking documents for printing errors** – Even though documents are printed on legal size paper, be sure the print has not been cut short. (Last 3" of most documents not printing out on full, legal size page). Also, please check for font size. Recording offices require a font size of 10 for all documents.
- **Allowing borrower(s) to sign documents any other way than printed at signature lines** – Do not let the borrower(s) 'talk you into' letting them sign any other way. This error will most likely cause a delay in funding and penalties WILL be assessed accordingly.
- **Adding or omitting a borrower's name** – ALL borrowers, whose name(s) has been printed, will be required to sign where: a.) Their name appears (signature line), b.) Lines titled 'Borrower', c.) If applicable, lines titled 'Co-Borrower'. **IF** this is a 'NOVA STAR HOME MORTGAGE' Loan **and** the signing takes place in a Homestead state, **then** spouse must sign: Mortgage, Truth in Lending, Right to Cancel and sometimes the HUD – Exactly how name is printed on license. Otherwise, DO NOT allow anyone to add their signature to any page. Contact Swafford and Hays if uncertain on this matter.
- **Adding or omitting borrower's middle name or initial** – The borrower(s) must sign exactly as their name(s) are printed on the signature line(s).
- **Allowing the signing to continue when the borrower(s) name is misspelled** – All issues are to be reported to Swafford and Hays as they become apparent, not after the fact. Our after hours phone number: **865 806 1738.**
- **Failing to notarize a package** – Remember to affix your seal on all required documents and add your notary expiration date. Also, be sure to fill in the 'State' and 'County' information in the notary sections.
- **Failing to fill out necessary documents that are:** a.) State required. b.) Lender/Title Company required.

    o **NEW YORK** – '*Combined Real Estate Transfer Tax Return -* **TP-584 (7/30)**' and **'RP-5217'** – Both are absolutely required if a Quit Claim or Warranty Deed are in the package. Swafford & Hays is responsible for sending the RP-5217 form out to the notary prior to closing. The TP-584 (7/30) form will be sent with the closing package.
    o **GEORGIA & NORTH CAROLINA** – '*Borrower Affidavit Regarding Loan Benefit*' – borrower(s) must write the benefits of the loan, in the middle area of this document. (If you have question pertaining to this document please contact Swafford & Hays immediately).
    o **FLORDIA** – Legal witness(es) are needed on all required documents. Borrower(s), NOT the notary/attorney, will be responsible for providing such person(s). Picture identification will be required of the witness(es).
    o **ARKANSAS & MISSOURI** – After printing documents please take a minute to cut down the 'Mortgage/Deed of Trust and, if applicable, the Warranty Deed or Quit Claim Deed' to: 8 ½" x 11". Recording offices throughout both states are now requiring any and all deeds to be on 8½" x 11".

I

## EXHIBIT A

Situated in Dothan, Houston County, State of AL and being described as follows:

Lot 2, Block "C", of the Third Addition to Television Heights Subdivision in the City of Dothan, Alabama, as found recorded in Plat book 7, Page 23, in the Office of the Judge of Probate, Houston County, Alabama.

The above legal description being the same as the last deed of record, no boundary survey having been made at the time of this conveyance.

Parcel #10-09-31-4-003-001.007

BEING the same property conveyed to Louis E. Sowers and Fay Sowers, as joint tenants with express right of survivorship and to the survivor's heirs and assigns, by deed from Samuel B. Pierce, Jr., Secretary of Housing and Urban Development of Washington, D.C., acting by and through the Office of Assistant Secretary for Housing - Federal Housing Commissioner, dated 07-19-85, recorded 07-26-85, in Book 311, page 324, in the Office of the Judge of Probate of Houston County, AL.

BEING the same property conveyed to Kevin Lorenzo Dixon, II, by deed from Louis E. Sowers and wife, Fay Sowers, dated 04-02-03, recorded 04-03-03, in Book 598, page 34, in the Office of the Judge of Probate of Houston County, AL.

BEING the same property conveyed to Cheryl Hall, by deed from Kevin Lorenzo Dixon, II, a unmarried man, dated 03-02-05, recorded 03-11-05, in Book 622, page 443, in the Office of the Judge of Probate of Houston County, AL.

This Derivation Clause represents a 24 month Chain of Title.

The above information is to be used for reference purposes only and not to be relied on as evidence of title and/or encumbrances. Accordingly, said information is furnished at a reduced rate, and the Company's liability shall in no event exceed the amount paid for said information.

105 TV Road, Dothan, AL  36301

# NOTICE OF RIGHT TO CANCEL

Loan No:  0503172917                                    Date: March 25, 2005
Borrower: CHERYL HALL

Property Address: 105 TV ROAD
                  DOTHAN, AL 36301

---

YOUR RIGHT TO CANCEL:
You are entering into transaction that will result in a mortgage, lien, or security
interest on/in your home.  You have a legal right under federal law to cancel this
transaction, without cost, within three business days from whichever of the following
events occurs last:

1.  the date of the transaction, which is        **March 25, 2005**        ; or
2.  the date you received your Truth-in-Lending disclosures; or
3.  the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien, or security interest is also
cancelled.  Within 20 calendar days after we receive your notice, we must take the
steps necessary to reflect the fact that the mortgage, lien, or security interest
on/in your home has been cancelled, and we must return to you any money or property
you have given to us or to anyone else in connection with this transaction.

You may keep any money  or property we have given you until we have done the things
mentioned above, but you must then offer to return the money or the property.  If it
is impractical or unfair for you to return the property, you must offer its reasonable
value.  You may offer to return the property at your home or at the location of the
property.  Money must be returned to the address below.  If we do not take possession
of the money or property within 20 calendar days of your offer, you may keep it
without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing at:

Name of Creditor: **Home Funds Direct**
                  **1130 Northchase Parkway, Suite 200**
                  **Marietta, GA 30067-6420**

You may use any written statement that is signed and dated by you and states your
intention to cancel, or you may use this notice by dating and signing below.  Keep one
copy of this notice because it contains important information about your rights.

If you cancel by mail or by telegram, you must send the notice no later than midnight
of    **March 29, 2005**
                    (or midnight of the third business day following the latest of the
three events listed above.)  If you send or deliver your written notice to cancel some
other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____              _____
Consumer's Signature              Date
CHERYL HALL

---

I THE UNDERSIGNED HEREBY ACKNOWLEDGE, THAT, ON THE DATE SET FORTH BELOW, I RECEIVED TWO
(2) COPIES (IN ADDITION TO THIS COPY) OF THIS NOTICE OF RIGHT TO CANCEL, ADVISING ME OF
MY RIGHT TO CANCEL THE TRANSACTION TO WHICH THIS NOTICE RELATES AND ONE COPY OF THE
FEDERAL TRUTH IN LENDING DISCLOSURE STATEMENT.

Each borrower/owner in this transaction has the right to cancel.  The exercise of this
right by one borrower/owner shall be effective to all borrowers/owners.

_____              _____
Consumer's Signature              Date
CHERYL HALL

610005.uff

## NOTICE OF RIGHT TO CANCEL

Loan No: 0503172917                          Date: March 25, 2005
Borrower: CHERYL HALL

Property Address: 105 TV ROAD
DOTHAN, AL 36301

YOUR RIGHT TO CANCEL:
You are entering into transaction that will result in a mortgage, lien, or security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1.    the date of the transaction, which is        **March 25, 2005**        ; or
2.    the date you received your Truth-in-Lending disclosures; or
3.    the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien, or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien, or security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or the property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing at:

Name of Creditor: **Home Funds Direct**
                  **1130 Northchase Parkway, Suite 200**
                  **Marietta, GA 30067-6420**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or by telegram, you must send the notice no later than midnight of    **March 29, 2005**
                    (or midnight of the third business day following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____                    _____
Consumer's Signature                         Date
CHERYL HALL

I THE UNDERSIGNED HEREBY ACKNOWLEDGE, THAT, ON THE DATE SET FORTH BELOW, I RECEIVED TWO (2) COPIES (IN ADDITION TO THIS COPY) OF THIS NOTICE OF RIGHT TO CANCEL, ADVISING ME OF MY RIGHT TO CANCEL THE TRANSACTION TO WHICH THIS NOTICE RELATES AND ONE COPY OF THE FEDERAL TRUTH IN LENDING DISCLOSURE STATEMENT.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_____                    _____
Consumer's Signature                         Date
CHERYL HALL

610005.uff

HALC00008

# NOTICE OF RIGHT TO CANCEL

Loan No:   0503172917                          Date: March 25, 2005
Borrower:  CHERYL HALL

Property Address: 105 TV ROAD
                  DOTHAN, AL 36301

YOUR RIGHT TO CANCEL:
You are entering into transaction that will result in a mortgage, lien, or security
interest on/in your home.  You have a legal right under federal law to cancel this
transaction, without cost, within three business days from whichever of the following
events occurs last:

1.   the date of the transaction, which is         **March 25, 2005**          ; or
2.   the date you received your Truth-in-Lending disclosures; or
3.   the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien, or security interest is also
cancelled.  Within 20 calendar days after we receive your notice, we must take the
steps necessary to reflect the fact that the mortgage, lien, or security interest
on/in your home has been cancelled, and we must return to you any money or property
you have given to us or to anyone else in connection with this transaction.

You may keep any money  or property we have given you until we have done the things
mentioned above, but you must then offer to return the money or the property.  If it
is impractical or unfair for you to return the property, you must offer its reasonable
value.  You may offer to return the property at your home or at the location of the
property.  Money must be returned to the address below.  If we do not take possession
of the money or property within 20 calendar days of your offer, you may keep it
without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing at:

Name of Creditor: **Home Funds Direct**
                  **1130 Northchase Parkway, Suite 200**
                  **Marietta, GA 30067-6420**

You may use any written statement that is signed and dated by you and states your
intention to cancel, or you may use this notice by dating and signing below.  Keep one
copy of this notice because it contains important information about your rights.

