IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHERYL HALL FRAZIER,** | * | |
| Plaintiff, | * | |
| vs. | * | CIVIL NUMBER: 1:08-cv-11-MHT |
| **ACCREDITED HOME LENDERS, INC., d/b/a HOME FUNDS DIRECT,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Comes now the Plaintiff, by and through her undersigned attorneys, and files this Opposition to the Defendant's Motion To Strike. Defendant's Motion seeks to strike from the jointly filed record certain materials included by the Plaintiff. As grounds for its Motion, the Defendant maintains that certain materials should be excluded based upon a hearsay objection and an objection that the materials had not been previously provided in discovery. Neither ground is sufficient to warrant the exclusion of the documents, and the Defendant's Motion should be denied.

**I.     CIRCUMSTANCES SURROUNDING THE FILING OF THE RECORD**

In paragraphs 1 through 7 of its Motion to Strike, the Defendant sets forth a limited chronology regarding the compilation of the joint record. It is unclear whether the Defendant is arguing that the circumstances surrounding the compilation of the record are grounds for the Motion to Strike or simply why the Defendant believes it retains the right to move to strike certain exhibits.

In any event, the chronology set forth by the Defendant is misleading and does not justify striking any of the exhibits in the record.

Counsel for the Plaintiff attempted unsuccessfully to confer with counsel for the Defendant several times by telephone in the days leading up to the deadline for the filing of the joint record. On the day the record was due, counsel for the Defendant asked for a listing of the documents which the Plaintiff intended to include in the record, and that list was provided. All of the documents included in the record were included in the list provided to counsel for the Defendant.

Throughout the litigation, the existence of loan documents and other case materials, including the designated loan files, was discussed with counsel. Contrary to the assertion of counsel for the Defendant, at least some of the material had been previously been provided to them. For example, when it was requested, the deposition of Greg Swafford taken in the *Saucida* case was provided to counsel for the Defendant on July 11, 2008. (See Exhibit A.)

In any event, nothing relating to the compilation of the record would justify striking any materials which are otherwise relevant to the issue of class certification presently pending before the Court.

## II.     DEPOSITIONS TO WHICH ACCREDITED WAS NOT A PARTY

Accredited moves to strike the depositions of William Long and Greg Swafford taken in the case of *Saucida v. Swafford & Hays Settlement Services, Inc.* on the grounds that they are hearsay and do not meet the prior testimony requirements set forth in Fed. R. Evid. 804(b)(1). Accredited is correct that it was not a party to the *Saucida* case and that the depositions are not admissible at trial. However, presently pending before the Court is a motion for class certification. For the

purposes of that certification motion, the materials are properly part of the record. At the class certification stage, the Court may consider "testimony" by affidavit or otherwise dealing with the issues of certification. In other words, the materials need not be admissible at trial in order to be considered for purposes of class certification.

It is clear that the Court may consider affidavits in conducting a Rule 23 analysis. *See Drayton v. Western Auto Supply Co.*, 202 WL 32508918 (11th Cir. 2002) (district court properly reviewed affidavits in connection with a class certification motion); *Love v. Turlington*, 733 F.2d 1562, 1564 (11th Cir. 1984) (court properly reviewed affidavits in connection with class certification motion.); McLaughlin v. American Tobacco Co., 522 F.3d 215, 229 (2nd Cir. 2008), *quoting In re Initial Public Offerings Securities Litigation*, 471 F.3d 24 (2nd Cir. 2006). The sworn testimony of witnesses in a prior deposition is no different than sworn affidavits. Thus, the submission to the Court of the sworn testimony of Mr. Long and Mr. Swafford taken in *Saucida* should not be excluded as hearsay any more than affidavits considered by the Court in connection with class certification.