If you cancel by mail or by telegram, you must send the notice no later than midnight
of    **March 29, 2005**
                    (or midnight of the third business day following the latest of the
three events listed above.)  If you send or deliver your written notice to cancel some
other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____
Consumer's Signature            Date
CHERYL HALL

I THE UNDERSIGNED HEREBY ACKNOWLEDGE, THAT, ON THE DATE SET FORTH BELOW, I RECEIVED TWO
(2) COPIES (IN ADDITION TO THIS COPY) OF THIS NOTICE OF RIGHT TO CANCEL, ADVISING ME OF
MY RIGHT TO CANCEL THE TRANSACTION TO WHICH THIS NOTICE RELATES AND ONE COPY OF THE
FEDERAL TRUTH IN LENDING DISCLOSURE STATEMENT.

Each borrower/owner in this transaction has the right to cancel.  The exercise of this
right by one borrower/owner shall be effective to all borrowers/owners.

_____
Consumer's Signature            Date
CHERYL HALL

610005.uff

HALC00009

INSTRUCTION SHEET
## DATING & INITIALING THE NOTICE OF RIGHT TO CANCEL

Prior to or at the time the Notice of Right to Cancel is presented to the Borrower for signature two(2) dates must be added to the form.

A.   Under item number 1, please write in the date on which the legal documents are being signed.

B.   In the last paragraph inside the box, please write in the "cancellation date" Remember this date must be three business days from the date the legal documents are signed.  Business days are Monday through Saturday, excluding legal holidays.

After the dates have been added to the Notice, the Borrower must initial both dates (A & B).

## SAMPLE:

NOTICE OF RIGHT TO CANCEL

Date:

Loan No:
Borrower:

Property Address:

---

**YOUR RIGHT TO CANCEL:**
You are entering into a new transaction to increase the amount of credit previously provided to you.  Your home is the security for this new transaction.  You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1.   the date of the transaction, which is      **A**      ; or
2.   the date you received your Truth-in-Lending disclosures; or
3.   the date you received this notice of your right to cancel.

If you cancel this new transaction, it will not affect any amount that you presently owe.  Your home is the security for that amount.  Within 20 calendar days after we receive your notice of cancellation of this new transaction, we must take the steps necessary to reflect the fact that your home does not secure the increase of credit.  We must also return to you any money you have given to us or to anyone else in connection with this new transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or the property.  If it is impractical or unfair for you to return the property, you must offer its reasonable value.  You may offer to return the property at your home or at the location of the property.  Money must be returned to the address below.  If we do not take possession of the property or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing at:

Name of Creditor:

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below.  Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or by telegram, you must send the notice no later than midnight of      **B** ;
             (or midnight of the third business day following the latest of the three events listed above.)  If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____     _____
Consumer's Signature                       Date

---

I THE UNDERSIGNED HEREBY ACKNOWLEDGE, THAT, ON THE DATE SET FORTH BELOW, I RECEIVED TWO (2) COPIES (IN ADDITION TO THIS COPY) OF THIS NOTICE OF RIGHT TO CANCEL, ADVISING ME OF MY RIGHT TO CANCEL THE TRANSACTION TO WHICH THIS NOTICE RELATES AND ONE COPY OF THE FEDERAL TRUTH IN LENDING DISCLOSURE STATEMENT.

Each borrower/owner in this transaction has the right to cancel.  The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_____     _____
Consumer's Signature                       Date

610061.uff

HALL                    0503172917

HALC00010

## NOTICE OF RIGHT TO CANCEL

Loan No:   0503172917                         Date: March 25, 2005
Borrower: CHERYL HALL


Property Address: 105 TV ROAD
                  DOTHAN, AL 36301

YOUR RIGHT TO CANCEL:
You are entering into transaction that will result in a mortgage, lien, or security
interest on/in your home.  You have a legal right under federal law to cancel this
transaction, without cost, within three business days from whichever of the following
events occurs last:

1.   the date of the transaction, which is          **March 25, 2005**          ; or
2.   the date you received your Truth-in-Lending disclosures; or
3.   the date you received this notice of your right to cancel.


If you cancel the transaction, the mortgage, lien, or security interest is also
cancelled.  Within 20 calendar days after we receive your notice, we must take the
steps necessary to reflect the fact that the mortgage, lien, or security interest
on/in your home has been cancelled, and we must return to you any money or property
you have given to us or to anyone else in connection with this transaction.

You may keep any money  or property we have given you until we have done the things
mentioned above, but you must then offer to return the money or the property.  If it
is impractical or unfair for you to return the property, you must offer its reasonable
value.  You may offer to return the property at your home or at the location of the
property.  Money must be returned to the address below.  If we do not take possession
of the money or property within 20 calendar days of your offer, you may keep it
without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing at:

Name of Creditor: **Home Funds Direct**
                  **1130 Northchase Parkway, Suite 200**
                  **Marietta, GA 30067-6420**



You may use any written statement that is signed and dated by you and states your
intention to cancel, or you may use this notice by dating and signing below.  Keep one
copy of this notice because it contains important information about your rights.

If you cancel by mail or by telegram, you must send the notice no later than midnight
of   **March 29, 2005**
                    (or midnight of the third business day following the latest of the
three events listed above.)  If you send or deliver your written notice to cancel some
other way, it must be delivered to the above address no later than that time.


**I WISH TO CANCEL**



Consumer's Signature            Date
CHERYL HALL

I THE UNDERSIGNED HEREBY ACKNOWLEDGE, THAT, ON THE DATE SET FORTH BELOW, I RECEIVED TWO
(2) COPIES (IN ADDITION TO THIS COPY) OF THIS NOTICE OF RIGHT TO CANCEL, ADVISING ME OF
MY RIGHT TO CANCEL THE TRANSACTION TO WHICH THIS NOTICE RELATES AND ONE COPY OF THE
FEDERAL TRUTH IN LENDING DISCLOSURE STATEMENT.

Each borrower/owner in this transaction has the right to cancel.  The exercise of this
right by one borrower/owner shall be effective to all borrowers/owners.



Consumer's Signature            Date
CHERYL HALL

610005.uff

HALC00011

**Hall-Frazier**
**Record - 002866**

# CREDIT SCORE NOTICE

| Borrower Name(s):<br>**CHERYL HALL** | Lender:<br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128**<br><br>**(866) 487-4350** |
|---|---|
| | Date:<br>**March 25, 2005** |

## NOTICE TO THE HOME LOAN APPLICANT

In connection with your application for a home loan, the lender must disclose to you the score that a consumer reporting agency distributed to users and the lender used in connection with your home loan, and the key factors affecting your credit scores.

The credit score is a computer generated summary calculated at the time of the request and based on information that a consumer reporting agency or lender has on file. The scores are based on data about your credit history and payment patterns. Credit scores are important because they are used to assist the lender in determining whether you will obtain a loan. They may also be used to determine what interest rate you may be offered on the mortgage. Credit scores can change over time, depending on your conduct, how your credit history and payment patterns change, and how credit scoring technologies change.

Because the score is based on information in your credit history, it is very important that you review the credit-related information that is being furnished to make sure it is accurate. Credit records may vary from one company to another.

If you have questions about your credit score or the credit information that is furnished to you, contact the consumer reporting agency at the address and telephone number provided with this notice, or contact the lender, if the lender developed or generated the credit score. The consumer reporting agency plays no part in the decision to take any action on the loan application and is unable to provide you with specific reasons for the decision on a loan application.

If you have questions concerning the terms of the loan, contact the lender.

One or more of the following consumer reporting agencies will provide the credit score:

| **Experian** | **Equifax Credit Information Services** | **Trans Union** |
|---|---|---|
| P.O. Box 2002 | P.O. Box 740241 | P.O. Box 4000 |
| Allen, TX 75013 | Atlanta, GA 30374 | Chester, PA 19016 |
| 1-888-397-3742 | 1-800-685-1111 | 1-866-887-2673 |

Your acknowledgment below signifies that this written notice was provided to you.