In any event, the Court may consider hearsay evidence in deciding a Rule 23 motion. As Judge Steele recently held:

> First, plaintiffs correctly assert that the Federal Rules of Evidence are not stringently applied at the class certification stage because of the preliminary nature of such proceedings. Courts confronted with Rule 23 issues may consider evidence that may not ultimately be admissible at trial. See, e.g., In re Hartford Sales Practices Litigation, 192 F.R.D. 592, 597 (D. Minn. 1999) ("On a motion for class certification, the evidentiary rules are not strictly applied and courts will consider evidence that may not be admissible at trial."); Rockey v. Courtesy Motors, Inc., 199 F.R.D. 578, 582 (W.D. Mich. 2001) (same); Thompson v. Board of Ed. of Romeo Community Schools, 71 F.R.D. 398, 402 n. 2 (W.D.Mich.1976) (explaining that rules of

> evidence "need not be viewed as binding during a hearing on such preliminary matters as class certification"); see generally Mehl v. Canadian Pacific Railway Ltd., 227 F.R.D. 505, 508-09 (D. N.D. 2005) (ruling on class certification motion without evidentiary hearing and noting that expert opinions offered by both sides should receive appropriate weight in class certification analysis).

*Fisher v. Ciba Specialty Chemicals Corp.*, 238 F.R.D. 273, 279 (S.D. Ala. 2006) (footnote omitted); *see also Thompson v. Board of Education*, 71 F.R.D. 398, 401-02 n. 2 (W.D. Mich. 1976) (rules of evidence not binding on certification, especially where evidence not challenged as inaccurate); *Bacon v. Honda of Am.*, 205 F.R.D. 466, 470 (S.D. Ohio 2001), *aff'd* 370 F.3d 565 (6th Cir. 2004) (denying motion to exclude); *Carrier v. Am. Bankers Life Assur. Co.*, 2008 WL 312657 (D. N.H. 2008) (outside securities litigation, courts have not required admissible evidence at certification); *Bell v. Addus Healthcare, Inc.*, 2007 WL 301250 (W.D. Wash. 2007) (same).

Because the Rules of Evidence do not apply to courts' analyses under Rule 23, the challenged documents should not be excluded from the record on hearsay grounds.

### III.  THE TESTIMONY OF WILLIAM LONG AND WILLIAM PETRUCELLI ARE RELEVANT TO THESE PROCEEDINGS

Defendant Accredited moves to strike the depositions of William Long and William Petrucelli on the grounds that they are irrelevant without any further explanation. The depositions of Mr. Long and Mr. Petrucelli aid this Court in making a determination regarding typicality, commonality, and numerosity, as well as making a determination that the allegations made by the Plaintiff are provable on a class-wide basis.

Long was the corporate representative of Homeowner's Loan Corp., a lender which operated in a similar way to Accredited. Homeowner's Loan, like Accredited, routinely used Swafford &

Hays to close its loans. Long testified regarding his discovery of Swafford & Hays' illegal padding of fees and the nature and extent of the conduct. His deposition testimony helps show how the wrongful conduct relates to a lender, and how the conduct is provable on a class basis.

Defendant Accredited makes the unsupported statement that the class to be certified in this matter should be limited to loans closed by Swafford & Hays. The testimony of William Petrucelli shows that at least some of the wrongful conduct committed by Swafford & Hays was also committed by another settlement service provider. Mr. Petrucelli was the corporate representative of Lender's First Choice, a settlement company similar to Swafford & Hays. Lender's First Choice closed many loans for Accredited. Mr. Petrucelli's testimony confirms that Lender's First Choice engaged in conduct similar to Swafford & Hays in inflating certain settlement charges. His testimony is important to show that the scope of the class should not be limited to a single settlement service provider.

Thus, the depositions are important to identify the scope of the wrongful conduct involved in this matter, and they are also important to show that such conduct can be proven on a class-wide basis. In any event, the Court should consider the relevancy of these depositions at the time it considers the merits of certification and not in a vacuum in connection with Accredited's Motion To Strike.