| Borrower **CHERYL HALL** | Date | Borrower | Date |
|---|---|---|---|

| Borrower | Date | Borrower | Date |
|---|---|---|---|

| Borrower | Date | Borrower | Date |
|---|---|---|---|

| Borrower | Date | Borrower | Date |
|---|---|---|---|

100176105031729174                    0503172917

**VMP** -140 (0410)          VMP Mortgage Solutions, Inc. (800)521-7291          **10/04**

HALC00012

Addendum for Loan # : 0086107315 - HALL, CHERYL

## --- LIABILITIES ---

```
Creditor     :ACCREDITED HOME LENDER      Acct. #    : 503172917
Address      :                            Balance    : *$56,700.00
                                          Payment    : [$518.00]
C/S/Z        :                            Rem. Term  :    110
Acct. Type   :Mortgage
In Name Of   :


Creditor     :FRIEDMANS JEWELERS          Acct. #    : 5618210048744
Address      :                            Balance    : *$400.00
                                          Payment    : [$50.00]
C/S/Z        :                            Rem. Term  :    8
Acct. Type   :Collection
In Name Of   :


Creditor     :SMALL LNS                   Acct. #    : 7804 5214
Address      :                            Balance    : *$399.00
                                          Payment    : [$85.00]
C/S/Z        :                            Rem. Term  :    5
Acct. Type   :Collection
In Name Of   :


Creditor     :HOLLOWAY CREDIT SOLUTI (original creditoAcct. #   : 4748594
Address      :                            Balance    : [$187.00]
                                          Payment    : [$5.61]
C/S/Z        :                            Rem. Term  :    34
Acct. Type   :Collection
In Name Of   :


Creditor     :FARMERS FURN                Acct. #    : 99501278122300094
Address      :                            Balance    : *$154.00
                                          Payment    : *$75.00
C/S/Z        :                            Rem. Term  :    3
Acct. Type   :Collection
In Name Of   :


Creditor     :HOLLOWAY CREDIT SOLUTI (original creditoAcct. #   : 5265862
Address      :                            Balance    : [$93.00]
                                          Payment    : [$2.79]
C/S/Z        :                            Rem. Term  :    34
Acct. Type   :Collection
In Name Of   :


Creditor     :HOLLOWAY CREDIT SOLUTI (original creditoAcct. #   : 8324515
Address      :                            Balance    : [$93.00]
                                          Payment    : [$2.79]
C/S/Z        :                            Rem. Term  :    34
Acct. Type   :Collection
In Name Of   :


Creditor     :HOLLOWAY CREDIT SOLUTI (original creditoAcct. #   : 5199893
Address      :                            Balance    : [$93.00]
                                          Payment    : [$2.79]
C/S/Z        :                            Rem. Term  :    34
Acct. Type   :Collection
In Name Of   :


Creditor     :SMALL LNS                   Acct. #    : 7804 6041
Address      :                            Balance    : *$59.00
                                          Payment    : *$60.00
C/S/Z        :                            Rem. Term  :    1
Acct. Type   :Collection
In Name Of   :
```

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date: | Co-Borrower's Signature: | Date: |
|---|---|---|---|
| X | | X | |

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in Section 15. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in** HOUSTON
County, Alabama, and thereupon shall sell the Property to the highest bidder at public auction at the front door of the County Courthouse of this County. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Waivers.** Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

**25. Attorneys' Fees.** Wherever this Security Instrument authorizes the Lender to collect reasonable attorneys' fees following default, such reasonable attorneys' fees shall not exceed fifteen percent (15%) of the unpaid debt after default and referral of the Security Instrument to an attorney who is not a salaried employee of Lender.

100176105031729                                                    0503172917
                                          Initials:_____
-6A(AL) (0005).03                      Page 13 of 15                          Form 3001 1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____ (Seal)
                                            **CHERYL HALL**                        -Borrower


_____          _____ (Seal)
                                                                                  -Borrower


_____ (Seal)     _____ (Seal)
                        -Borrower                                                 -Borrower


_____ (Seal)     _____ (Seal)
                        -Borrower                                                 -Borrower


_____ (Seal)     _____ (Seal)
                        -Borrower                                                 -Borrower


100176105031729                     0503172917

-6A(AL) (0005).03          Page 14 of 15          Form 3001 1/01

HALC00015

**STATE OF ALABAMA,**                                        County ss:

On this                    day of                                        , I,
,
a Notary Public in and for said county and in said state, hereby certify that **CHERYL HALL**

,
whose name(s) is/are signed to the foregoing conveyance, and who is/are known to me, acknowledged before me that, being informed of the contents of the conveyance, he/she/they executed the same voluntarily and as his/her/their act on the day the same bears date.

Given under my hand and seal of office this                    day of                                        .

My Commission Expires:

_____
Notary Public

Prepared By:
**Home Funds Direct**
**15090 Avenue of Science**
**San Diego, CA 92128**

100176105031729                                        0503172917
                                        Initials:_____
-6A(AL) (0005).03                Page 15 of 15                        Form 3001 1/01

HALC00016

**Hall-Frazier**
**Record - 002871**

## LEGAL DESCRIPTION ADDENDUM

| Borrower Name(s): | Lender: |
|---|---|
| CHERYL HALL | Home Funds Direct<br>15090 Avenue of Science<br>San Diego, CA 92128 |
| | **Loan #: 0503172917** |

**Property Address:**
105 TV ROAD
DOTHAN, AL 36301

**Legal Description:**
**SEE ATTACHED LEGAL DESCRIPTION**

Initials _____

HALC00017

Hall-Frazier
Record - 002872

# RIGHT TO CANCEL NOTICE

## WHEN COMPLETING THE "Notice of Right to Cancel":

* Please verifiy that all dates are properly filled in; if they are not, the rescission must begin again.

* See attachment instruction sheet to help you determine dates.

*IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE DOC/FUNDING DEPARTMENT.*

*PHONE: (866) 539-7025*

Closing Agent / Escrow Officer:_____Date_____

MIN # 100176105031729174                    HALL                    Loan #  0503172917
AHL 610087.UFF                          Page 1 of 1

HALC00018

Hall-Frazier
Record - 002873

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

100176105031729                                                   0503172917

Initials: _____

-6A(AL) (0005).03                    Page 10 of 15                    Form 3001 1/01

Hall-Frazier
Record - 002874

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

100176105031729                                    0503172917

Initials: _____

-6A(AL) (0005).03                    Page 11 of 15                    Form 3001 1/01

HALC00020

Hall-Frazier
Record - 002875

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

100176105031729                                    0503172917

Initials:_____

-6A(AL) (0005).03                Page 12 of 15                    Form 3001 1/01

**Hall-Frazier**
**Record - 002876**

# REQUEST FOR LOSS PAYABLE ENDORSEMENT

| To: Agent or Broker | Insured's Name & Address |
|---|---|
| Name EUGENE MCGRIFF-STATE FARM FIRE | Name CHERYL HALL |
| Add. PO BOX 1185 | Add. 105 TV ROAD |
| DOTHAN, AL 36302 | DOTHAN, AL 36301 |

This letter is to advise you that I/we have, on **March 25, 2005**                granted a security interest on the property listed below, to the company listed as LENDER. Please issue your standard mortgagee loss payable endorsement as instructed below. Mail the original endorsement and a copy of the policy to the lender named, at the address below.

The agent listed above is my/our voluntary selection of agents, as my/our choice and whose selection was not a condition precedent to this loan. Said designation may be revoked hereafter by written notice to the party named.

---

Property Add. 105 TV ROAD
                DOTHAN, AL 36301

Lender: Home Funds Direct                    Indebtedness $56,000.00
        1130 Northchase Parkway
        Marietta, GA 30067-6420              Term: 360                    Months

Insurance Company:  EUGENE MCGRIFF-STATE FARM FIRE AND CASUA PO BOX 1185
                    DOTHAN, AL 36302

Phone No. _____  Policy No. 01-GP-2037-2 _____

Endorsement should show lender as:   **See mortgagee loss payable endorsement below**

[x] First      [ ] Second      [ ] Third      [ ] Other _____ Mortgagee

---

Lender as a condition of the loan in addition to the fire and casualty protection [ ] **Requires**   [x] **Does not require** a Flood insurance policy in the amount of the indebtedness covering the real property listed above.

If I/we fail to furnish a valid insurance policy or written evidence from an insurance company for all the required coverages within 15 days, I/we hereby agree to pay LENDER or its assignees any earned premium and costs for any policy they may have to place to comply with this requirement.

Thank you in advance for your prompt attention.

**Mortgagee loss payable endorsement**
Home Funds Direct
A Division of Accredited Home Lenders, Inc.
A California Corporation,
It's successors and/or assigns
P.O. Box 10436
Van Nuys, CA 91410-0436

Signatures:

CHERYL HALL _____     _____

_____     _____

-696 (0003)                    VMP MORTGAGE FORMS - (800)521-7291              3/00
                HALL           0503172917

HALC00022

**Hall-Frazier**
**Record - 002877**

# COMPLIANCE AGREEMENT

| Borrower Name(s):<br>**CHERYL HALL** | Lender:<br><br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |
|---|---|
| Property Address:<br>**105 TV ROAD**<br>**DOTHAN, AL 36301** | Date:<br>**March 25, 2005** |

The undersigned borrower(s), in consideration of lender disbursing loan proceeds for the purchase or refinance of, or construction of improvements on the aforementioned property, agree(s), if requested by the lender or someone acting on behalf of said lender, to fully co-operate in adjusting for clerical errors, mistakes by the lender or by the broker, and all loan closing documentation deemed necessary or desirable, in the reasonable discretion of lender, to enable lender to sell, convey its interest in, seek guaranty of, or market said loan to any entity, including but not limited to, a secondary investor, the Federal National Mortgage Association (FNMA), the Federal Home Loan Mortgage Corporation (FHLMC), Department of Housing and Urban Development (HUD), the Department of Veterans Affairs (VA), or any Municipal Bonding Authority.

The undersigned borrower(s) agree(s) to sign or initial any original or new document requested by lender to correctly reflect the terms of said loan. This shall be done within a reasonable time of request by the lender to do so and failure or refusal to sign or initial any documents requested is an event of default allowing lender to take any action necessary to collect said loan.

In order to assure that the loan documentation executed this date will conform and be acceptable in the market place in the instance of transfer, sale, or the conveyance by lender of its interest in and to the above mentioned property evidenced by said loan documentation, the undersigned borrower(s) do hereby so agree and covenant as aforesaid herein.

DATED effective this _____ day _____ , _____

_____  Date    _____  Date
Borrower **CHERYL HALL**         Borrower

_____  Date    _____  Date
Borrower         Borrower

_____  Date    _____  Date
Borrower         Borrower

_____  Date    _____  Date
Borrower         Borrower

STATE OF _____ }
                     } SS
COUNTY OF _____ }

On _____ before me, _____
                                       Notary Public Name (printed)

personally appeared **CHERYL HALL**

☐
personally known to me -OR-
    ☐
    proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

    WITNESS my hand and official seal.