### IV.    ACCREDITED'S PRIOR DISCOVERY REQUEST DOES NOT JUSTIFY EXCLUDING ANY EVIDENCE

Finally, Accredited moves to strike from the record a sample of the loan files of borrowers closed by Swafford & Hays which identify and specifically prove the wrongful conduct alleged by

the Plaintiff in this case. The sole ground to strike those files is that in discovery filed by Accredited early in the proceedings, Accredited requested from the Plaintiff documents "obtained by you from a third party which relate to the loan at issue, Accredited Home or your allegations in this case." The circumstances surrounding the filing of that requested discovery and the Plaintiff's response do not justify striking those matters from the record.

The above-referenced request for production was received by the Plaintiff on February 22, 2008. At that time, the Plaintiff was represented only by Earl Underwood, and there were no class allegations in the Complaint. Thus, the Plaintiff responded by providing all of the documents in her possession which related to the loan at issue. Thus, at the time Mr. Underwood filed the response to the request for production, his response was accurate and was made in good faith.

While Mr. Underwood has the ability to access the materials, the loan files included in the joint record were in the physical possession of the law firm of Cunningham Bounds and had been assembled and analyzed in connection with other litigation. The law firm of Cunningham Bounds, and other co-counsel, did not appear in this action until April 2008, when Plaintiff amended her Complaint to assert class allegations. [See Docs. 12 and 15.] After co-counsel joined in the representation of the Plaintiff, the existence of the loan files and other materials were discussed with counsel for the Defendant, but it was not recognized that any such files had been requested in discovery.

The primary document included in the record and referenced in Plaintiff's motion and brief in support of class certification is a summary of the subject loan files. That summary document did not exist at the time the response to the request for production was made and was created for the

specific purpose of including it in the joint record. The files which are reflected on the summary were included so counsel for the Defendant could verify the summary's accuracy.

In any event, the Defendant has failed to show any prejudice by any delay in producing the subject loan files. The documents confirm the testimony of Greg Swafford in the deposition taken in this matter regarding Swafford & Hays' business practices of inflating certain fees. The summary of the documents is included to demonstrate to the Court numerosity, commonality, and typicality as they relate to the Plaintiff's claims. Furthermore, the summary of the documents will aid this Court in making a determination as to whether the merits of the Plaintiff's claim can be proven on a class-wide basis. Defendant Accredited has not suggested it has been hampered in its defense of the motion for class certification because of any late disclosure of the loan files and related documents.

For all of the reasons set forth above, none of the documents included in the joint record should be stricken, and Defendant's motion is due to be denied.

_____
STEVEN L. NICHOLAS (NICHS2021)
CUNNINGHAM BOUNDS, LLC
Post Office Box 66705
Mobile, Alabama 36660
251-471-6191

EARL P. UNDERWOOD, JR. (UNDEE9591)
Post Office Box 969
Fairhope, Alabama 36533
251-990-5558

KENNETH J. RIEMER (RIEMK8712)
Post Office Box 1206
Mobile, Alabama 36633
251-432-9212

GEORGE R. IRVINE, III (IRVIG4725)
STONE, GRANADE & CROSBY, P.C.
7133 Stone Drive
Daphne, Alabama 36526
251-626-6696
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I do hereby certify that on the /5 day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record.

Robert E. Poundstone, IV
Bradley Arant Rose & White, LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

James D. Minor, Jr.
J. William Manuel
Kathleen R. Shields
Bradley Arant Rose & White, LLP
One Jackson Place, Suite 450
188 East Capitol Street
Post Office Box 1789
Jackson, Mississippi 39215-1789

                                      STEVEN L. NICHOLAS

Subject:       FW:
Attachments: swaffordgreg051906.txt

**From:** George Irvine
**Sent:** Friday, July 11, 2008 9:26 AM
**To:** 'Minor, Jr., J. Doug'
**Subject:** FW:

Here you go. What time is good for a call? How about my list electronically?

George R. Irvine III
Stone, Granade & Crosby, P.C.
7133 Stone Drive
Daphne, Alabama 36526
Telephone: 251-626-6696
Facsimile: 251-626-2617
Email: gri@sgclaw.com
www.sgclaw.com

NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it and notify the sender by reply e-mail, so that our address record can be corrected.

# EXHIBIT A