    _____
    Signature of Notary

HALC00023

Hall-Frazier
**Record - 002878**

OUR LOAN NO. 0503172917

CLOSING DATE March 25, 2005

# LENDERS' INSTRUCTIONS

ISSUE DATE March 25, 2005

**IF THE LOAN DOES NOT CLOSE AS SCHEDULED PLEASE NOTIFY OUR OFFICE IMMEDIATELY** (DO NOT USE OUR FUNDS IF YOU CANNOT COMPLY WITH ALL OF THE INSTRUCTIONS ON PAGES 2, 3, & 4 AND ADDITIONAL INSTRUCTIONS)

CLOSING AGENT  SWAFFORD & HAYES SETTLEMENT SERVICES INC  ATTENTION  JAMES W SWAFFORD
CLOSING AGENT ADDRESS  9041 EXECUTIVE PARK DRIVE, KNOXVILLE, TN 37923
CLOSING AGENT PHONE NUMBER  (865)934-0466 _____ CLOSING AGENT FAX NUMBER  (865)934-0215
LOAN PURPOSE  Refi Cash Out _____ LIEN TYPE  1st _____ LOAN TYPE  Fixed
MTGE AMT. $  56,000.00 _____ INTEREST RATE  7.299  % INITIAL RATE  7.299% _____ MARGIN  0.000  %
TERM  360/360 _____ MUST CLOSE BY  04/05/2005 _____ DOCUMENT EXPIRE ON  04/05/2005
MORTGAGOR(S) NAME(S)  CHERYL HALL
PROPERTY ADDRESS  105 TV ROAD, DOTHAN, AL 36301
TITLE COMPANY  SWAFFORD & HAYES SETTLEMENT SERVICES INC
TITLE NUMBER  05-2813 _____ PHONE NUMBER  (865)934-0466

**A. ENCLOSED ARE THE FOLLOWING DOCUMENTS PERTAINING TO THE MORTGAGE CLOSING:**

( X ) DEED / MORTGAGE                          (  ) ORIGINAL POWER OF ATTORNEY - RETURN TO DESIGNEE

(  ) RIDER(S), ADDENDUM, ALLONGE #_____   ( X ) TAX FORM # 4506 OR 8821

( X ) NOTE                                     (  ) _____

( X ) RIDER(S) ATTATCHED SCHEDULES #_____   (  ) _____

( X ) TRUTH INLENDING FINAL (REG Z)            (  ) _____

( X ) W-9                                      (  ) _____

( X ) INFORMATIONAL DISCLOSURES                (  ) _____

( X ) RIGHT TO CANCEL - 3 COPIES PER BORROWER  (  ) _____
      -RETURN 1 EACH

**B. THE FOLLOWING LENDER ITEMS HAVE BEEN DEDUCTED FROM OUR CHECK/DRAFT TO YOU:**

| FEE ITEMS: HUD-1 # | LENDER FEES | N/A | LENDER POC | TOTAL FEES |
|---|---|---|---|---|
| 801 Origination Fee | 1,960.00 | | | 1,960.00 |
| 802 Discount Points | | | | |
| 803 Appraisal Fee | | | | 300.00 |
| 804 Credit Report Fee | | | | |
| 805 Final Inspection/442 Fee | | | | |
| 807 Application Fee | | | | |
| 810 Processing Fee | 500.00 | | | 500.00 |
| 811 Underwriting Fee | 500.00 | | | 500.00 |
| 813 Appraisal Review Fee | 250.00 | | | 250.00 |
| 815 Escrow Holdback Fee | | | | |
| 816 Funding Fee | | | | |
| 818 Courier Fee | | | | |
| 825 Warehouse Fee | | | | |
| 827 Reverif Fee | | | | |
| 828 Flood Cert/Life of Loan Fee | 9.50 | | | 9.50 |
| 829 Tax Service Fee | 66.00 | | | 66.00 |
| 901 Interest for 2 days    @ $ 11.2 per day | 22.40 | | | |
| 1001 Hazard Insurance 4 month(s) @    $89.00 | 356.00 | | | 356.00 |
| 1003 City Property Tax 0 month(s) @    $0.00 | | | | |
| 1004 County Property Tax 7 month(s) @    $44.75 | 313.25 | | | 313.25 |
| 1005 School Tax 0 month(s) @    $0.00 | | | | |
| 1006 Flood Insurance 0 month(s) @    $0.00 | | | | |
| 1008 Agg. Acctg. Adjustment | -134.25 | | | -134.25 |
| 1301 Survey Fee | | | | |
| **TOTALS** | 3,842.90 | 0.00 | 0.00 | 4,120.50 |

**PAID BY LENDER**

204  LENDER CREDIT TO BORROWER    $ 0.00
809  YIELD SPREAD TO BROKER (POC)    $ 0.00
1203 STATE TAX/STAMPS    $                    **NET CHECK / DRAFT $**  52,157.10

**For all Dry-Funding States and Refinances in Wet-Funding States:**
**ALL DOCUMENTS MUST BE IN OUR OFFICE TWO (2) BUSINESS DAYS PRIOR TO DISBURSEMENT OF LOAN FUNDS**
C. POLICY OF THE TITLE INSURANCE REQUIREMENTS ARE SET FORTH ON PAGE 2 AND OUR LIEN MUST BE SUBJECT
ONLY TO EXCEPTION NUMBERS  B1)1-9 B2)1-7 _____ AS
SHOWN ON THE PRELIMINARY REPORT /COMMITMENT DATED  March 18, 2005 _____.

Initials _____

Page 1 of 4
AHL G635-AHL.UFF

HALC00024

**Hall-Frazier**
**Record - 002879**

# Initial Escrow Account Disclosure Statement

Date: 03/25/2005          Loan Number: 0503172917          Case Number:

Toll Free Number: 877-683-4466

This is an estimate of activity in your escrow account during the coming year based on payments anticipated to be made from your account.

| Month For Period | Payments to Escrow Account | Payments from Escrow Account | Description | Escrow Account Balance |
|---|---|---|---|---|
| **Initial Deposit:** | | | $ | 535.00 |
| Jun 05 | 133.75 | 0.00 | | 668.75 |
| Jul 05 | 133.75 | 0.00 | | 802.50 |
| Aug 05 | 133.75 | 0.00 | | 936.25 |
| Sep 05 | 133.75 | 0.00 | | 1,070.00 |
| Oct 05 | 133.75 | 0.00 | | 1,203.75 |
| Nov 05 | 133.75 | 0.00 | | 1,337.50 |
| Dec 05 | 133.75 | 537.00 | County Prop. Tax | 934.25 |
| Jan 06 | 133.75 | 0.00 | | 1,068.00 |
| Feb 06 | 133.75 | 0.00 | | 1,201.75 |
| Mar 06 | 133.75 | 1,068.00 | Hazard Ins. Impounds | 267.50 |
| Apr 06 | 133.75 | 0.00 | | 401.25 |
| May 06 | 133.75 | 0.00 | | 535.00 |

**(PLEASE KEEP THIS STATEMENT FOR COMPARISON WITH THE ACTUAL ACTIVITY IN YOUR ACCOUNT AT THE END OF THE ESCROW ACCOUNTING COMPUTATION YEAR.)** Cushion selected by servicer: $ _____ 267.50

[X] Your **Monthly** mortgage payment for the coming year will be $ 517.64 of which $383.89 will be for principal and interest and $ 133.75 will go into your escrow account, and $0.00 will be for discretionary items (such as life insurance, disability insurance) that you chose to be included with your monthly payment.

[ ] Your first mortgage payment for the coming year will be $ of which $ will be for principal and interest and $ will go into your escrow account, and $ will be for discretionary items (such as life insurance, disability insurance) that you chose to be included with your monthly payment. The terms of your loan may result in changes to the monthly principal and interest payments during the year.

VMP-503X (9802).01          2/98
VMP MORTGAGE FORMS - (800)521-7291

HALC00025

Addendum for Loan # : 0503172917 - HALL, CHERYL

--- LIABILITIES ---

| | | | |
|---|---|---|---|
| Creditor | :Subject Loan | Acct. # | : |
| Address | : | Balance | : $0.00 |
| | | Payment | : [$0.00] |
| C/S/Z | : | Rem. Term | : 0 |
| Acct. Type | :Mortgage | | |
| In Name Of | : | | |

| | | | |
|---|---|---|---|
| Creditor | :THE CR STR/PROVIDIAN | Acct. # | : |
| Address | : | Balance | : *$785.00 |
| | | Payment | : [$0.00] |
| C/S/Z | : | Rem. Term | : 0 |
| Acct. Type | :Installment | | |
| In Name Of | : | | |

| | | | |
|---|---|---|---|
| Creditor | :PALISADES | Acct. # | : |
| Address | : | Balance | : *$694.00 |
| | | Payment | : [$0.00] |
| C/S/Z | : | Rem. Term | : 0 |
| Acct. Type | :Installment | | |
| In Name Of | : | | |

| | | | |
|---|---|---|---|
| Creditor | :HOLLOWAY CREDIT | Acct. # | : |
| Address | : | Balance | : *$452.00 |
| | | Payment | : [$0.00] |
| C/S/Z | : | Rem. Term | : 0 |
| Acct. Type | :Installment | | |
| In Name Of | : | | |

| | | | |
|---|---|---|---|
| Creditor | :SMALL  LNS | Acct. # | : |
| Address | : | Balance | : *$399.00 |
| | | Payment | : [$0.00] |
| C/S/Z | : | Rem. Term | : 0 |
| Acct. Type | :Installment | | |
| In Name Of | : | | |

| | | | |
|---|---|---|---|
| Creditor | :CRDT MGT | Acct. # | : |
| Address | : | Balance | : *$182.00 |
| | | Payment | : [$0.00] |
| C/S/Z | : | Rem. Term | : 0 |
| Acct. Type | :Installment | | |
| In Name Of | : | | |

| | | | |
|---|---|---|---|
| Creditor | :FRIEDMANS JEWELERS | Acct. # | : |
| Address | : | Balance | : *$400.00 |
| | | Payment | : *$0.00 |
| C/S/Z | : | Rem. Term | : 0 |
| Acct. Type | :Installment | | |
| In Name Of | : | | |

| | | | |
|---|---|---|---|
| Creditor | :ARMY AVIATION CENTER FCU | Acct. # | : |
| Address | : | Balance | : *$4,594.49 |
| | | Payment | : *$0.00 |
| C/S/Z | : | Rem. Term | : 0 |
| Acct. Type | :Mortgage | | |
| In Name Of | : | | |

| | | | |
|---|---|---|---|
| Creditor | :ALABAMA APPRAISAL SERVICES | Acct. # | : |
| Address | : | Balance | : *$300.00 |
| | | Payment | : *$0.00 |
| C/S/Z | : | Rem. Term | : 0 |
| Acct. Type | :Mortgage | | |
| In Name Of | : | | |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date: | Co-Borrower's Signature: | Date: |
|---|---|---|---|
| X | | X | |

Hall-Frazier
Record - 002881

## VI. ASSETS AND LIABILITIES (cont.)

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | Totals | $              0 | $              0 | $              0 | $              0 | $              0 |              0 |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |
| | | |

## VII. DETAILS OF TRANSACTION

| | | |
|---|---|---|
| a. | Purchase price | $            0.00 |
| b. | Alterations, improvements, repairs | 0.00 |
| c. | Land (if acquired separately) | 0.00 |
| d. | Refinance (incl. debts to be paid off) | 0.00 |
| e. | Estimated prepaid items | 1,960.00 |
| f. | Estimated closing costs | 3,361.90 |
| g. | PMI, MIP, Funding Fee | 0.00 |
| h. | Discount (if Borrower will pay) | 0.00 |
| i. | **Total costs (add items a through h)** | 5,321.90 |
| j. | Subordinate financing | 0.00 |
| k. | Borrower's closing costs paid by Seller | 0.00 |
| l. | Other Credits (explain) | |
| | | 0.00 |
| | | 0.00 |
| | | 0.00 |
| | | 0.00 |
| m. | Loan amount (exclude PMI, MIP, Funding Fee financed) | 56,000.00 |
| n. | PMI, MIP, Funding Fee financed | - - - - |
| o. | Loan amount (add m & n) | 56,000.00 |
| p. | Cash from/to Borrower (subtract j, k, l & o from i) | -50,678.10 |

## VIII. DECLARATIONS

If you answer "Yes" to any questions a through i, please use continuation sheet for explanation.

| | | Borrower Yes | Borrower No | Co-Borrower Yes | Co-Borrower No |
|---|---|---|---|---|---|
| a. | Are there any outstanding judgments against you? | | X | | |
| b. | Have you been declared bankrupt within the past 7 years? | | X | | |
| c. | Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | X | | |
| d. | Are you a party to a lawsuit? | | X | | |
| e. | Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | X | | |
| f. | Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | | X | | |
| g. | Are you obligated to pay alimony, child support, or separate maintenance? | | X | | |
| h. | Is any part of the down payment borrowed? | | X | | |
| i. | Are you a co-maker or endorser on a note? | | X | | |
| j. | Are you a U.S. citizen? | X | | | |
| k. | Are you a permanent resident alien? | | X | | |
| l. | **Do you intend to occupy the property as your primary residence?** If "Yes," complete question m below. | X | | | |
| m. | Have you had an ownership interest in a property in the last three years? | X | | | |
| | (1) What type of property did you own - - principal residence (PR), second home (SH), or investment property (IP)? | PR | | | |
| | (2) How did you hold title to the home - - solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | | | |

## IX. ACKNOWLEDGMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may discriminate neither on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

**BORROWER** [X] I do not wish to furnish this information    **CO-BORROWER** [ ] I do not wish to furnish this information

| | BORROWER | CO-BORROWER |
|---|---|---|
| Ethnicity: | [ ] Hispanic or Latino   [ ] Not Hispanic or Latino | [ ] Hispanic or Latino   [ ] Not Hispanic or Latino |
| Race: | [ ] American Indian or Alaska Native   [ ] Asian   [ ] Black or African American   [ ] Native Hawaiian or Other Pacific Islander   [ ] White | [ ] American Indian or Alaska Native   [ ] Asian   [ ] Black or African American   [ ] Native Hawaiian or Other Pacific Islander   [ ] White |
| Sex: | [X] Female   [ ] Male | [ ] Female   [ ] Male |

| To be Completed by Interviewer This application was taken by: | Interviewer's Name (print or type) KRIS DILLON | Name and Address of Interviewer's Employer Home Funds Direct |
|---|---|---|
| [ ] Face-to-face interview | Interviewer's Signature                    Date 03/17/2005 | 1130 Northchase Parkway |
| [ ] Mail | | Suite 200 |
| [X] Telephone | Interviewer's Phone Number (incl. area code) | Marietta, GA 30067-6420 |
| [ ] Internet | | |

HALC00027

**Hall-Frazier**
**Record - 002882**

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 1,302.75 | | $ 1,302.75 | Rent | $ 0.00 | |
| Overtime | 0.00 | | 0.00 | First Mortgage (P&I) | 0.00 | $ 383.89 |
| Bonuses | 0.00 | | 0.00 | Other Financing (P&I) | 0.00 | 0.00 |
| Commissions | 0.00 | | 0.00 | Hazard Insurance | 89.00 | 0.00 |
| Dividends/Interest | 0.00 | | 0.00 | Real Estate Taxes | 44.75 | 0.00 |
| Net Rental Income | 0.00 | | 0.00 | Mortgage Insurance | 0.00 | 0.00 |
| Other (before completing, see the notice in "describe other income," below) | 0.00 | 0.00 | 0.00 | Homeowner Assn. Dues | 0.00 | 0.00 |
| | | | | Other: | 0.00 | 0.00 |
| Total | $ 1,302.75 | | $ 1,302.75 | Total | $ 133.75 | $ 383.89 |

\* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

| B/C | Describe Other Income    Notice:  Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan. | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed ☐ Jointly ☒ Not Jointly

| ASSETS<br>Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ 0.00 | LIABILITIES | | |
| List checking and savings accounts below | | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | *** SEE ADDENDUM *** | | |
| FIRST UNION | | | | |
| | | Acct. no. | | |
| Acct. no. | $ 250.00 | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Stocks & Bonds (Company name/number & description) /0 | $ 0.00 | | | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Life insurance net cash value | $ 0.00 | | | |
| Face amount: $ 0.00 | | | | |
| Subtotal Liquid Assets | $ 250.00 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 0.00 | Acct. no. | | |
| Vested interest in retirement fund | $ 0.00 | Name and address of Company | $ Payment/Months | $ |
| Net worth of business(es) owned (attach financial statement) | $ 0.00 | | | |
| Automobiles owned (make and year) | $ | | | |
| HONDA ACCORD | 15,000.00 | Acct. no. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | $ | Job-Related Expense (child care, union dues, etc.) | $ | |
| OTHER | 3,000.00 | | | |
| | | Total Monthly Payments | $ 0.00 | |
| Total Assets a. | $ 18,250.00 | Net Worth (a minus b) ▶ $ 18,250.00 | Total Liabilities b. | $ 0.00 |

0503172917

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04

VMP ®-21N (0305)

HALC00028

## Continuation Sheet/Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark **B** for Borrower or **C** for Co-Borrower. | Borrower:<br><br>HALL, CHERYL | Agency Case Number: |
|---|---|---|
| | Co-Borrower: | Lender Case Number: |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X | | X | |

0503172917

VMP -21N (0305)
®

Page 4 of 4

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04

HALC00029

**Hall-Frazier**
**Record - 002884**

Addendum for Loan # : 0503172917 - HALL, CHERYL

```
                      --- LIABILITIES ---

Creditor    :State Farm Insurance        Acct. #    :
Address     :                            Balance    : *$1,068.00
                                         Payment    : *$0.00
C/S/Z       :                            Rem. Term  :      0
Acct. Type  :Mortgage
In Name Of  :
```

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date: | Co-Borrower's Signature: | Date: |
|---|---|---|---|
| X | | X | |

HALC00030

# ADDITIONAL REQUIREMENT FORM

| Borrower Name(s):<br>**CHERYL HALL** | Lender:<br><br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |
|---|---|
| Property Address:<br>**105 TV ROAD**<br>**DOTHAN, AL 36301** | Date:<br>**March 25, 2005** |

Fax all items per item 5 below
if original loan documents are not with lender

1.  Closing agent in receipt of original handwritten & typed 1003's with correct loan amount & interest rate. Government Monitoring & Interviewer section to be completed.

2.  Insured Closing Protection Letter - if applicable to your state - (fax if possible)

3.  HUD to be a certified copy of the true original, must show all pay offs & fees paid to correct parties and all fees must match our loan documents.

4.  HUD to be a certified copy of the true original, must show all pay offs & fees paid to correct parties and all fees must match our loan documents.

5. **The day of disbursement (if loan package is not returned to lender during the rescission period) please fax a copy of the following fully executed items to:**
   **(866) 539-7026**
   A.  TRUTH IN LENDING
   B.  NOTICE OF RIGHT TO CANCEL - ONE FOR EACH BORROWER (IF APPLICABLE
   C.  OUTSTANDING CONDITIONS THAT MAY BE REQUIRED TO MEET OUR LOAN APPROVAL
   D.  CERTIFIED COPY OF FINAL HUD-1 EXECUTED BY ALL
   E.  FIRST PAGE AND SIGNATURE PAGE OF MORTGAGE AND ALL RIDERS
   F.  COMPLETE NOTE WITH ALL RIDERS

Upon receipt & approval of above items, we will provide you written authorization to release funds.

You may not release funds on this transaction until you are in receipt of written authorization from the lender.

_____        _____
Closing Officer                         Date of Transaction

_____        _____
Borrower                        Date    Borrower                    Date
**CHERYL HALL**

_____        _____
Borrower                        Date    Borrower                    Date

_____        _____
Borrower                        Date    Borrower                    Date

_____        _____
Borrower                        Date    Borrower                    Date

| MIN #  100176105031729174 | HALL | Loan #  0503172917 |
|---|---|---|
| ADDLRQFM.UFF | Page 1 of 1 | |

**Hall-Frazier**
**Record - 002886**

# LENDERS' INSTRUCTIONS

**INITIAL CLOSING INSTRUCTIONS**

DO NOT CLOSE THIS LOAN IF:

1. We have not received and approved Preliminary Commitment for Title Insurance.
2. You are past the expiration date of our legal papers.
3. We have not received and approved an Estimated Closing Statement.
4. You have not given signed copy of these instructions plus any amendments to the borrowers.
5. If there has been any change to the original sales contract which we have not approved in writing.
6. If we have not received and accepted/approved:
   a. Security instruments conformed and certified plus two copies.
   b. Note plus two certified copies.
   c. Any other items sent for execution and/or notary in the numbers sent. We will not accept witnessed acknowledgments on notarized items.
7. We have not received an acceptable hazard insurance binder.
8. All conditions of our loan commitment have not been met.
9. **SIGNATURES** Please insure that the Borrowers sign ALL loan documents **EXACTLY AS THEIR NAMES ARE TYPED ON THE DOCUMENTS, EVEN IF THIS IS NOT THEIR USUAL SIGNATURE.** Please pay special attention to middle initials and middle names, and Junior and Senior. You should review the signature on each document **CAREFULLY. IF THERE IS ANY QUESTION AS TO THE READABILITY OF THE SIGNATURE OF AN INDIVIDUAL, YOU SHOULD OBTAIN A NOTARIZED SIGNATURE AFFIDAVIT** and return it with the other documents.
10. **TAX CERTIFICATION** This form must be completed and signed by YOU and have the LEGAL DESCRIPTION ATTACHED OR ENTERED AT THE BOTTOM OF THE FORM. Please be sure that ALL information is complete and correct and that you show an amount of taxes next due, even an estimated amount.
11. **REVIEW** All documents **MUST** be in our office for review PRIOR to recording. We request that documents be received a **MINIMUM** of ONE DAY PRIOR TO THE DAY YOU WISH TO RECORD. Please include THREE (3) CERTIFIED COPIES EACH OF THE NOTE AND DEED OF TRUST and provide copies of all other executed documents for recording such as Warranty Deed, Excise Affidavit, Quit Claim Deed, Buyer or Seller Power of Attorney, etc. Please direct the title company to forward take-off copies of ALL pages of ALL recorded documents as soon as possible.
12. Sales price is other than $00.00

**TITLE POLICY REQUIREMENTS**

1. The title policy must insure the mortgage as a good and valid lien of the type shown on Page 1 in accordance with your Preliminary Commitment for Title Insurance. We must have the original and two copies of the policy.
2. THERE MUST BE NO OTHER LIENS AGAINST THE PROPERTY OTHER THAN THOSE SHOWN ON PAGE 1, unless approved by us in writing.
3. No past-due taxes or special assessments are to be shown as exceptions. The title policy must show current year's taxes "not yet due and payable," or current half paid.
4. In examining the title, if you find any violations of restrictions, easements, or encroachments, secure our approval prior to the closing.
5. Vestee name spelling(s) must be identical to mortgage/deed of trust.
6. Marital status must be shown.
7. We require two copies of conditions, covenants, and restrictions and of any recorded exceptions not covered by FHA/VA/FNMA/FHLMC General Waivers.
8. The mortgage transaction must include the proper execution and recording of all necessary instruments to assure the issuance of a Mortgagee Title Policy, without exceptions except as shown on Page 1.
9. This Policy must be in the loan amount or maximum principal balance to be reached if negative amortization is involved (not to exceed 125%) insuring **Home Funds Direct** and its successors and/or assigns, and subject only to the following:
   Restrictions and building lines of record provided that the policy contains
   an Endorsement covering any violation.
10. Any lien for financing subordinate to ours and approved by us must be listed on the title policy and the policy must expressly provide that such lien is subordinate to that of our mortgage lien.
11. Property address must be shown as a part of the policy or by endorsement in states where possible.
12. Plat or survey must show correct street name or road name in full; must show all reference points used in legal description.
13. Protection of insured must be provided in the case of any unlocated easements, rights of way, encroachments, etc.
14. Protection of improvements including landscaping, must be provided if water, oil, gas, or mineral reservations exist and allow the right of surface entry.
15. The following endorsements must be included in the Mortgagees policy: 100, 116, 8.1, 6.2 if ARM with no negative amortization, condominium or P.U.D., if applicable, and **EPA**
16. Have title company forward owners policy to borrowers at property or mailing address.
17. Have Mortgagees policy delivered to lender's address on page 4 of these instructions within three days of closing.
18. Title Policy to read as follows:
    Home Funds Direct
    Its Successors and/or assigns
19. Lender does not accept limited coverage title policies for loans more than $50,000.00
20. Lender requires that the final title policy insure the lien shown on page 1 of the Closing Instructions independent of any other lien closed concurrently. A final title policy insuring a combination of multiple liens is unacceptable.

**LENDERS' INSTRUCTIONS**

 -635 (0208).01

0503172917

Initials: _____

HALC00032

**Hall-Frazier**
**Record - 002887**

# LENDERS' INSTRUCTIONS

**BUYER COST**
**REQUIREMENTS**

1. DOWNPAYMENT IN CASH FROM BORROWER(S) <u>MUST</u> TOTAL AMOUNT SHOWN ON PAGE 1.
2. BORROWERS CANNOT PAY THE FOLLOWING:

**VA LOANS**
1. PHOTOS & INSPECTION FEE MORE THAN ALLOWED BY VA
2. MESSENGER SERVICE
3. RECORDING OF ANY DOCUMENTS OTHER THAN DEED/DEED OF TRUST AND ANY ATTACHMENTS THERETO
4. ESCROW FEES
5. MORE THAN 2 MONTHS INSURANCE INTO ESCROW ACCOUNT
6. TERMITE INSPECTION
7. TAX SERVICE FEE
8. SETTLEMENT OR CLOSING FEE

**FHA LOANS**
1. TAX SERVICE/REGISTRATION FEE
2. MESSENGER SERVICE UNLESS AUTHORIZED BY BORROWER IN WRITING
3. RECORDING OF ANY DOCUMENTS OTHER THAN DEED OF TRUST/DEED AND ANY ATTACHMENTS THERETO
4. MORE THAN 2 MONTHS INSURANCE INTO ESCROW ACCOUNT
5. INSPECTION FEES - NOT MORE THAN ALLOWED BY FHA
6. DOCUMENT PREPARATION

**DISBURSEMENT**

1. It shall be the responsibility of the Closing Agent to request proceeds from the lender at such time as the Closing Agent is prepared to comply with all the terms and conditions of the Purchase/Sale Agreement and /or our Escrow Instructions. **SUCH A REQUEST, BY THE CLOSING AGENT, FOR FUNDS SHALL BE DEEMED TO BE A CERTIFICATION (LENDER) THAT ALL TERMS AND CONDITIONS HAVE BEEN MET AND THAT THE DOCUMENTS WILL BE PROPERLY RECORDED NOT LATER THAN <u>THE NEXT BUSINESS DAY</u> AFTER THE DAY THE CLOSING AGENT HAS RECEIVED THE PROCEEDS CHECK.** In the event that the documents are not recorded within 24 hours, the Closing Agent will immediately return the funds to the sender in accordance with the sender's instructions.

**2. HUD SETTLEMENT DATE**

GOVERNMENT LOANS: The HUD-1 settlement date **MUST** be the <u>date on which the lender disburses proceeds to the Closing Agent</u> and **NOT** the date on which proceeds are disbursed to the seller. These two dates may be the same day.

CONVENTIONAL LOANS: The settlement date on the HUD-1 statement may reflect the date on which the closing Agent disburses the proceeds, which would usually be the day <u>after</u> the Agent received loan proceeds from the lender.

**ADDITIONAL**
**INSTRUCTIONS:**

1. Undertaking to close this loan and acceptance of the lender's funds for disbursement shall constitute an undertaking to close this loan and disburse such funds in accordance with these Closing Instructions, whether or not these instructions are executed or delivered by the Closing Agent.  Closing Agent will be responsible for any losses incurred by lender as a result of Closing Agent's failure to comply fully with these Closing Instructions.

2. Lender reserves the right to cancel or amend the loan or these instructions at any time prior to closing.

3. Closing Agent represents, warrants, and covenants that it is not an affiliate of or otherwise controlled by any party to this transaction.

4. From the time Closing Agent receives closing funds until the loan documents are sent to the lender, Closing Agent shall hold all loan documents for the benefit of the sender of the closing funds.

**E-MAIL:**

Handling of E-Mail and Closing Documents.  If Closing Agent is willing to receive Closing Documents via e-mail, Closing Agent's e-mail address is set forth below, and Closing Agent shall be responsible for ensuring that all Closing documents received via e-mail are properly printed and otherwise handled in accordance with the Closing Documents handling requirements set forth above.
Closing Agent's Email Address: klmc@shssincorporated.com

---

THE UNDERSIGNED BORROWER(S)
1. DIRECT THAT THE LOAN PROCEEDS BE PAYABLE TO THE ORDER OF THE SETTLEMENT AGENT.
2. ACKNOWLEDGE 1ST PAYMENT DATE OF <u>05/01/2005</u>
3. ACKNOWLEDGE THAT THE LENDER MAY CANCEL OR AMEND THESE INSTRUCTIONS WITHOUT MY/OUR APPROVAL.
4. ACKNOWLEDGE <u>ESTIMATED</u> MONTHLY PAYMENTS OF:

| | |
|---|---|
| PRINCIPAL & INTEREST $ | 383.89 |
| TAXES (BONDS) | 44.75 |
| INSURANCE | 89.00 |
| MTGE. INS. PREMIUM | |
| | |
| TOTAL $ | 517.64 |

_____
DATE          CHERYL HALL

_____
DATE

_____
DATE

_____
DATE

---

## PLEASE RETURN DOCS TO:

**Home Funds Direct**
**1130 Northchase Parkway**
**Suite 200**
**Marietta, GA 30067-6420**

**Ken Harper**
CLOSER/FUNDER NAME

**(866) 539-7025**
TELEPHONE NUMBER

THE UNDERSIGNED AGREES TO CLOSE THIS LOAN IN ACCORDANCE WITH ALL OF THE INSTRUCTIONS AND CONDITIONS CONTAINED IN THE CLOSING INSTRUCTIONS.

**SWAFFORD & HAYES SETTLEMENT SERVICES**
SETTLEMENT AGENT

BY: _____
SIGNATURE

**SWAFFORD & HAYES SETTLEMENT SERVICES**
TYPED NAME

**(865) 934-0466**
TELEPHONE NUMBER

_____
DATE

**LENDERS' INSTRUCTIONS**
Closing Instructions

---



100176105031729174
**-635** (0208).01

HALL
Page 4 of 4

HALC00033

**Hall-Frazier**
**Record - 002888**

# SIGNATURE / NAME AFFIDAVIT

DATE:        03/25/2005

LOAN #:      0503172917

BORROWER:  HALL, CHERYL

THIS IS TO CERTIFY THAT MY LEGAL SIGNATURE IS AS WRITTEN AND TYPED BELOW.
(This signature must exactly match signatures on the Note and Mortgage or Deed of Trust.)

CHERYL HALL
(Print or Type Name)                                    Signature

If applicable, complete the following:
**I AM ALSO KNOWN AS:**

CHERYL R. HALL
(Print or Type Name)                                    Signature

CHERYL H. FRAZIER
(Print or Type Name)                                    Signature


(Print or Type Name)                                    Signature


(Print or Type Name)                                    Signature

I FURTHER CERTIFY THAT ALL THE ABOVE LISTED NAMES ARE ONE AND THE SAME PERSON.

State of _____

County of _____

Subscribed and sworn (affirmed) before me
this _____ day of _____

Notary Public Name (printed)

Notary Public in and for

the State of _____

County of _____

My Commission Expires: _____

MIN # 100176105031729174                HALL                    Loan # 0503172917
610007.UFF                              Page 1 of 1                    rev. 11/04

HALC00034

**Hall-Frazier**
**Record - 002889**

# PRIVACY POLICY

| Borrower Name(s):<br>**CHERYL HALL** | Lender:<br><br>**Home Funds Direct**<br>**15090 Avenue of Science**<br>**San Diego, CA 92128** |
|---|---|
| Property Address:<br>**105 TV ROAD**<br>**DOTHAN, AL 36301** | Date:<br>**March 25, 2005** |

The trust of our customers is very important to **Home Funds Direct** . Keeping non public personal information about our customers in a secure environment and using that information only in accordance with this Privacy Policy is our top priority.

This Privacy Policy includes examples of the types on non public personal information **Home Funds Direct** collects. The provisions of this Policy apply to all our customers and consumers.

**Home Funds Direct** collects non public personal information about you from the following sources:

* Information we receive from you on applications or other forms;
* Information about your transactions with us or others; and
* Information we receive from a consumer reporting agency.

We do not disclose any nonpublic personal information about you to anyone, except as permitted by law. If you decide to pay off your loans (s), we will adhere to the privacy policies and practices as described in this notice.

**Home Funds Direct** restricts access to your personal and account information to those employees who need to know that information to provide products or services to you. **Home Funds Direct** maintains electronic and procedural safeguards that comply with federal regulations to guard your nonpublic information.

We may disclose all of the information we collect, as described above, to companies that perform marketing services on our behalf or to other financial institutions with whom we have joint marketing agreements.

**Home Funds Direct** sells its mortgage loans into securitizations from time to time and, as permitted by law, disclosure of nonpublic information could result from such activity.

**Home Funds Direct** does not disclose nonpublic information about former customers or customers with inactive accounts, except in accordance with this privacy policy.

_____ Date   Borrower _____ Date
Borrower
**CHERYL HALL**

_____ Date   Borrower _____ Date
Borrower

_____ Date   Borrower _____ Date
Borrower

_____ Date   Borrower _____ Date
Borrower

MIN # 100176105031729174    HALL    Loan # 0503172917
PRVYPLCY.UFF    Page 1 of 1    Rev. 6/1/03

HALC00035

**Hall-Frazier**
**Record - 002890**

# LENDERS' INSTRUCTIONS

**CLOSING PACKAGE REQUIREMENTS**

1. HUD 1 & Addendum showing both buyer and seller sides and including addresses of all parties to the escrow - 3 certified copies.
2. Policy of title insurance - see Requirements.
3. Policy(s) of hazard insurance.
4. Copy of Conveyance Instrument(s) and Excise Affidavits.
5. Copy of your Closing Order to title company.
6. Copy of your Escrow Instructions - signed.

**HUD-1 REQUIREMENTS**

Comply with all provisions of RESPA, as amended, in preparing this form.
Must be typed.

**DOCUMENT REQUIREMENTS**

1. Be certain that all papers which were not dated when received are dated by the person(s) who are to sign them.
2. Be certain that if we send one or more copies of a document, that EACH is returned with original signature(s).
3. INTERIM INTEREST - It is REQUIRED that the HUD-1 be amended (if necessary) to show the correct date and amount, and it is also REQUIRED that all totals on the HUD-1 be amended to reflect the correct amount. DO NOT SIMPLY CROSS OUT THE AMOUNT AND WRITE A NEW ONE ABOVE IT!
4. DO NOT SHOW ANY CREDITS FROM SELLER TO BUYER WITHOUT CONSULTING OUR OFFICE.
5. Make NO changes on the papers without our permission. Call for instructions.
6. If we give permission to make changes on the papers, all changes MUST be initialed by ALL SIGNATORIES to the documents.
7. Do not use Power of Attorney unless prior approved by us.
8. If we allow the use of a Power of Attorney, the person using that authority must sign as, for example, "Jane Doe by John Doe, her attorney-in-fact."
9. If notice of Right to Rescind is enclosed, have it signed and dated, concurrently with the Note, by all borrowers.
10. We assume no liability as to the identity of any person executing or acknowledging any instruments or documents delivered to you in connection with this transaction.
11. ALL DOCUMENTS MUST BE SIGNED EXACTLY AS TYPED NAMES APPEAR.

**HAZARD INSURANCE**

A Hazard Insurance binder must be furnished at the time of closing in an amount not less than the loan amount, or replacement cost of the structure, whichever is less. (Combined Loan Amount)

1. The policy must meet the following requirements:
   a. Original policy or facsimile signed by an authorized agent.
   b. Minimum one year term with coverage equal at least to full replacement cost of the improvements, or loan amount, whichever is less. (Minimum remaining term of 6 months for Purchase or Refinance is acceptable.)
   c. Full, correct borrower(s) names.
   d. Full, correct property address.
   e. Premium amount must be indicated on the policy.
   f. Agent name and address.
   g. Our loan number MUST be indicated on the policy.
   h. Paid receipt for first year premium attached or shown on HUD-1 as paid in closing.
   i. Earthquake Insurance (if required) use same, identifying criteria as for Flood Insurance.
   j. Insurer must have rating in Best's Insurance Guide of at least Class VI.
   k. FLOOD INSURANCE (if required): Standard policy issued by member of National Flood Insurers Association for not less than our loan amount or the maximum amount available under National Flood Insurance program, whichever is less. The name(s) of the buyer(s), legal description, street address, city, state, county and zip code of security property on these policies must be identical to those of the loan instruments.
   l. On condominiums, we must have an individual endorsement meeting the criteria above.
   m. Loss Payable Clause to: Home Funds Direct
      A Division of Accredited Home Lenders, Inc.
      A California Corporation,
      It's successors and/or assigns
      P.O. Box 10436
      Van Nuys, CA 91410-0436

**CLOSER REQUIREMENTS**

**For all Dry-Funding States and Refinances in Wet-Funding States:**
ALL DOCUMENTS MUST BE IN OUR OFFICE <u>TWO (2) BUSINESS DAYS</u> PRIOR TO DISBURSEMENT OF LOAN FUNDS
LENDER REQUIRES CONFIRMATION OF DISBURSEMENT OF FUNDS WITHIN <u>48 HOURS</u> OF FUNDING.
DO NOT MAKE ANY CHANGES TO LOAN DOCUMENTS WITHOUT PRIOR LENDER AUTHORIZATION.
ALL FEES SHOWN ON THE HUD - 1   MUST MATCH EXACTLY THE FEES LISTED IN OUR CLOSING INSTRUCTIONS i. e. : <u>FEE ITEMS</u> - HUD DESCRIPTION AND DOLLAR AMOUNTS.
ALL PAYOFF CHECKS MUST BE SENT DIRECTLY TO THE CREDITOR.  DO NOT GIVE ANY CHECKS TO THE BORROWER.

**LENDERS' INSTRUCTIONS**


HALC00036

Hall-Frazier
Record - 002891

Return To:
Home Funds Direct
Attn: Post Closing Dept.
16550 West Bernardo Dr. Bldg 1
San Diego, CA 92127-1870

————————————————[Space Above This Line For Recording Data]————————————————

# MORTGAGE

MIN 100176105031729174

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated March 25, 2005                    , together with all Riders to this document.
**(B) "Borrower"** is CHERYL HALL

Borrower is the mortgagor under this Security Instrument.
**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

                    100176105031729                              0503172917

**ALABAMA**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**          Form 3001 1/01

VMP® -6A(AL) (0005).03
Page 1 of 15                    Initials:_____
      VMP MORTGAGE FORMS - (800)521-7291

HALC00037

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
CHERYL HALL                     -Borrower                                         -Borrower


_____ (Seal)          _____ (Seal)
                                -Borrower                                         -Borrower


_____ (Seal)          _____ (Seal)
                                -Borrower                                         -Borrower


_____ (Seal)          _____ (Seal)
                                -Borrower                                         -Borrower

*[Sign Original Only]*

MIN# 100176105031729174                          0503172917

-5N (0207).01                Page 3 of 3              Form 3200 1/01

HALC00038

Hall-Frazier
Record - 002893

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **10**                     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be         **5.000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees. Reasonable attorneys' fees shall not exceed 15% of the unpaid debt after default and referral of this Note to an attorney who is not a salaried employee of the Note Holder.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

MIN# 100176105031729174                                    0503172917

                                                           Form 3200 1/01

HALC00039

# NOTE

March 25, 2005                          DOTHAN                                    AL
    [Date]                              [City]                                  [State]

105 TV ROAD
DOTHAN, AL 36301
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 56,000.00            (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is **Home Funds Direct**

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of            7.299 %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B)
of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the **1st**            day of each month beginning on **May 1, 2005**            . I will
make these payments every month until I have paid all of the principal and interest and any other charges described below that I
may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest
before Principal. If, on **April 1, 2035**            , I still owe amounts under this Note, I will pay those amounts in full on
that date, which is called the "Maturity Date."
I will make my monthly payments at            **P.O. Box 502480 San Diego, CA  92150-2480**
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 383.89            .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a
"Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my
Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the
Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my
monthly payment unless the Note Holder agrees in writing to those changes.

MIN# 100176105031729174                                                  0503172917
MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

-5N (0207).01        Form 3200 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3                    Initials: _____

HALC00040

**Hall-Frazier**
**Record - 002895**

# CLOSING AGENT RIDER NOTICE

## ATTENTION CLOSING AGENT:

## PLEASE

## DO NOT SEPARATE ANY RIDERS

## THAT ARE ATTACHED TO THIS NOTE

## THANK YOU.

MIN # 100176105031729174        HALL        Loan # 0503172917
AHL 610086.UFF        Page 1 of 1

HALC00041

**Hall-Frazier**
**Record - 002896**

# ADDENDUM TO LENDERS INSTRUCTIONS

BORROWER'S **CHERYL HALL**

LOAN #   **0503172917**                                   ESCROW #  **05-2813**

**ATTENTION CLOSING AGENTS: BY DISBURSING THIS LOAN YOU ARE GUARANTEEING DELIVERY OF THE FINAL HUD-1 WITHIN 24 HOURS OF CLOSING TO Home Funds Direct. PLEASE REMEMBER TO INCLUDE THE ACTUAL "DISBURSEMENT DATE" ON THE HUD-1 AND FAX TO THE ASSIGNED FUNDER INDICATED ON THE LENDER'S INSTRUCTIONS.**

## ** WE MUST HAVE THESE ITEMS IN AND APPROVED BEFORE FUNDING **

1.  __X___  **Home Funds Direct**
    IN **1st**       LIEN POSITION AT TIME OF FUNDS.

2.  __X___  INSURED CLOSING PROTECTION LETTER FROM TITLE AGENT OR COPY OF ERRORS AND OMISSION POLICY FROM CLOSING AGENT.

3.  _____  COPY OF SURVEY OF PROPERTY OR NON-IMPROVEMENT AFFIDAVIT.

4.  __X___  CERTIFIED COPY OF ESTIMATED AND/OR FINAL HUD-1.

5.  _____  CERTIFIED COPY OF ESCROW INSTRUCTIONS WITH CORRECT RATE, TERMS & LENDER SIGNED BY ALL PARTIES.

6.  __X___  COPY OF ALL BORROWER(S) PHOTO ID.

7.  __X___  COMPLETED CORRECT TYPED 1003 SIGNED BY BORROWER(S) AND INTERVIEWER.

8.  __X___  HAZARD INSURANCE POLICY & FLOOD INSURANCE POLICY (IF REQUIRED) WITH MINIMUM 6 MONTHS REMAINING & CONVERAGE OF THE LESSER OF:
    A.  THE COMBINED LOAN AMOUNT(S) OR   **$56,000.00**        OR
    B.  GAURANTEED REPLACEMENT COST OR   **$0.00**        OR
    C.  TOTAL ESTIMATED NEW COST ON APPRAISAL.
    **MORTGAGE / LOSS PAYEE CLAUSE:**
    **Home Funds Direct**
    **A Division of Accredited Home Lenders, Inc.**
    **A California Corporation,**
    **It's successors and/or assigns**
    **P.O. Box 10436**
    **Van Nuys, CA 91410-0436**

9.  __X___  TITLE POLICY TO READ AS FOLLOWS:
    **Home Funds Direct**
    **IT'S SUCCESSORS AND/OR ASSIGNS**

10. _____  BORROWER IS IN A SECTION 32 - MUST SIGN SECTION 32 NOTICE AND GO THROUGH 2 DAY RESCISSION PRIOR TO SIGNING FINAL LOAN DOCUMENTS.

11. _____  BORROWER TO PROVIDE ORIGINAL SECTION 32 NOTICE SIGNED AND DATED PRIOR TO SIGNING FINAL LOAN DOCUMENTS.

12. __X___  ALL LOAN DOCUMENTS MUST BE EXECUTED AT ESCROW OR CLOSING AGENT OFFICE.

13. __X___  LENDER DOES NOT ACCEPT LIMITED COVERAGE TITLE POLICIES FOR LOANS GREATER THAN $50,000.00.

14. __X___  COPY OF WIRE INSTRUCTIONS TO BE SUBMITTED WITHIN 24 HOURS OF FUNDING.
    FAX NUMBER**(866) 539-7026**

15. _____  LENDER TO COLLECT AND PAY LIFE INSURANCE PREMIUM AT CLOSE OF ESCROW.

16. __X___  POWER OF ATTORNEY IS PROHIBITED WITHOUT PRIOR AUTHORIZATION FROM LENDER.

17. __X___  PROVIDE THREE CERTIFIED COPIES OF THE MORTGAGE/DEED OF TRUST WITH ALL RIDERS & THE NOTE WITH ALL RIDERS.

HALC00042

Hall-Frazier
Record - 002897

Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts

HALC00043

Hall-Frazier
Record - 002898

File No: 05-2813

# AFFIDAVIT AS TO LIENS AND ENCUMBRANCES

On this, before me personally appeared Cheryl Hall, Owner of property and/or General Contractor, to me personally known, who, being duly sworn on (his/their) oath(s), did say that all of the persons, firms and corporations, including the general contractor and all subcontractors who have furnished services, labor or materials according to the plans and specifications, or extra items, used in the constructions or repair of buildings and improvements on the real estate hereinafter described, have been paid in full and that such work has been fully completed and accepted by the owner.

Affiant further says that no proceedings in bankruptcy or receivership have been instituted by or against him/them.

Affiant further says that no claims have been made to affiant by, nor is any suit now pending on behalf of any contractor, subcontractor , laborer or materialism, and further that not chattel mortgages, conditional bills of sale, retention of title agreements, security agreements, financing statements, or personal property leases have been given or are outstanding as to any fixtures, appliances, or equipment which are now installed in or upon said real property, or in the improvements thereon.

Affiant further says that there are no outstanding deeds of trusts, mortgages, judgement liens, mechanic's or materialmen's liens filed of record or unfilled claims or any other liens or encumbrances or any form of taxes, (including, property, real property, county, city, village, township or water/sewer) of any kind expect as follows:

Affiant on behalf of said Owner of Property and/or General Contractor does for a valuable consideration hereby agree and guarantee to hold None (by reason of the fact that it has issued its title insurance policies), harmless against any liens, claims or suit of or by any general contractor, subcontractor, mechanic or materialman,  and against chattel mortgages, conditional bills of sales, retention of title agreements, security agreements, financing statements, or personal property leases in connection with the construction, repair or sale of such building or improvements on said real estate.

The real estate and improvements referred to herein are situated in the County of Houston, State of AL, and are described as follows, to-wit:

105 TV Road, Dothan, AL  36301

_____
Date

Cheryl Hall
_____

STATE OF AL
COUNTY OF Houston

Sworn to and subscribed before me this .

_____
Notary Public

My Commission expires:

Loan No: 0503172917

Hall-Frazier
Record - 002899

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with